# EXHIBIT A

1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
4  W. ALLAN EDMISTON (SBN 228246)
   aedmiston@loeb.com
5  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
6  Los Angeles, California 90067-4120
   Telephone: 310-282-2000
7  Facsimile: 310-282-2200

8  Attorneys for Plaintiff
   POM WONDERFUL LLC
9

10                UNITED STATES DISTRICT COURT
11
                  CENTRAL DISTRICT OF CALIFORNIA
12

13

14  POM WONDERFUL LLC, a Delaware )   Case No. 2-08-CV-06237 SJO (JTLx)
    limited liability company,    )
15                                )   Assigned to Hon. S. James Otero
                  Plaintiff,      )
16                                )   **OBJECTIONS TO NOTICE OF
         v.                       )   RELATED CASES FILED BY
17                                )   DEFENDANT THE COCA-COLA
    THE COCA-COLA COMPANY, a      )   COMPANY**
18  Delaware corporation; and DOES 1-10, )
    inclusive,                    )
19                                )   Complaint Filed: September 22, 2008
                  Defendants.     )
20                                )

21

22

23

24

25

26

27

28

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1841172.3
202841-10091

2

OBJECTIONS TO NOTICE
OF RELATED CASES
Case No. 2:08-CV-06237 SJO (JTLx)

Plaintiff POM Wonderful LLC ("POM Wonderful"), by and through its undersigned counsel, hereby objects to the Notice of Related Cases filed by defendant The Coca-Cola Company ("Defendant").

Notably, the Notice of Related Cases fails to address, cite, or describe the applicable standards under the Central District Local Rules for determining whether or not cases should be related. L.R. 83-1.3 establishes specific criteria for evaluating the relatedness of separately filed actions. Under L.R. 83-1.3, cases may be deemed related where they:

(a) "arise from the *same or closely related* transaction, happening, or event"; or

(b) "call for determination of the *same or substantially related or similar* questions of law *and* fact;" or

(c) "*for other reasons*[,]" will "entail substantial duplication of labor if heard by different judges;" or

(d) "involve the same patent, trademark or copyright, and one of the factors identified . . . in a, b, or c is present."

L.R. 83-1.3 (emphasis added).

In the Notice of Related Cases, Defendant asserts that the above-captioned matter is "nearly identical" to three separate, later-filed matters now pending before the Court – *POM Wonderful LLC v. Ocean Spray Cranberries, Inc.*, Case No. CV 09-0565 DDP, *POM Wonderful LLC v. Tropicana Products, Inc.*, Case No. 09-0566 DSF, and *POM Wonderful LLC v. Welch Foods, Inc.*, Case No. CV 09-0567 AHM (the "Later-Filed Actions") – and contends that these matters must be related to the instant matter for all purposes. Defendant is wrong and, in fact, none of the Court's four criteria are applicable here.

*First*, this action involves transactions, happenings, and events which are clearly different from, and unrelated to, those involved in each of the Later-Filed

Actions. In this case, POM Wonderful has alleged that Defendant is misleading consumers and damaging competitors by naming, labeling, packaging, marketing and advertising the *specific juice product at issue* (the Pomegranate Blueberry Juice Product) as "Pomegranate Blueberry" juice, despite that fact that it contains very little pomegranate juice or blueberry juice. Based on this conduct, POM Wonderful will establish its entitlement to damages, including Defendant's profits.

Although the Later-Filed Actions rely on the same legal theory as this case, there are important distinctions that plainly establish that the cases are not "related," as that concept is outlined in L.R. 83-1.3. In particular, the Later-Filed Actions: (1) involve different parties unrelated in any way to Defendant; (2) involve distinct products containing different ingredients in differing amounts; (3) different product names; (4) different product labels; (5) different product packaging; (6) different marketing strategies; (7) different advertising activities in different media; and (8) different damages calculations arising out of the parties' respective market share and profits.

*Second*, in light of these manifold differences, there is no meaningful overlap between the facts at issue in this case, and the facts at issue in the Later-Filed Actions. Because a related case transfer pursuant to L.R. 83-1.3.1(b) may only be justified in cases requiring the determination of overlapping issues of ***both*** fact ***and*** law, absent the former, the existence of any intersecting legal issues is inconsequential.

In the Notice of Related Cases, Defendant insists that "each of the four Central District Court judges to which these cases have been assigned will need to rule upon the sufficiency of each Complaint after analyzing the same legal defenses that have already been fully briefed in connection with [Defendant's] pending motion to dismiss in this action." (pp. 1:26-2:1.) As a preliminary matter, Defendant presumes too much. No appearances have been entered in the Later-

1 Filed Actions, and no defenses have been asserted by any of the defendants. In any
2 event, even if there might be a legal issue common to this case and the Later-Filed
3 Actions, as above, that sole commonality is insufficient to warrant a related case
4 transfer of cases which are otherwise totally different in both relevant fact and law.
5     *Third*, there are no "*other reasons*" why the separate adjudication of this
6 action and the Later-Filed Actions will "entail [a] substantial duplication of labor if
7 heard by different judges," and, importantly, Defendant has cited none.
8     For each of these reasons, POM Wonderful respectfully requests that the
9 Court enter an Order finding that none of the Later-Filed Actions qualify for a
10 related case transfer to this Court.

Dated: February 6, 2009

        LOEB & LOEB LLP
        ANDREW S. CLARE
        MARK D. CAMPBELL
        DAVID GROSSMAN
        W. ALLAN EDMISTON

By:/s/ Mark D. Campbell
    MARK D. CAMPBELL
    Attorneys for Plaintiff
    POM WONDERFUL LLC