ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, California 90067-4120
Telephone:    310-282-2000
Facsimile:    310-282-2200

CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
GARY S. SEDLIK (SBN 181192)
gsedlik@roll.com
ROLL INTERNATIONAL
CORPORATION – LEGAL DEPT.
11444 West Olympic Blvd., 10ᵗʰ Floor
Los Angeles, California 90064-1557
Telephone:    310-966-5700
Facsimile:    310-966-5758

Attorneys for Plaintiff
POM WONDERFUL LLC

SCOTT J. FERRELL (SBN 202901)
sferrell@calljensen.com
WARD J. LOTT (SBN 211307)
wlott@calljensen.com
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone:      (949) 717-3000
Facsimile:      (949) 717-3100

LEWIS ROSE, Pro Hac Vice
lrose@kelleydrye.com
SARAH ROLLER, Pro Hac Vice
sroller@kelleydrye.com
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone:      (202) 342-8582
Facsimile:      (202) 342-8451

AUGUST T. HORVATH, Pro Hac Vice
ahorvath@kelleydrye.com
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178-0002
Telephone:      (212) 808-7528
Facsimile:      (212) 808-7897

Attorneys for Defendant
OCEAN SPRAY CRANBERRIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>OCEAN SPRAY CRANBERRIES, INC., et al,<br><br>　　　　Defendants.<br><br>─────────────────────<br><br>AND RELATED<br>COUNTERCLAIMS | Case No.  CV-09-00565 DDP (RZx)<br><br>**RULE 26(f) REPORT**<br><br>Assigned to Hon. Dean Pregerson<br><br>Scheduling Conference:<br>Date:   November 2, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 3<br>　　　　312 N. Spring Street<br><br>Complaint Filed:   January 23, 2009<br>Trial Date:    Not Set |

{033940.1}

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference, and following the parties' early meeting of counsel, Plaintiff POM Wonderful LLC ("Pom Wonderful" or "Plaintiff") and Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray" or "Defendant") hereby submit the following Joint Rule 26(f) Report.

## JOINT RULE 26(f) REPORT

a.      **Short Synopsis of Claims**:

**Pom Wonderful's Statement of its Claims**:  Pom Wonderful filed this action against Ocean Spray on January 23, 2009, alleging federal claims under the Lanham Act, as well as claims for Unfair Competition and False Advertising under California Business & Professions Code Sections 17200 and 17500 et seq.  In sum, Pom Wonderful alleges that Ocean Spray has engaged in false advertising on its label, website and other forms of advertising in connection with its Cranberry & Pomegranate juice product (the "Cranberry Pomegranate Product"), deceiving consumers into falsely believing that the product's primary ingredients are pomegranate and cranberry juices, when in fact its primary ingredients are grape and apple juices.

**Ocean Spray's Statement of its Affirmative Defenses**:  Ocean Spray asserts the following affirmative defenses:   (1) failure to state a claim; (2) failure of pleading; (3) laches, waiver, and estoppel; (4) unclean hands; (5) uncertain or speculative damages; (6) adequate remedy at law as a bar to injunctive relief; (7) no right to restitution; (8) federal preemption of Pom Wonderful's state law claims; (9) compliance with laws, including the federal Food, Drug, and Cosmetic Act; (10) the safe harbor doctrine; (11) primary and/or exclusive regulatory agency jurisdiction; and (12) the applicable statute of limitations and/or laches.

**Ocean Spray's Statement of its Counterclaims:**  Ocean Spray asserted counterclaims against POM Wonderful together with its answer and affirmative

46defenses on July 30, 2009, asserting causes of action for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and California Business & Professions Code, Section 17500 *et seq.*, and for unfair competition under the California Business & Professions Code, Section 17200 *et seq.* In its Lanham Act and Section 17500 counterclaims, Ocean Spray alleges that Pom Wonderful has falsely claimed that its 100% pomegranate juice product has been proven to cure numerous serious and chronic diseases, including but not limited to heart disease, prostate disease, and cancer; to delay aging; to extend human life expectancy; and to possess health, nutritional, and medicinal benefits not offered by any other juice, including other pomegranate juice. In its unfair competition counterclaim, Ocean Spray alleges that Pom Wonderful markets its 100% pomegranate juice product as an unapproved drug and as a misbranded food, regardless of whether its claimed health and medical benefits are substantiated, in violation of California Health & Safety Code Sections 109875 *et seq.*

  **b.**   <u>**Key Legal Issues**</u>: Pom Wonderful believes that the Court has resolved the key legal issues when it denied Ocean Spray's motion to dismiss due to alleged preemption and/or preclusion of Pom Wonderful's claims. Pom Wonderful believes that the Court, respectfully, should grant its motion to sever out Ocean Spray's Counterclaims, as well as to strike Ocean Spray's unclean hands affirmative defense and certain of the "puffery" counterclaims. Welch's already has conceded that its nearly identical Counterclaims against Pom Wonderful should be severed out into a separate action.

  Ocean Spray believes that the Court will need to resolve the following legal issues with respect to Pom Wonderful's claims and Ocean Spray's counterclaims: (1) whether Ocean Spray's messages are material to consumers; (2) whether Pom Wonderful's own conduct renders its hands unclean so as to bar recovery; and (3) whether Pom Wonderful's advertising causes it to be marketing an unapproved drug and/or misbranded food. In addition, after discovery into the nature of Pom

{033940.1}

- 3 -

JOINT RULE 26(f) REPORT

1   Wonderful's claims and their relationship with the regulatory activities of the Food

2   and Drug Administration, Ocean Spray believes the Court may need to revisit the

3   question of whether Pom Wonderful's claims are precluded and/or preempted.  For

4   the reasons stated in its opposition to Pom Wonderful's motion to sever its

5   counterclaims, and notwithstanding the views of Welch's or any other non-party to

6   this action, Ocean Spray believes that its counterclaims should not be severed from

7   Pom Wonderful's claims.

8       c.      **Provable Damages:**

9       Pom Wonderful seeks an award of damages that includes: (a) Pom

10  Wonderful's lost profits; (b) Ocean Spray's profits; (c) restitutionary disgorgement

11  under state law; (d) statutory treble damages pursuant to the Lanham Act; (e) Pom

12  Wonderful's costs and attorneys' fees; and (f) prejudgment and post-judgment

13  interest.  Pom Wonderful requires discovery from Ocean Spray and expert analysis

14  to determine a realistic range of such provable damages.  Ocean Spray seeks an

15  award of damages that includes:  (1) Pom Wonderful's unjust profits after an

16  accounting; (2) three times the actual damages sustained by Ocean Spray; (3)

17  enhanced damages in a sum to be determined by the Court; and (4) Ocean Spray's

18  costs, disbursements, and attorneys' fees.

19      d.      **Insurance Coverage:**

20      Pom Wonderful is not aware of any insurance coverage for the claims

21  asserted in the Complaint.  Ocean Spray may receive coverage from its insurance

22  carrier, National Union Fire Insurance Co of Pittsburgh, PA, a member company of

23  Chartis Insurance, Inc., formerly known as American International Group Inc.

24  (AIG), for part or all of a judgment which may be entered in this action and for the

25  reasonable costs of defense, subject to reservations of rights.

26      e.      **Likelihood of Motions:**

27      Other than the pending motions referenced herein, the parties do not

28  currently anticipate filing motions to add other parties or claims, file amended

1    pleadings, transfer venue, or similar such motions. Currently pending before the

2    Court are Pom Wonderful's motions to dismiss, sever and/or strike certain of the

3    counterclaims asserted by Ocean Spray.

4        f.    **Discovery and Experts:**

5            •    **Changes to Rule 26(a) Disclosures.**  The parties do not

6    currently anticipate changes to their disclosures under Rule 26(a).

7            •    **Depositions and written discovery requests.**  The parties

8    anticipate deposing the individuals and entities disclosed in their respective initial

9    disclosures, which will be exchanged on October 23, 2009.  The parties further plan

10   to depose other, yet unnamed percipient witnesses, and to depose the expert

11   witnesses whose testimony is disclosed pursuant to Rule 26(a)(2).  The parties have

12   exchanged initial discovery following the early meeting of counsel.  For example,

13   the parties also have propounded document requests which are directed at the

14   "subjects of which discovery may be needed," as listed in the section below.  The

15   parties have propounded interrogatories that primarily address the opposing party's

16   legal and factual contentions.  The parties plan to serve all discovery, including

17   expert discovery, by the discovery cut-off date, with all discovery, including

18   discovery motions, being complete by the proposed cutoff date.  The parties

19   propose a discovery cutoff date of October 8, 2010, which is 18 weeks before their

20   proposed trial date of February 14, 2011.

21            •    **Subjects on Which Discovery May Be Needed.**

22        Pom Wonderful anticipates that the subjects of discovery will include, among

23   others:

24            -    The ingredients in the Cranberry Pomegranate Product, their

25                respective percentages per bottles, and their provenance;

26            -    Ocean Spray's business plan or strategy for the Cranberry

27                Pomegranate Product;

28

{033940.1}

JOINT RULE 26(f) REPORT

1   - Ocean Spray's brand strategy for the Cranberry Pomegranate
2   Product;
3   - The naming of the Cranberry Pomegranate Product;
4   - The label of the Cranberry Pomegranate Product, including but
5   not limited to, its overall design, as well as the images, phrases,
6   and words depicted or employed thereon;
7   - The packaging of the Cranberry Pomegranate Product;
8   - The marketing of the Cranberry Pomegranate Product;
9   - The advertising and/or promotion of the Cranberry Pomegranate
10   Product;
11   - Consumer comments, inquiries, criticisms, complaints, or
12   questions regarding the name, label, and/or ingredients of the
13   Cranberry Pomegranate Product;
14   - Competitor comments, inquiries, criticisms, complaints, or
15   questions regarding the name, label, and/or ingredients of the
16   Cranberry Pomegranate Product;
17   - Lawsuits, court proceedings, arbitrations, or government actions
18   relating to the Cranberry Pomegranate Product;
19   - Any research performed by or at the request of Ocean Spray
20   regarding consumer beliefs, expectations, or reactions relating to
21   the Cranberry Pomegranate Product, including any consumer
22   surveys or focus groups;
23   - Any research performed by or at the request of Ocean Spray
24   regarding Plaintiff and/or its pomegranate juice products;
25   - Any market research performed by or at the request of Ocean
26   Spray in connection with the development, pricing, marketing
27   and/or sale of the Cranberry Pomegranate Product;
28

{033940.1}

JOINT RULE 26(f) REPORT

- Any research performed by or at the request of Ocean Spray regarding the Cranberry Pomegranate Product, or any Pom Wonderful branded juice;
- Ocean Spray's use of pomegranate juice in any of its products other than the Cranberry Pomegranate Product;
- Any research performed by or at the request of Ocean Spray regarding the nutritional and/or health attributes of pomegranates or their derivatives;
- Any research performed by or at the request of Ocean Spray regarding the cost of producing a pure pomegranate juice product;
- Units of the Cranberry Pomegranate Product sold from its launch through the time of trial;
- Revenue generated by the Cranberry Pomegranate Product from its launch through the time of trial;
- Expenses incurred in the production and sale of the Cranberry Pomegranate Product; and
- Profits generated by the Cranberry Pomegranate Product from its launch through the time of trial.

Ocean Spray anticipates that the subjects of discovery will include, among others:

- Pom Wonderful's marketing, advertising, and promotional materials, business plans and brand, marketing, and promotional strategies, and sales history and forecasts for its 100% pomegranate juice;
- Pom Wonderful's market studies and analyses relating to the market(s) in which its 100% pomegranate juice competes;

{033940.1}

JOINT RULE 26(f) REPORT

- Pom Wonderful's market studies and analyses relating to the market(s) in which it contends Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend competes;

- Pom Wonderful's supply history, including but not limited to supply arrangements, shortages, with respect to pomegranates used in making its 100% pomegranate juice;

- Pom Wonderful's business plans, history and forecasts relating to the supply of pomegranate juice concentrate, directly or indirectly, to other makers of pomegranate products;

- Documents relating to research performed by or for Pom Wonderful relating to health, medical, nutritional, or disease-prevention benefits of pomegranates and related foods, including plans, contracts, proposals, protocols, questionnaires, raw data, reports, publications, communications, and an accounting of all funding for such research;

- Any other information possessed by Pom Wonderful relating to the scientific or medical basis for health, medical, nutritional, or disease-prevention benefits of pomegranates and related foods;

- Any consumer research or studies performed by or for, or known to, Pom Wonderful relating to its 100% pomegranate juice and/or Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend;

- All consumer inquiries, comments, complaints, and other feedback relating to health, medical, nutritional, or disease-prevention benefits of any Pom Wonderful product containing pomegranates;

- Communications, inquiries, investigations, and cases made by any governmental, regulatory, self-regulatory, or private body,

{033940.1}

JOINT RULE 26(f) REPORT

or by competitors, relating to health, medical, nutritional, or disease-prevention benefits of any Pom Wonderful product containing pomegranates;

- Communications, inquiries, investigations, and cases made by any governmental, regulatory, self-regulatory, or private body, or by competitors, relating to Pom Wonderful's advertising;

- Pom Wonderful's agreements with retailers for shelf space for its products and for supply allocation;

- Sales of Pom Wonderful's products containing pomegranates or pomegranate juice;

- All efforts by or for Pom Wonderful to introduce, enact, or lobby for legislation, regulation, or any form of regulatory or legal control regarding the content, labeling, or sale of any products containing or purporting to contain pomegranate juice or flavoring; and

- Pom Wonderful's basis for asserting the loss of money or property as a result of Ocean Spray's activities alleged in the Complaint.

• **Whether Discovery Should Be Conducted in Phases.**  The parties do not believe that discovery should be conducted in formal phases.

• **Issues That Exist or Are Likely To Exist**.  The parties do not anticipate any issue or dispute relating to claims of privilege.  The parties are presently in the process of meeting and conferring regarding an appropriate protective order.  Ocean Spray anticipates that confidentiality issues are likely to arise with competitively sensitive information that will likely be produced in discovery in this matter, partly because of Pom Wonderful's use of in-house counsel as its primary counsel and lead trial counsel.  Accordingly, Ocean Spray will seek an especially rigorous and enforceable protective order in this case.

1            •       **Agreement Re: Electronic Discovery**.  The parties do not

2 anticipate any issues or disputes regarding the disclosure or discovery of

3 electronically stored information.

4            •       **Discovery Conducted to Date.**  The parties have exchanged

5 document demands and interrogatories, and Ocean Spray has served an FRCP

6 30(b)(6) deposition notice.  The parties will exchange initial disclosures on October

7 23, 2009.

8            •       **Changes to Limitations on Discovery.**  The parties agree that

9 the numerical limitation on depositions should be changed to permit each side to

10 take up to twenty (20) depositions, exclusive of depositions of expert witnesses,

11 which will be permitted in addition for each designated expert.  The parties agree

12 that the numerical limits on interrogatories should be changed to permit each party

13 to propound up to fifty (50) interrogatories on the other party.  Should any changes

14 to these limitations become necessary, the parties will make a good faith attempt to

15 reach a stipulated agreement.  In the event that a stipulated agreement is not

16 possible, however, both parties reserve the right to seek an order authorizing the

17 requested changes.

18            •       **Number of Depositions.**  As stated previously, the parties have

19 agreed to twenty (20) depositions, exclusive of depositions of expert witnesses,

20 which will be permitted in addition for each designated expert.

21            •       **Expert Witness Disclosures.**  The parties propose August 13,

22 2010 as the deadline for initial expert reports, and a September 10, 2010 deadline

23 for rebuttal expert reports.

24         **g.**       **Summary Judgment or Motions _In Limine_:** Both parties anticipate

25 filing motions for summary judgment and/or summary adjudication**.**  Pom

26 Wonderful expects to file a motion seeking summary adjudication on its false

27 advertising claims pursuant to the Lanham Act and California Business &

28 Professions Code §§ 17200 and 17500 *et seq*.  Ocean Spray expects to file a motion

{033940.1}

JOINT RULE 26(f) REPORT

1  seeking summary adjudication in its favor on Pom Wonderful's false advertising

2  claims pursuant to the Lanham Act and California Business & Professions Code §§

3  17200 and 17500 *et seq* and on Ocean Spray's false advertising claims pursuant to

4  the Lanham Act § 43(a) and California Business & Professions Code §§ 17500 *et*

5  *seq*. and its unfair competition claims pursuant to California Business and

6  Professions Code §§ 17200 *et seq*.  Such motions shall be made in time to be set for

7  hearing by the motion cut-off date, which the parties propose to be December 20,

8  2010.  Both parties also anticipate filing motions <u>in limine</u> as appropriate based on

9  the development of the facts in this case including, but not limited to, motions <u>in</u>

10 <u>limine</u> to limit the scope of issues, testimonies and other evidence at the time of

11 trial.

12         **h.     <u>Settlement Discussion and Local Rule 16-15 Statement:</u>** The parties

13 have not, to date, engaged in settlement discussions.  Following an opportunity to

14 take essential discovery, the parties are willing to participate in a settlement

15 proceeding, as set forth in Settlement Procedure No. 3 (private mediation) of Local

16 Rule 16-15.4, or any other proceeding that may lead to a resolution of this dispute.

17         **i.     <u>Estimated Time Required for Trial:</u>** The parties propose that the

18 trial of this matter be set for February 14, 2011.  Pom Wonderful estimates that trial

19 will take 8-10 court days, assuming that the Court severs Ocean Spray's

20 counterclaims as requested in Pom Wonderful's pending motion.  Ocean Spray

21 estimates that trial will take 20-24 court days.  Each party currently anticipates

22 calling between 10-15 witnesses.

23         **j.     <u>Other issues:</u>** Other than the issues already presented regarding

24 phasing of discovery and the protective order, none is presently known.

25         ///

26         ///

27         ///

28

1           **k.**     **Identity of Subsidiaries, Parents and Affiliates:**

2           ***Plaintiff Pom Wonderful***:  Pom Wonderful is owned by Stewart and Lynda

3  Resnick as trustees of a revocable trust entitled Stewart and Lynda Resnick

4  Revocable Trust.  Pom Wonderful's affiliates are Pom Wonderful BV and Pom

5  Wonderful UK Limited.

6           ***Defendant Ocean Spray***:  Ocean Spray Cranberries, Inc. is a Delaware

7  corporation headquartered in Lakeville-Middleboro, Massachusetts, operating as an

8  agricultural cooperative, owned by cranberry and grapefruit growers in North

9  America.  Its subsidiaries include: Ocean Spray Australia Pty Ltd.; Ocean Spray of

10  Canada LTD.; Ocean Spray International, Inc.; Ocean Spray of Puerto Rico LLC;

11  Ocean Spray Bermuda Limited; Ocean Spray Brands, LLC; Ocean Spray

12  Agricultural Supply, Inc. with subsidiaries Ocean Spray Agricultural Supply

13  Canada Corp. and Ocean Spray Ag Supply U.S. Inc.; and Ocean Spray International

14  Services, Inc. with subsidiaries Ocean Spray International Services (AU) PTY

15  LTD., Ocean Spray International Services Jamaica, Ocean Spray International

16  Leasing, Inc., and Ocean Spray International Services (UK) LTD.

17           **l.**     **Patent Cases:**  Not Applicable.

18           **m.**     **Magistrate Judge:**  The parties do not wish to have a Magistrate

19  Judge preside over non-discovery matters.

20        ///

21        ///

22        ///

23

24

25

26

27

28

1     **n.**     **Attached Proposed Schedule**: For the convenience of the Court, the

2     parties have prepared and attached as Exhibit A hereto a "Presumptive Schedule of

3     Pretrial Dates" which includes each party's proposed trial and pretrial dates.

4

5

6     Dated: October 23, 2009          ROLL INTERNATIONAL
                                        CORPORATION LEGAL DEPARTMENT

7

8                                      By:  /s/ Christopher Van Gundy
                                        Christopher Van Gundy
9                                       Attorneys for Plaintiff
                                        POM WONDERFUL LLC

10

11    Dated: October 23, 2009__         KELLEY DRYE & WARREN LLP

12

13                                     By: /s/ August T. Horvath
                                        August T. Horvath
14                                      Attorneys for Defendant
                                        OCEAN SPRAY CRANBERRIES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JUDGE DEAN D. PREGERSON**
<u>**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**</u>

**CASE NAME:**       **POM WONDERFUL LLC v. OCEAN SPRAY CRANBERRIES, INC.**
**CASE NO.:**      **CV-09-00565 DDP (RZx)**

| Matter | Time | Weeks before trial | Parties' Proposal | Court Order |
|---|---|---|---|---|
| Trial (jury)(court) Estimated length: 8-10 court days (Pltf); 20-24 court days (Dfdt) | 8:00 a.m. | | 2/14/2011 | |
| [Court trial:]  File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructed and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to-Statement of Case | 11:00 a.m. | -2 | 01/31/2011 | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3.5 | 01/20/2011 | |
| Last day for hand-serving Motions in Limine | | -6.5 | 12/30/2011 | |
| Last date to Meet Before Final Pretrial Conference (L.R. 16-2) | | -8 | 12/20/2010 | |
| Last day for hearing motions | 10:00 a.m. | -10 | 12/6/2010 | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -17 | 10/18/2010 | |
| Non-Expert Discovery Cut-off | | -18 | 10/8/2010 | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-15 Settlement Choice:     (3)  Outside ADR

| Matter | Time | Weeks before trial | Parties' Proposal | Court Order |
|---|---|---|---|---|
| Expert discovery cut-off | | -18 | 10/8/2010 | |
| Rebuttal Expert Witness Disclosure | | -22 | 9/10/2010 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(21) | | -26 | 8/13/2010 | |
| Last day to conduct Settlement Conference | | | ███████ | |
| Last Day to Amend Pleadings or Add Parties | | | ███████ | |

# EXHIBIT A