**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation,<br><br>Defendant. | ) | Case No. CV 09-00565 DDP (RZx)<br><br>**Order on Plaintiff's Motion to Dismiss (Dkt. No. 40), Motion to Strike (Dkt. No. 42), and Motion to Sever (Dkt. No. 44)**<br><br>[Motions filed on September 21, 2009] |

Presently before the Court is Plaintiff POM Wonderful LLC ("POM")'s Motion to Dismiss several of Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray")'s false advertising counterclaims, (Dkt. No. 40), Plaintiff's Motion to Strike certain material from Defendant's Answer and Counterclaims (hereinafter "Countercomplaint"), (Dkt. No. 42), and Plaintiff's Motion to Sever Defendant's counterclaims, (Dkt. No. 44.)

Upon reviewing the parties' moving papers, and hearing oral argument, the Court denies the Motion to Dismiss and the Motion to Sever, and grants in part and denies in part the Motion to Strike.

**I. Background**

POM produces and sells pomegranate juice and pomegranate juice blends. Ocean Spray also sells various juices, including a pomegranate and cranberry juice blend it first brought to market in 2007 (hereinafter referred to as “Beverage” or “the Beverage”). (Compl. ¶ 18.)

Plaintiff alleges that the Beverage’s label and packaging primarily touts its cranberry and pomegranate juice content, in spite of the fact that the Beverage is almost entirely comprised of apple and grape juice. (Id. ¶ 19-20.) Of the five juices that comprise the Beverage, cranberry juice ranks third and pomegranate juice ranks fifth. (Id. ¶ 22.) Therefore, Plaintiff alleges, Defendant made false and misleading representations regarding the primary ingredients of its product. Plaintiff also alleges that Defendant markets the Beverage as antioxidant rich, when in fact, Ocean Spray’s Beverage contains only low concentrations of antioxidants. (Id. ¶ 23.)

As a result of these misrepresentations, Plaintiff contends, Defendant’s production costs are quite low, enabling it to undercut competitors like POM. Meanwhile, consumers are “tricked” into thinking they are getting juice that is similar to POM’s (which is primarily pomegranate juice) for a lower price. (Id. ¶ 24.) Plaintiff contends it has suffered injury to its business and deprivation of goodwill in the juice market, to Defendant’s benefit. (Id. ¶ 24-25.) Specifically, Plaintiff alleges the following federal and state claims:

1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a);

2) false advertising under California Business & Professions Code § 17500; and
3) unfair competition under California Business & Professions Code § 17200, et seq.

(Compl. ¶¶ 8-11.) The Court denied Defendant's Motion to Dismiss on July 16, 2009. (Dkt. No. 34.)

On July 30, 2009, Defendant filed an Answer to Plaintiff's Complaint, along with several counterclaims. (Dkt. No. 35.) Defendant raises three causes of action against POM: (1) false advertising under § 43(a) of the Lanham Act; (2) false advertising under California Business and Profession Code § 17200; and (3) unfair competition under California Business and Profession Code § 17500. Ocean Spray generally alleges that POM has made false and misleading statements regarding the health benefits associated with its pomegranate juice in violation of the Lanham Act and § 17200, and that it ran afoul of state and federal labeling requirements in violation of § 17500.[1]

Ocean Spray specifically contends that "POM lacks competent and reliable scientific evidence for any of its disease-related and mitigation, treatment and/or prevention of disease claims," (Countercomplaint ¶ 12), and objects to POM's assertion, made in its advertising and product labeling, that its health benefit claims are "backed by $25 million in medical research."[2] It cites

---

[1] Ocean Spray contends that POM's disease-related claims render its products unapproved "new drugs" within the meaning of the Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code § 109875 et seq., the federal Food, Drug, and Cosmetic Act, and applicable Food and Drug Administration regulations.

[2] A POM print advertisement, Ocean Spray points out, makes the following claim:

> In a time of major health problems, one 16-ounce hero will unleash its incredible healing powers: POM Wonderful 100%

(continued...)

to several specific medical claims (i.e., POM's claim that drinking eight ounces per day of its juice can reduce arterial plaque by up to 30%) that it considers dubious. (Id. ¶¶ 10, 13.) As support for its allegations, Ocean Spray points to published reports issued by the National Advertising Division of the Council of Better Business Bureaus and the United Kingdom's Advertising Standards Authority that cast doubt on some of POM's claims. (Id. ¶¶ 13-15.)

Defendant's Answer also raises an equitable unclean hands defense. (Answer ¶ 52.) In articulating its unclean hands defense, Defendant contends that POM "has engaged in unlawful misconduct relating directly to the subject matter of its own allegations . . . ." (Id.)

**II. Legal Standards**

A. Motion to Sever

Federal Rule of Civil Procedure 21 , generally, governs the joinder of additional parties. Ybarra v. City of San Jose, 503 F.2d 1041, 1042 n. 1 (9th Cir. 1974) (per curiam). The rule provides, however, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Whether to grant a litigant's motion to sever is within the discretion of the district court. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000).

B. Motion to Dismiss

---

[2](...continued)

pure pomegranate juice. Backed by an unheard of-$25 million in medical research, the Antioxidant Superpower sweeps into action to help fight for heart and prostate health. Ka-POM!

(Countercomplaint, Ex. 11.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's (or counterclaimant's) allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion, all allegations of material fact are accepted as true and must be construed in the light most favorable to the nonmoving party. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). A court properly dismisses a complaint under Rule 12(b)(6) based upon the "lack of a cognizable legal theory or the absence of sufficient facts alleged under the cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

The complaint must set forth more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation omitted). However, the complaint must state "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." Id. at 1964 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

C. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Courts generally disfavor motions to strike, Stabilisierungsfonds Fur Wein v. Kaiser, 647 F.2d 200, 201 (D.C. Cir. 1981), and such motions will not be granted unless the court is "convinced that there are no questions of fact, that any questions of law are clear and not

in dispute, and that under no set of circumstances could the claim or defense succeed," RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). This is "because of the limited importance of pleadings in federal practice and because [a motion to strike] is usually used as a delaying tactic." Id.

**III. Discussion**

A. Motion to Sever

Plaintiff contends that Defendant's counterclaims introduce an entirely new set of facts, and implicate complicated legal issues that are unrelated to the underlying action. As a consequence, POM contends, trying its claims alongside Defendant's counterclaims would result in confusion of the issues and prejudice to POM. Generally, Plaintiff is concerned that the factual disputes that are likely to accompany adjudication of Defendant's claims (i.e., determining whether POM's products carry empirically verifiable health benefits) would bog down the proceedings, and prevent it from presenting what it views as a straightforward claim concerning whether Ocean Spray's Beverage contains a sufficient quantity of pomegranate juice.

Defendant, in response, contends that its counterclaims are integrally tied to Plaintiff's underlying action. According to Defendant, Plaintiff's claims all depend on the following premise: POM invested substantial funds informing the public about the health benefits of pomegranate juice, therefore, Ocean Spray "free rides" on POM's market cultivation when it sells a product labeled as pomegranate juice, that, in actuality, has little or no pomegranate juice in it.

The Court concludes that severance is not warranted. The facts and legal issues are all sufficiently related to merit trying both parties' claims together, and doing so is in the interest of judicial economy. As Ocean Spray points out, convincingly, Plaintiff's false advertising claims presume that consumers of the Beverage are deceived into believing that they are getting the health properties of pomegranate juice at a relatively cheap price. Ocean Spray's counterclaims challenge that presumption, and thus, they are not, as POM alleges, a tangential distraction. Indeed, POM's Complaint alleges that:

> Ocean Spray's suggestive marketing, which includes a depiction of cranberries and pomegranates on the label, on the packaging, and in connection with advertising, leads consumers to believe that Cranberry Pomegranate Product is an antioxidant-rich juice product, containing all of the health benefits associated with Plaintiff's products, when in fact it does not.

(Compl. ¶ 23.) Accordingly, the Court denies Plaintiff's Motion to Sever.

B. Motion to Dismiss

Ocean Spray's Countercomplaint alleges that POM, through its advertising, has made several false or misleading claims. It points to POM's contention that its products: (1) prevent or mitigate artherosclerosis, heart attacks, and related heart conditions, (Countercomplaint ¶¶ 19-21); (2) prevent or mitigate cancer and other prostate-related health conditions, (Id. ¶¶ 22-29); (3) prevent or delay aging, (Id. ¶¶ 30-32); (4) prevent or cure other diseases (Id. ¶¶ 33-43); and (5) have nutritional value and disease-related benefits that are superior to other juices, (Id. ¶¶ 50-56). Plaintiff contends that the latter three

categories of false advertising allegations fail to state a claim on which relief can be granted because they are "[g]eneralized, vague, and unspecified assertions . . . upon which a reasonable consumer would not rely." (Mot. to Dismiss 1:9-10.)[3]

To prove a claim for false advertising under the Lanham Act, a claimant must establish that:

> 1) in advertisements, defendant made false statements of fact about its own or another's product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is material, in that it is likely to influence the purchasing decision; 4) defendant caused its falsely advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the goodwill which its products enjoy with the buying public.

Rice v. Fox Broad. Co., 330 F.3d 1170, 1180 (9th Cir. 2003).

POM contends that Ocean Spray's false advertising counterclaims fail to allege an actionable "false statement of fact," because the advertisements in question amount to nothing more than "mere puffery."

An advertising claim is mere puffery - as opposed to a verifiable representation of fact - when it is so vague, highly subjective or meaninglessly general as to preclude consumer reliance.[4] Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246 (9th Cir. 1990); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §

---

[3] Plaintiff does not seek dismissal of Defendant's § 17500 counterclaims. Those claims, as explained above, are premised on POM's alleged violation of state and federal labeling laws.

[4] The parties agree that the legal definition of puffery, in the false advertising context, is the same under the Lanham Act as it is under California law.

27.04[4][d] at 27-52 (3d ed. 1994) ("'Puffing' is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely . . . .").

The Ninth Circuit has held that "[a] specific and measurable advertisement claim of product superiority based on product testing is not puffery." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997). Reasoning from that principle, the Southland court concluded that a seed company's claim that its product would result in "50% less mowing" was specific and measurable, and thus, actionable under the Lanham Act. Id. Ocean Spray contends that POM's claims, in the context of its larger advertising campaign, are similarly specific and measurable.

The Court agrees with Ocean Spray that dismissal is not appropriate at this stage of the litigation.

Whether a claim amounts to mere puffery is often dependent on the circumstances in which the challenged claim is made. Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 35 (1st Cir. 2000) (manufacturer of nonchlorinated detergent's claim, in its advertisements, that "Whiter is not possible," while possibly an unspecified boast, and thus mere puffery, when viewed in isolation, had to be regarded as stating specific and measurable claim in context in which it occurred). Ocean Spray contends that POM's advertisements suggesting, for example, that the "[a]ntioxidant power of pomegranate juice" will enable consumers to "[c]heat death," taken in the context of POM's claims about its

investments in medical research, constitute specific and objective claims.[5]

Keeping in mind the context-specific and fact-dependent nature of the inquiry, and drawing all reasonable inferences in Ocean Spray's favor, the Court is persuaded that Ocean Spray has alleged facts sufficient to survive a motion to dismiss.

POM concedes that some of its advertising claims – those referencing prevention of prostate cancer and heart disease, for example – go beyond mere puffery, and into the realm of the specific and objective. Thus, POM's other, more general health and disease prevention-based advertisements must be viewed in the context of their more specific counterparts. Whether POM's specific and objective medical claims render its broader claims actionable under the Lanham Act turns on disputed issues of fact that are more properly resolved at trial or on a motion for summary judgment. Accordingly, the Court denies Plaintiff's Motion to Dismiss.

C. Motion to Strike

Plaintiff asks the Court to strike both Defendant's unclean hands affirmative defense and its request for punitive damages.

---

[5] Ocean Spray also points to advertisements where POM refers to its product as a "Life Preserver," another that refers to it as a "Life Guard," an advertisement that displays a POM bottle with retractable Swiss Army knife-like tools protruding from the bottle underneath the headline "Survival Kit," an advertisement displaying a POM bottle lying in a hammock underneath the headline "Relax, You'll Live Longer," and another displaying a POM bottle with a hula hoop underneath the headline "Forever Young." All of these ads, taken in the context of POM's broader advertising campaign, Ocean Spray contends, convey a specific and objective claim about POM's product's ability to ward off disease and extend life.

"The unclean hands doctrine 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" Adler v. Fed. Republic of Nigeria, 219 F.3d 869, 876-77 (9th Cir. 2000) (quoting Precision Instr. Mfg. Co. v. Automative Maintenance Machinery Co., 324 U.S. 806, 814 (1945)).

In POM's view, its claims against Ocean Spray concern the Beverage's pomegranate juice content, and Ocean Spray's misleading statements concerning that content. Defendant's unclean hands defense, POM argues, relates to the putative health properties of pomegranate juice, and whether POM has fairly characterized those benefits in its advertising. Even if POM made actionable misrepresentations regarding the health properties of its products, it contends, those misrepresentations would not amount to the same kind of misconduct that POM accuses Ocean Spray of having engaged in, and thus, an unclean hands defense is unavailable.

For the purposes of this Order, the Court concluded that Ocean Spray has alleged facts sufficient to state an unclean hands defense. It alleges that POM engaged in a misleading advertising campaign that exaggerated the health benefits associated with its own products, and then sought equitable relief (in the form of an injunction) against Ocean Spray, alleging that the company had employed similarly deceptive marketing tactics. This is sufficient to survive a motion to strike. See 5C Wright and Miller, Federal Practice and Procedure § 1380 (3d ed.) (explaining that if a court is in doubt as to whether the matter to be stricken raises an issue of fact or law, the motion should be denied, leaving an assessment

of the sufficiency of the allegations for adjudication on the merits).

Finally, the Court is inclined to grant POM's Motion to Strike Ocean Spray's prayer for punitive damages. Ocean Spray concedes that none of the claims set forth in the Countercomplaint entitle it to punitive damages. Instead, it contends that the reference to punitive damages should be construed as encompassing exemplary damages (the Lanham Act, for example, authorizes treble damages in some circumstances).

The Court disagrees. The term "'[p]unitive damages' is a legal term of art that has a widely accepted common-law meaning." Molzof v. United States, 502 U.S. 301, 306 (1992). Such damages are generally "awarded to punish defendants for torts committed with fraud, actual malice, violence, or oppression." Id. at 307. Punitive damages are not available in an action under the Lanham Act, Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 200 n. 1 (9th Cir. 1989), nor are they available under either § 17200, Korea Supply Co. v. Lockheed Martin Corp., 131 Cal. Rptr. 2d 29, 40 (2003), or § 17500 of California's Business and Professions Code, Chern v. Bank of Am., 15 Cal. 3d 866, 875 (1976). Accordingly, the Court grant POM's Motion to Strike Ocean Spray's prayer for punitive damages.

///

///

///

**IV. Conclusion**

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Dismiss and Motion to Sever, and GRANTS in part and DENIES in part Defendant's Motion to Strike.

IT IS SO ORDERED.

Dated: November 2, 2009

DEAN D. PREGERSON
United States District Judge