ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200

CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
SOPHIE N. FROELICH (SBN 213194)
sfroelich@roll.com
Roll Law Group P.C.
11444 West Olympic Blvd, 5th Floor
Los Angeles, California 90064-1557
Telephone:  310-966-8400
Facsimile:   310-966-8810

Attorneys for Plaintiff and Counterdefendant
POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OCEAN SPRAY CRANBERRIES, INC., et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  CV09-00565 DDP (RZx)<br><br>**PLAINTIFF POM WONDERFUL LLC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**<br><br>[DISCOVERY MATTER PURSUANT TO LOCAL RULE 37-1]<br><br>Assigned to Hon. Dean D. Pregerson<br><br>Date:  October 4, 2010<br>Time:  10:00 AM<br>Ctrm:  540<br>Judge: Hon. Ralph Zarefsky<br><br>Complaint filed: January 23, 2009 |

{043117.1}

Plaintiff and Counter-Defendant POM Wonderful LLC ("Pom") hereby submits this supplemental memorandum in support of its opposition to Defendant and Counterclaimant Ocean Spray Cranberries, Inc.'s ("Ocean Spray") motion to compel against Pom, seeking further documents and responses from Pom to its second set of document requests in this action.

## I. THE CONFIDENTIALITY OF ANY COMMUNICATIONS WITH THE FTC DOES NOT DISAPPEAR SIMPLY BECAUSE POM HAS FILED SUIT AGAINST THE FTC.

Ocean Spray essentially argues that, because there is a lawsuit filed by Pom against the FTC, any communications between Pom and the FTC of any nature whatsoever are fair game. It argues that all such communications are automatically relevant. Ocean Spray fails to show why that is the case. And in fact, Ocean Spray is wrong.

First, Pom's complaint does not state that there is any investigation. Ocean Spray has simply inferred that there is one, and then argues that it is entitled to all documents and communications between the FTC and Pom, regardless of subject matter. Ocean Spray fails to explain why, simply because it has challenged Pom's advertising in its counterclaims regarding the health benefits of pomegranates, it is entitled to every communication or document of any kind exchanged between Pom and the FTC. It fails to cite any authority providing that the FTC's own written policy of confidentiality with respect to communications with a party suddenly disappears if there is a lawsuit pending between the FTC and that party. Ocean Spray fails to explain how it is entitled to make such a leap from confidentiality of communications, to total and utter relevance for every document it demands, simply because Pom has challenged the FTC's demand that it obtain approval from the Food and Drug Administration ("FDA") before making certain claims in advertising.

/ / /

Second, the mere fact of an investigation does not mean that a party waives all confidences regarding the communications that normally attach to such an investigation, including settlement communications, if any. If that were the case, all that would have to occur is that Ocean Spray could learn of an investigation, and then claim that all communications between the FTC and the party being investigated automatically lose their confidentiality and become relevant in other, unrelated litigation.

All confidences between the FTC and a party do not disappear simply because there is a pending lawsuit between the FTC and that party. Despite having discovered that Pom has brought suit against the FTC, Ocean Spray has still not explained why the existence of a separate lawsuit against the FTC dealing with a different subject matter, i.e., the FTC's scope of authority and its right to force Pom to obtain FDA approval before making certain statements in advertising, causes any and all communications between Pom and the FTC regarding Pom's products (regardless of subject matter) to be relevant.

Accordingly, Ocean Spray's motion to compel should be denied.

## II. THE PATENT CASES CITED BY OCEAN SPRAY ARE IRRELEVANT.

Rather than citing cases addressing the FTC's policy of confidentiality, Ocean Spray cites an inapplicable patent case, which cites other inapplicable patent cases, discussing the attorney-client privilege and attorney work product.

All that these cases provide is that when submitting an application to the Patent & Trademark Office, a party waives the attorney-client privilege if it submits attorney-client communications to that agency. This has nothing to do with the issues here. Pom has not claimed that any attorney-client communications submitted to the FTC remain attorney-client privileged.

Moreover, the premise of these cases is that the party that submitted privileged communications to the federal agency *wanted* something from that

agency, i.e., approval of a patent.  See <u>Samsung SDI Co. v. Matsushita Electric, Ind.</u>, 2007 WL 4302707, *1 (C.D. Cal. 2007) ("where a disclosure of the contents of an attorney-client communication for *strategic beneficial purposes* is made to the PTO, then the privilege is waived on the same subject matter.") (emphasis added). It deliberately submitted attorney-client privileged communications to the patent office because it sought certain rights and privileges from that agency.  In contrast, any communications or documents submitted to the FTC during an investigation are not submitted because a party has sought out the FTC or because it seeks something from that agency.  Such documents are submitted to that agency because the FTC has required it.

Accordingly, these cases are not relevant to the question of whether documents submitted to the FTC during an investigation are confidential.  Ocean Spray's citation to these cases fails to prove its right to the documents it demands.

**III.   CONCLUSION**

Ocean Spray has failed to demonstrate why it is automatically entitled to any documents relating to any FTC investigation of any of Pom's products. Accordingly, its motion to compel should be denied.

Dated:  September 20, 2010            ROLL LAW GROUP P.C.

                                      By:  //*Azadeh Allayee*//
                                           Azadeh Allayee

                                      Attorneys for Plaintiff
                                      Pom Wonderful LLC