ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200

CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
SOPHIE N. FROELICH (SBN 213194)
sfroelich@roll.com
ROLL LAW GROUP P.C.
11444 W. Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone:  310-966-8400
Facsimile:   310-966-8810

TODD C. THEODORA (SBN 120426)
ttheodora@tocounsel.com
THEODORA ORINGHER MILLER
    & RICHMAN PC
535 Anton Boulevard, 9th Floor
Costa Mesa, California  92626
Telephone:  (714) 549-6200
Facsimile:    (714) 549-6201

Attorneys for POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>————————————————<br><br>AND RELATED COUNTERCLAIMS. | Case No.  CV09-00565 DDP (RZx)<br><br>**PLAINTIFF POM WONDERFUL LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE [PROPOSED] FIRST AMENDED COMPLAINT; DECLARATION OF AZADEH ALLAYEE**<br><br>Assigned to Hon. Dean D. Pregerson<br><br>Hearing:<br>    Date:    February 14, 2011<br>    Time:    10:00 a.m.<br>    Place:   Courtroom 3<br><br>**PUBLIC REDACTED VERSION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 7, 2011, at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 3 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California, before the Honorable Dean D. Pregerson, United States District Judge, Plaintiff Pom Wonderful LLC ("Pom") will move and hereby does move for leave to file its [Proposed] First Amended Complaint ("FAC"), concurrently filed herewith.

This motion is made pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rules 15-1 to 15-4. It is based on the grounds that the Proposed FAC deletes two paragraphs of allegations from Pom's existing complaint that describe, generally, Pom's considerable investment in scientific research on pomegranate juice and its role with respect to consumers' awareness of the health benefits of pomegranates. The Proposed FAC adds no new causes of action, and makes relatively few changes to the existing Complaint. Discovery remains ongoing in this action, and the trial of this matter was recently continued by the Court to July 5, 2011. There is no prejudice that this amendment would impose. As such, leave to amend, which is traditionally liberally granted, should be granted here.

This motion is supported by this notice of motion and motion, the attached memorandum of points and authorities, the attached Declaration of Azadeh Allayee, the [Proposed] First Amended Complaint concurrently filed herewith, the [Proposed] Order lodged herewith, such additional evidence and argument as may be presented at the hearing on this motion, all of the pleadings, files and records in this proceeding, and such other evidence as may later be submitted. The motion is

/ / /
/ / /
/ / /
/ / /

made following the conference of counsel pursuant to L.R. 7-3, which took place on November 22 and December 1, 2010.

Dated:  January 12, 2011          ROLL LAW GROUP, P.C.

By:  _/s/ Christopher Van Gundy_
Christopher Van Gundy
Sophie N. Froelich
Azadeh Allayee
Attorneys for Plaintiff
POM WONDERFUL LLC

PLAINTIFF POM WONDERFUL LLC'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    THE PROPOSED AMENDMENT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Pom Wonderful LLC ("Pom") moves to amend its initial, and only, Complaint to excise two paragraphs that are superfluous in light of case learning through the discovery process. The paragraphs involve Pom's allegations relating to its role in helping to create an ever increasing consumer market for pomegranate juice. Because requests for leave to amend should be liberally granted, the Court should exercise its discretion for the following reasons and permit the amendment.

The two paragraphs at issue center on Pom's allegations that it "largely created the market" for pomegranate juice.



1    There is no prejudice to Ocean Spray in allowing this amendment, which will

2  only omit existing allegations and not add new ones.  Trial in this matter is several

3  months away (July 5, 2011), as is the discovery cutoff (March 14, 2011).   Pom has

4  not unreasonably delayed bringing this motion, given that it only sought to amend

5  its complaint after sufficient discovery and fact investigation demonstrated that it

6  should do so.  Pom gave Ocean Spray over a month to stipulate to this amendment

7  before filing this motion, but Ocean Spray refused to stipulate without explanation.

8  See Allayee Decl., ¶ 5.

9  **II.    LEAVE TO AMEND SHOULD BE GRANTED, AS JUSTICE**

10  **REQUIRES IT AND THERE WILL BE NO PREJUDICE TO OCEAN**

11  **SPRAY.**

12    Federal Rule of Civil Procedure 15(a) permits a party to amend its complaint

13  after a responsive pleading has been filed with the "court's leave."  Fed. R. Civ. P.

14  15(a)(2).  Leave to amend is in the "sound discretion of the trial court," DCD

15  Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987), and should be freely

16  given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Four factors are

17  commonly used to determine the propriety of a motion for leave to amend.  These

18  are:  bad faith, undue delay, prejudice to the opposing party, and futility of

19  amendment."  DCD Programs, 833 F.2d at 186.

20    When an amendment proposes few alterations to the initial complaint, but

21  instead serves to clarify and make clear important allegations without adding new

22  claims or causes of action leave to amend is proper.  See Zoll v. Ruder Finn, Inc.,

23  2003 WL 22283830, at *2 (S.D.N.Y. 2003).  In such a case, the defendant is not

24  prejudiced.  Id.

25    This amendment should be permitted because none of the reasons to deny

26  leave to amend are present here, while allowing amendment will only serve to

27  clarify or avoid confusion as to the basis of Pom's false advertising claims and to

28  remove extraneous allegations that no longer serve a purpose.

First, Pom's proposed amendment will clarify and supplement its complaint.



Pom does not need these allegations in its complaint to prove its false

advertising claims.

Second, there is no prejudice to Ocean Spray in allowing this amendment.
Pom is not introducing new matter for Ocean Spray to investigate, Ocean Spray has
known about Pom's intent to seek this amendment for months (and refused to
stipulate to same), and the discovery cutoff is more than two months away.  Thus,
there is no cause for concern in allowing such a simple amendment to Pom's
complaint when there are no immediate deadlines or looming trial date.

Fourth and finally, Pom has not unreasonably delayed bringing this motion or
engaged in any bad faith in seeking this amendment.  It has sought this amendment
as a result of what extensive, and ongoing, discovery and fact investigation have
revealed.  Further, it proposed this amendment to Ocean Spray more than a month
before filing this motion, and gave Ocean Spray plenty of notice and opportunity to
stipulate to this amendment.  See Allayee Decl., ¶ 5.  In the end, Ocean Spray

1   declined to stipulate, for reasons that it never explained.  Id.  Pom was therefore

2   forced to file this motion.

3   **III.   CONCLUSION**

4        For the foregoing reasons, Pom's Motion to Amend should be granted.

5

6   Dated:  January 12, 2011              ROLL LAW GROUP, P.C.

7                                        By:   /s/ Christopher Van Gundy
8                                              Christopher Van Gundy
                                               Sophie N. Froelich
9                                              Azadeh Allayee
                                               Attorneys for Plaintiff
10                                             POM WONDERFUL LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF AZADEH ALLAYEE</u>

I, Azadeh Allayee, declare as follows:

1.      I am an attorney with Roll Law Group P.C., counsel to Plaintiff Pom Wonderful LLC ("Plaintiff" or "Pom") in the above-captioned matter.  I am a member of the State Bar of California and admitted to practice law before the United States District Court for the Central District of California.  I have personal knowledge of the matters set forth herein, and would competently testify thereto under oath if called as a witness.  I submit this declaration in support of Plaintiff Pom Wonderful LLC's Motion for Leave to File [Proposed] First Amended Complaint.

2.



3.      Attached to this declaration as <u>Exhibit A</u> is a true and correct copy of Pom's complaint in this action, which was filed on January 23, 2009.

4.      Attached to this declaration as <u>Exhibit B</u> is a true and correct copy of Pom's [Proposed] First Amended Complaint, which tracks in redline its changes from Pom's existing Complaint.  This document reflects that the only change to Pom's existing complaint, should this motion be granted, will be the deletion of paragraphs 15 and 16.

5.      On both November 22, 2010, and December 1, 2010, I, along with Christopher Van Gundy and Sophie Froelich of my firm, met and conferred with

Defendant Ocean Spray Cranberries, Inc.'s ("Ocean Spray") counsel, August Horvath and Steve Caley of Kelley Drye and Warren, regarding Pom's desire to seek this amendment to its complaint.  We asked Ocean Spray if it would stipulate to this amendment, and further explained the reasons for Pom's desire to amend its complaint.  During both conversations, Ocean Spray's counsel stated that it would take Pom's request for a stipulation under consideration.  Further, Mr. Horvath stated during our December 1 telephone conference that Pom should not assume from Ocean Spray's silence since our November 22 conference call that Ocean Spray was refusing to stipulate to this amendment.  He further stated that Ocean Spray was still considering whether it would do so.  On December 7, I sent Mr. Horvath an email, stating that we had still not received any response to our request that Ocean Spray stipulate to this amendment, and unless I heard from him the same day Pom would proceed with filing this motion.  I received no response to my email, a true and correct copy of which is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 12th day of January, 2011 in Los Angeles, California.

/s/ *Azadeh Allayee*
Azadeh Allayee

# Exhibit A

1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
5  Los Angeles, California 90067-4120
   Telephone:   310-282-2000
6  Facsimile:   310-282-2200

7  Attorneys for Plaintiff
   POM WONDERFUL LLC

8

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                              CV09-00565 DDP (RZx)

13  POM WONDERFUL LLC, a Delaware      )   Case No.
    limited liability company,          )
14                                      )   **COMPLAINT FOR FALSE**
              Plaintiff,                 )   **ADVERTISING UNDER LANHAM**
15                                      )   **ACT 43(A); FALSE ADVERTISING**
          v.                            )   **UNDER CALIFORNIA BUSINESS**
16                                      )   **& PROFESSIONS CODE § 17500,**
    OCEAN SPRAY CRANBERRIES,           )   **ET SEQ.; UNFAIR COMPETITION**
17  INC., a Delaware corporation; and   )   **UNDER CALIFORNIA BUSINESS**
    DOES 1-10, inclusive,               )   **& PROFESSIONS CODE § 17200,**
18                                      )   **ET SEQ.**
              Defendants.               )
19                                      )   **DEMAND FOR JURY TRIAL**
                                        )
20                                      )
                                        )
21                                      )
                                        )
22                                      )

23

24

25

26

27

28

Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") hereby alleges as follows:

## PARTIES

1.      Plaintiff Pom Wonderful is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2.      On information and belief, defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") is a Delaware corporation with its principal place of business in Lakeville, Massachusetts.

3.      Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that Ocean Spray and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter.  Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5.      As described further below, Ocean Spray conducts business and manufactures and/or distributes products in the greater Los Angeles area, and throughout the United States.

## JURISDICTION AND VENUE

6.      This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California.  This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

7.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.    This action seeks redress for Ocean Spray's deliberate and unlawful false and misleading representations regarding its Cranberry & Pomegranate product ("Cranberry Pomegranate Product").  Both in advertising and on the bottle itself, Ocean Spray characterizes this product as "Cranberry & Pomegranate" juice, and includes a prominent picture of cranberries and pomegranates on the label when, in fact, the primary ingredients are actually grape and apple juice.  By characterizing this product as "Cranberry & Pomegranate," and including a prominent display of cranberries and pomegranates on the label, Ocean Spray has confused and misled consumers, who reasonably expect that the primary ingredients are cranberry and pomegranate juice.

9.    This action also seeks redress for the unfair, unlawful and fraudulent business practices of all Defendants, each of whom have participated in making the false advertising claims relating to Ocean Spray's Cranberry Pomegranate Product in California and nationwide.

## I.    POM WONDERFUL

10.    Plaintiff is the largest grower and distributor of pomegranates and pomegranate juice in the United States.

11.    Plaintiff produces, markets and sells POM WONDERFUL® brand bottled pomegranate juice, and various pomegranate juice blends.  Pom Wonderful has been bottling, selling and marketing its juice products since 2002.

12.    When Pom Wonderful began the development and distribution of POM WONDERFUL® juice, it invested millions of dollars in researching the nutritional

qualities and health benefits of pomegranate juice, an investment that continues to this day. Pom Wonderful has consulted with world-renowned scientists, including a Nobel laureate, and underwrites major research studies, many of which are published in well-known and prestigious peer-reviewed scientific and medical journals.

13. Scientists have discovered that pomegranate juice has very high levels of unique polyphenols, antioxidants that are particularly effective at neutralizing free radicals, preventing oxidation of LDL cholesterol (the "bad" cholesterol) and plaque build-up in the blood vessels, and preserving nitric oxide, a key chemical in the body for regulating blood flow and maintaining vessel health.

14. A key element of Pom Wonderful's marketing campaign has been its concentration on the health benefits associated with pomegranates and pomegranate juice, and its emphasis on the high level of antioxidants contained in POM WONDERFUL® brand juice.

15. Through its investment of millions of dollars to research and promote the nutritional qualities and health benefits associated with pomegranate juice, Plaintiff largely created the burgeoning market for genuine pomegranate juice that exists today. POM Wonderful's pomegranate juice has, in only six short years, eclipsed all other products in its market segment of super premium juices to take the #1 spot nationwide in supermarket sales, as well as the #1 spots in the key geographic regions of Los Angeles, Chicago, New York, among many others. POM Wonderful's annual supermarket sales have, incredibly, gone from zero to well over $70 million in that same period.

16. Plaintiff's success has been both good and bad for consumers. On the one hand, consumers have been made aware of the nutritional qualities and health benefits of 100 percent pomegranate juice. On the other hand, unscrupulous competitors have set out to cash in on Plaintiff's success by marketing and selling to

consumers products labeled as "pomegranate juice," that in fact contain little or no actual pomegranate juice. Ocean Spray is one such competitor.

## II. OCEAN SPRAY AND ITS FALSE ADVERTISING OF ITS CRANBERRY POMEGRANATE PRODUCT

17.    Ocean Spray markets and sells various bottled juice products under the "Ocean Spray" brand, and is one of Plaintiff's competitors in the bottled pomegranate juice market. Ocean Spray is based in Lakeville, Massachusetts and, Plaintiff is informed and believes, markets, distributes and sells its products, including its Cranberry Pomegranate Product, in Los Angeles County and throughout the United States.

18.    In April 2007, Ocean Spray announced the debut of two new cranberry juice combinations "with a healthy duo of antioxidant rich fruits," one of which was a cranberry pomegranate product.



19.    Like the pomegranate, in recent years the cranberry has become a staple for health conscious consumers because of its high antioxidant capacity. Thus, Ocean Spray's Cranberry Pomegranate Product purports to combine two of nature's most powerful antioxidants into a single product. In fact, the main

1  ingredients in Ocean Spray's Cranberry Pomegranate Product are neither cranberry
2  nor pomegranate juice, but rather, grape and apple juice.

3      20.    Notwithstanding that Ocean Spray's product actually contains little or
4  no pomegranate juice, both in advertising and on the bottle itself, Ocean Spray
5  characterizes this product as "Cranberry & Pomegranate" juice, and includes a
6  prominent depiction of cranberries and pomegranates on the bottle when, in fact, the
7  primary ingredients are actually grape and apple juice.  By characterizing this
8  product as "Cranberry & Pomegranate," and including the prominent display of
9  cranberries and pomegranates on the label and packaging, Ocean Spray has
10 confused and misled consumers, who reasonably expect that the primary ingredients
11 are cranberry and pomegranate juice.  Attached as "Exhibit A" are true and correct
12 copies of photographs of Ocean Spray's Cranberry Pomegranate Product.

13      21.    In addition to the claims on the product itself, Ocean Spray also
14 maintains a website at www.oceanspray.com that advertises and markets Ocean
15 Spray's product as "cranberry and pomegranate" juice.  Plaintiff is informed and
16 believes that Ocean Spray has engaged in other forms of marketing and advertising
17 of its Cranberry Pomegranate Product targeting consumers throughout the United
18 States.

19      22.    Purchasers of Ocean Spray's product are likely to be misled and
20 deceived by Ocean Spray's product labeling, marketing and advertising.  By the
21 name of the product, and by the label that prominently features a depiction of
22 cranberries and pomegranates, one would expect that the primary ingredients of
23 Ocean Spray's Cranberry Pomegranate Product are cranberry and pomegranate
24 juice.  However, of the five juices that comprise this product, cranberry juice ranks
25 third, and pomegranate juice ranks fifth (last).

26      23.    Ocean Spray's false and misleading advertising of its Cranberry
27 Pomegranate Product is damaging to the reputation and goodwill of Plaintiff and is
28 damaging to the consuming public.  These false and misleading representations are

1   designed to entice consumers to purchase Ocean Spray's product over Plaintiff's
2   products.  Specifically, Ocean Spray's false and misleading representations
3   regarding the primary ingredients of its product imply that these primary ingredients
4   are cranberry and pomegranate juice, when in fact Ocean Spray has substituted
5   much of the valuable and beneficial substance of cranberry and pomegranate juice
6   with economically and nutritionally inferior juices such as grape and apple.  Ocean
7   Spray's suggestive marketing, which includes a depiction of cranberries and
8   pomegranates on the label, on the packaging, and in connection with advertising,
9   leads consumers to believe that Cranberry Pomegranate Product is an antioxidant-
10  rich juice product, containing all of the health benefits associated with Plaintiff's
11  products, when in fact it does not.

12      24.    Because the cost to produce Ocean Spray's product containing
13  economically inferior components is far less than the cost to produce Plaintiff's
14  blended pomegranate juices, Ocean Spray can charge less for its product than
15  competitors, including Plaintiff, while reaping a substantial profit.  In this way,
16  notwithstanding that Ocean Spray's product actually contains little (if any)
17  pomegranate juice, Ocean Spray entices consumers who would otherwise buy
18  Plaintiff's product to buy its product instead.  In doing so, Ocean Spray wrongfully
19  tricks consumers into thinking that they are getting a product similar to Plaintiff's
20  products for a lower price, when in fact they are getting an economically and
21  nutritionally inferior product.

22      25.    The natural, probable and foreseeable result of Ocean Spray's wrongful
23  conduct has been to cause confusion, deception and mistake in the pomegranate
24  juice market as a whole, to deprive Plaintiff of business and goodwill, and to injure
25  Plaintiff's relationships with existing and prospective customers.

26      26.    Plaintiff is informed and believes that Ocean Spray's wrongful conduct
27  has resulted in increased sales of Ocean Spray's own Cranberry Pomegranate
28  Product while hindering the sales of Plaintiff's pomegranate juice products and

1  damaging Plaintiff's goodwill.  Plaintiff has sustained and will sustain damages as a
2  result of Ocean Spray's wrongful conduct.

### FIRST CLAIM FOR RELIEF

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

Against All Defendants)

6      27.    Plaintiff incorporates by reference Paragraphs 1 through 26 above as
7  though fully set forth herein.

8      28.    Upon information and belief Defendants have made and distributed, in
9  interstate commerce and in this District, advertisements that contain false or
10 misleading statements of fact regarding their products.  These advertisements
11 contain actual misstatements and/or misleading statements and failures to disclose,
12 including, among others, the statement that Defendants' product consists primarily
13 of cranberry and pomegranate juice.

14     29.    Upon information and belief, these false statements actually deceive, or
15 have a tendency to deceive, a substantial segment of Plaintiff's customers and
16 potential customers.  This deception is material in that it is likely to influence the
17 purchasing decisions of Plaintiff's customers.

18     30.    Defendants' false and misleading advertising statements and omissions
19 injure both consumers and Plaintiff.

20     31.    Defendants' false and misleading advertising statements and omissions
21 violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

22     32.    Defendants have caused, and will continue to cause, immediate and
23 irreparable injury to Plaintiff, including injury to its business, reputation, and
24 goodwill, for which there is no adequate remedy at law.  As such, Plaintiff is entitled
25 to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents,
26 employees, representatives and all persons acting in concert with them from
27 engaging in further acts of false advertising, and ordering removal of all
28 Defendants' false advertisements.

33. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

34. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

35. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500

Against All Defendants)

36. Plaintiff incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein.

37. Defendants knew or in the exercise of reasonable care should have known that their publicly disseminated statements and omissions relating to their Cranberry Pomegranate Product were false or misleading. Defendants' false advertising statements and omissions injure consumers and Plaintiff. Defendants' false and misleading statements include, among others, that Defendants' product consists primarily of cranberry and pomegranate juice.

38. By making such untrue or misleading statements, Defendants have engaged in false advertising in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §17500, *et seq.*

39. By reason of Defendants' conduct, Plaintiff has suffered injury in fact and has lost money or property.

40. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further such acts, and forbidding Defendants from advertising their Cranberry Pomegranate Product as primarily containing cranberry and pomegranate, and from making other false statements in connection with the product.

41. Plaintiff is further entitled to a restitutionary recovery from Defendants.

## THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition – Cal. Bus. & Prof. Code §17200, *et seq.*
Against All Defendants)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 above as though fully set forth herein.

43. Defendants have made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the nature, quality, and characteristics of their Cranberry Pomegranate Product with the intent of selling, distributing, and increasing the consumption of, and interest in, their Cranberry Pomegranate Product.

44. Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §17200, *et seq.*

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good

10    COMPLAINT FOR FALSE ADVERTISING

1 will with its existing, former and potential customers. Defendants' conduct has also
2 caused damage to consumers.

3       46.     These wrongful acts have proximately caused and will continue to
4 cause Plaintiff substantial injury, including loss of customers, dilution of goodwill,
5 confusion of existing and potential customers, and diminution of the value of
6 Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both
7 imminent and irreparable, and the amount of damage sustained by Plaintiff will be
8 difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

9       47.     Plaintiff is entitled to an injunction restraining Defendants, their
10 officers, agents, employees, and all persons acting in concert with them from
11 engaging in further such unlawful conduct.

12       48.     Plaintiff is further entitled to a restitutionary recovery from Defendants.

13                    **PRAYER FOR RELIEF**

14       WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

15       1.     For temporary, preliminary and permanent injunctive relief prohibiting
16 Defendants, their agents, or anyone working for, in concert with or on behalf of
17 Defendants from engaging in false or misleading advertising with respect to their
18 Cranberry Pomegranate Product and/or violating Lanham Act § 43(a), which relief
19 includes but is not limited to removal of all false or misleading advertisements and
20 corrective advertising to remedy the effects of Defendants' false advertising.

21       2.     For an order requiring Defendants to correct any erroneous impression
22 persons may have derived concerning the nature, characteristics, or qualities of their
23 Cranberry Pomegranate Product, including without limitation, the placement of
24 corrective advertising and providing written notice to the public.

25       3.     That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by
26 unfairly competing against Plaintiff by using false, deceptive or misleading
27 statements of fact that misrepresent the nature, quality and characteristics of their
28 Cranberry Pomegranate Product.

4.      That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code §17200, *et seq.*

5.      That Defendants be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code §17500, *et seq.*

6.      That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7.      That Plaintiff be awarded Defendants' profits obtained by Defendant as a consequence of Defendants' conduct.

8.      That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of Lanham Act § 43(a).

9.      That Plaintiff recover its costs and reasonable attorneys' fees.

10.     That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. §1118.

11.     That Plaintiffs be granted prejudgment and post judgment interest.

12.     That Plaintiff have such other and further relief as the Court deems just and proper.

Dated:  January 23, 2009

LOEB & LOEB LLP
ANDREW S. CLARE
MARK D. CAMPBELL
DAVID GROSSMAN

By: _____
Mark D. Campbell
Attorneys for Plaintiff
POM WONDERFUL LLC

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Dated: January 23, 2009

                                  LOEB & LOEB LLP
                                  ANDREW S. CLARE
                                  MARK D. CAMPBELL
                                  DAVID GROSSMAN

By: _____
              Mark D. Campbell
              Attorneys for Plaintiff
              POM WONDERFUL LLC

# EXHIBIT A



MARK D. CAMPBELL (SBN 186439)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067
Telephone: 310-282-2000
Facsimile: 310-282-2200
Attorneys for Plaintiff

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company <br><br> PLAINTIFF(S) <br><br> V. <br><br> OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV09-00565 DDP (RZx) <br><br><br> SUMMONS |

TO:DEFENDANT(S): <u>OCEAN SPRAY CRANBERRIES, INC. and DOES 1-10, INCLUSIVE</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Mark D. Campbell, Loeb & Loeb, LLP</u>, whose address is <u>10100 Santa Monica Boulevard, Suite 2200, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: January 23, 2009

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc. www.USCourtForms.com

# Exhibit B

ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200
CHRISTOPHER VAN GUNDY
(SBN 152359)
cvangundy@roll.com
SOPHIE N. FROELICH (SBN 213194)
sfroelich@roll.com
ROLL LAW GROUP P.C.
11444 W. Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone:  310-966-8400
Facsimile:   310-966-8810

TODD C. THEODORA (SBN 120426)
ttheodora@tocounsel.com
THEODORA ORINGHER MILLER
 & RICHMAN PC
535 Anton Boulevard, 9th Floor
Costa Mesa, California  92626
Telephone:  (714) 549-6200
Facsimile:   (714) 549-6201

Attorneys for POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. <br><br>——————————————————— <br><br> AND RELATED COUNTERCLAIMS. | Case No.  CV09-00565 DDP (RZx) <br><br> **[PROPOSED] FIRST AMENDED COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT 43(A); FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 ET SEQ.; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS &  PROFESSIONS CODE § 17200, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

{047472.2}

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1.      Plaintiff Pom Wonderful is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2.      On information and belief, defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") is a Delaware corporation with its principal place of business in Lakeville, Massachusetts.

3.      Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that Ocean Spray and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter.  Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aid or abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5.      As described further below, Ocean Spray conducts business and manufactures and/or distributes products in the greater Los Angeles area, and throughout the United States.

**JURISDICTION AND VENUE**

6.      This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over this action

{047472.2}                                            - 1 -                        **FIRST AMENDED** COMPLAINT
                                                                                   FOR FALSE ADVERTISING

pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act
claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

7.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and
1400 because a substantial part of the events or omissions giving rise to the claims
occurred in this District.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.    This action seeks redress for Ocean Spray's deliberate and unlawful
false and misleading representations regarding its Cranberry & Pomegranate
product ("Cranberry Pomegranate Product").  Both in advertising and on the bottle
itself, Ocean Spray characterizes this product as "Cranberry &  Pomegranate" juice,
and includes a prominent picture of cranberries and pomegranates on the label
when, in fact, the primary ingredients are actually grape and apple juice.  By
characterizing this product as "Cranberry & Pomegranate," and including a
prominent display of cranberries and pomegranates on the label, Ocean Spray has
confused and misled consumers, who reasonably expect that the primary ingredients
are cranberry and pomegranate juice.

9.    This action also seeks redress for the unfair, unlawful and fraudulent
business practices of all Defendants, each of whom have participated in making the
false advertising claims relating to Ocean Spray's Cranberry Pomegranate Product
in California and nationwide.

### I.    POM WONDERFUL

10.    Plaintiff is the largest grower and distributor of pomegranates and
pomegranate juice in the United States.

11.    Plaintiff produces, markets and sells POM WONDERFUL® brand
bottled pomegranate juice, and various pomegranate juice blends.  Pom Wonderful
has been bottling, selling and marketing its juice products since 2002.

12.    When Pom Wonderful began the development and distribution of POM

{047472.2}                                - 2 -          <u>FIRST AMENDED</u> COMPLAINT
                                                          FOR FALSE ADVERTISING

WONDERFUL® juice, it invested millions of dollars in researching the nutritional qualities and health benefits of pomegranate juice, an investment that continues to this day.  Pom Wonderful has consulted with world-renowned scientists, including a Nobel laureate, and underwrites major research studies, many of which are published in well-known and prestigious peer-reviewed scientific and medical journals.

13.     Scientists have discovered that pomegranate juice has very high levels of unique polyphenols, antioxidants that are particularly effective at neutralizing free radicals, preventing oxidation of LDL cholesterol (the "bad" cholesterol) and plaque build-up in the blood vessels, and preserving nitric oxide, a key chemical in the body for regulating blood flow and maintaining vessel health.

14.     A key element of Pom Wonderful's marketing campaign has been its concentration on the health benefits associated with pomegranates and pomegranate juice, and its emphasis on the high level of antioxidants contained in POM WONDERFUL® brand juice.

15.     ~~Through its investment of millions of dollars to research and promote the nutritional qualities and health benefits associated with pomegranate juice, Plaintiff largely created the burgeoning market for genuine pomegranate juice that exists today.  Pom Wonderful's pomegranate juice has, in only six short years, eclipsed all other products in its market segment of super premium juices to take the # 1 spot nationwide in supermarket sales, as well as the # 1 spots in the key geographic regions of Los Angeles, Chicago, New York, among many others.  Pom Wonderful's annual supermarket sales have, incredibly, gone from zero to well over $70 million in that same period.~~

16.     ~~Plaintiffs success has been both good and bad for consumers. On the one hand, consumers have been made aware of the nutritional qualities and health benefits of 100 percent pomegranate juice. On the other hand, unscrupulous~~

1 ~~competitors have set out to cash in on Plaintiff's success by marketing and selling to~~

2 ~~consumers products labeled as "pomegranate juice," that in fact contain little or no~~

3 ~~actual pomegranate juice. Ocean Spray is one such competitor.~~

4 **II.    OCEAN SPRAY AND ITS FALSE ADVERTISING OF ITS**

5 **CRANBERRY POMEGRANATE PRODUCT**

6       17.    Ocean Spray markets and sells various bottled juice products under the

7 "Ocean Spray" brand, and is one of Plaintiff's competitors in the bottled

8 pomegranate juice market.  Ocean Spray is based in Lakeville, Massachusetts and,

9 Plaintiff is informed and believes, markets, distributes and sells its products,

10 including its Cranberry Pomegranate Product, in Los Angeles County and

11 throughout the United States.

12       18.    In April 2007, Ocean Spray announced the debut of two new cranberry

13 juice combinations "with a healthy duo of antioxidant rich fruits," one of which was

14 a cranberry pomegranate product.

15

16

17 

18

19

20

21

22

23

24

25

26

27       19.    Like the pomegranate, in recent years the cranberry has become a

28 staple for health conscious consumers because of its high antioxidant capacity.

1    Thus, Ocean Spray's Cranberry Pomegranate Product purports to combine two of

2    nature's most powerful antioxidants into a single product. I n fact, the main

3    ingredients in Ocean Spray's Cranberry Pomegranate Product are neither cranberry

4    nor pomegranate juice, but rather, grape and apple juice.

5         20.    Notwithstanding that Ocean Spray's product actually contains little or

6    no pomegranate juice, both in advertising and on the bottle itself, Ocean Spray

7    characterizes this product as "Cranberry &  Pomegranate" juice, and includes a

8    prominent depiction of cranberries and pomegranates on the bottle when, in fact,

9    the primary ingredients are actually grape and apple juice.  By characterizing this

10   product as "Cranberry & Pomegranate," and including the prominent display of

11   cranberries and pomegranates on the label and packaging, Ocean Spray has

12   confused and misled consumers, who reasonably expect that the primary

13   ingredients are cranberry and pomegranate juice.  Attached as "Exhibit A" are true

14   and correct copies of photographs of Ocean Spray's Cranberry Pomegranate

15   Product.

16        21.    In addition to the claims on the product itself, Ocean Spray also

17   maintains a website at www.oceanspray.com that advertises and markets Ocean

18   Spray's product as "cranberry and pomegranate" juice.  Plaintiff is informed and

19   believes that Ocean Spray has engaged in other forms of marketing and advertising

20   of its Cranberry Pomegranate Product targeting consumers throughout the United

21   States.

22        22.    Purchasers of Ocean Spray's product are likely to be misled and

23   deceived by Ocean Spray's product labeling, marketing and advertising.  By the

24   name of the product, and by the label that prominently features a depiction of

25   cranberries and pomegranates, one would expect that the primary ingredients of

26   Ocean Spray's Cranberry Pomegranate Product are cranberry and pomegranate

27   juice.  However, of the five juices that comprise this product, cranberry juice ranks

28   third, and pomegranate juice ranks fifth (last).

{047472.2}                                       - 5 -              **FIRST AMENDED** COMPLAINT
                                                                   FOR FALSE ADVERTISING

23.    Ocean Spray's false and misleading advertising of its Cranberry
Pomegranate Product is damaging to the reputation and goodwill of Plaintiff and is
damaging to the consuming public.  These false and misleading representations are
designed to entice consumers to purchase Ocean Spray's product over Plaintiffs
products.  Specifically, Ocean Spray's false and misleading representations
regarding the primary ingredients of its product imply that these primary ingredients
are cranberry and pomegranate juice, when in fact Ocean Spray has substituted
much of the valuable and beneficial substance of cranberry and pomegranate juice
with economically and nutritionally inferior juices such as grape and apple.  Ocean
Spray's suggestive marketing, which includes a depiction of cranberries and
pomegranates on the label, on the packaging, and in connection with advertising,
leads consumers to believe that Cranberry Pomegranate Product is an antioxidant-
rich juice product, containing all of the health benefits associated with Plaintiff's
products, when in fact it does not.

24.    Because the cost to produce Ocean Spray's product containing
economically inferior components is far less than the cost to produce Plaintiff's
blended pomegranate juices, Ocean Spray can charge less for its product than
competitors, including Plaintiff, while reaping a substantial profit.  In this way,
notwithstanding that Ocean Spray's product actually contains little (if any)
pomegranate juice, Ocean Spray entices consumers who would otherwise buy
Plaintiff's product to buy its product instead.  In doing so, Ocean Spray wrongfully
tricks consumers into thinking that they are getting a product similar to Plaintiff's
products for a lower price, when in fact they are getting an economically and
nutritionally inferior product.

25.    The natural, probable and foreseeable result of Ocean Spray's wrongful
conduct has been to cause confusion, deception and mistake in the pomegranate
juice market as a whole, to deprive Plaintiff of business and goodwill, and to injure

{047472.2}                                   - 6 -               **FIRST AMENDED** COMPLAINT
                                                                 FOR FALSE ADVERTISING

1   Plaintiff's relationships with existing and prospective customers.

2       26.   Plaintiff is informed and believes that Ocean Spray's wrongful conduct

3   has resulted in increased sales of Ocean Spray's own Cranberry Pomegranate

4   Product while hindering the sales of Plaintiff's pomegranate juice products and

5   damaging Plaintiff's goodwill.  Plaintiff has sustained and will sustain damages as a

6   result of Ocean Spray's wrongful conduct.

7                          **FIRST CLAIM FOR RELIEF**

8       (False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a) Against All

9                                  Defendants)

10      27.   Plaintiff incorporates by reference Paragraphs 1 through 26 above as

11  though fully set forth herein.

12      28.   Upon information and belief Defendants have made and distributed, in

13  interstate commerce and in this District, advertisements that contain false or

14  misleading statements of fact regarding their products.  These advertisements

15  contain actual misstatements and/or misleading statements and failures to disclose,

16  including, among others, the statement that Defendants' product consists primarily

17  of cranberry and pomegranate juice.

18      29.   Upon information and belief, these false statements actually deceive, or

19  have a tendency to deceive, a substantial segment of Plaintiff's customers and

20  potential customers.  This deception is material in that it is likely to influence the

21  purchasing decisions of Plaintiff's customers.

22      30.   Defendants' false and misleading advertising statements and omissions

23  injure both consumers and Plaintiff.

24      31.   Defendants' false and misleading advertising statements and omissions

25  violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

26      32.   Defendants have caused, and will continue to cause, immediate and

27  irreparable injury to Plaintiff, including injury to its business, reputation, and

{047472.2}                          - 7 -                  **FIRST AMENDED** COMPLAINT
                                                            FOR FALSE ADVERTISING

goodwill, for which there is no adequate remedy at law.  As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

33.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a).  Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

34.     Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts.  Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

35.     Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action.  Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500 Against All Defendants)

36.     Plaintiff incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein.

37.     Defendants knew or in the exercise of reasonable care should have known that their publicly disseminated statements and omissions relating to their Cranberry Pomegranate Product were false or misleading. Defendants' false advertising statements and omissions injure consumers and Plaintiff.  Defendants' false and misleading statements include, among others, that Defendants' product

1   consists primarily of cranberry and pomegranate juice.

2       38.   By making such untrue or misleading statements, Defendants have

3   engaged in false advertising in violation of the statutory law of the state of

4   California, Cal. Bus. & Prof. Code § 17500, *et seq.*

5       39.   By reason of Defendants' conduct, Plaintiff has suffered injury in fact

6   and has lost money or property.

7       40.   Defendants have caused, and will continue to cause, immediate and

8   irreparable injury to Plaintiff, including injury to its business, reputation, and

9   goodwill, for which there is no adequate remedy at law.  Plaintiff is entitled to an

10   injunction restraining Defendants, their agents, employees, representatives and all

11   persons acting in concert with them from engaging in further such acts, and

12   forbidding Defendants from advertising their Cranberry Pomegranate Product as

13   primarily containing cranberry and pomegranate, and from making other false

14   statements in connection with the product.

15       41.   Plaintiff is further entitled to a restitutionary recovery from Defendants.

16   **THIRD CLAIM FOR RELIEF**

17   (Statutory Unfair Competition - Cal. Bus. & Prof. Code § 17200, *et seq.*

18   Against All Defendants)

19   

20       42.   Plaintiff incorporates by reference Paragraphs 1 through 41 above as

21   though fully set forth herein.

22       43.   Defendants have made, published, disseminated, and circulated false,

23   deceptive, and misleading statements, representations, and advertisements in

24   California misrepresenting the nature, quality, and characteristics of their Cranberry

25   Pomegranate Product with the intent of selling, distributing, and increasing the

26   consumption of, and interest in, their Cranberry Pomegranate Product.

27       44.   Defendants' conduct as alleged herein constitutes unfair competition in

28   that such acts were and are unlawful, unfair, deceptive and/or fraudulent business

acts or practices in violation of California Business & Professions Code § 17200, *et seq.*

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's goodwill with its existing, former and potential customers. Defendants' conduct has also caused damage to consumers.

46.     These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff s products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

47.     Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

48.     Plaintiff is further entitled to a restitutionary recovery from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For temporary, preliminary and permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to their Cranberry Pomegranate Product and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

2.     For an order requiring Defendants to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of their Cranberry Pomegranate Product, including without limitation, the placement of

{047472.2}                                    - 10 -                    **FIRST AMENDED** COMPLAINT
                                                                        FOR FALSE ADVERTISING

corrective advertising and providing written notice to the public.

3. That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of their Cranberry Pomegranate Product.

4. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code§ 17200, *et seq.*

5. That Defendants be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. &  Prof. Code §17500, *et seq.*

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7. That Plaintiff be awarded Defendants' profits obtained by Defendant as a consequence of Defendants' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118.

11. That Plaintiffs be granted prejudgment and post judgment interest.

///
///
///
///
///

12.     That Plaintiff have such other and further relief as the Court deems just and proper.

Dated: January 10, 2011          ROLL LAW GROUP, P.C.

                                 By:  _/s/ Christopher Van Gundy_
                                      Christopher Van Gundy
                                      Sophie N. Froelich
                                      Azadeh Allayee
                                      Attorneys for Plaintiff
                                      POM WONDERFUL LLC

{047472.2}                    - 12 -            **FIRST AMENDED** COMPLAINT
                                                FOR FALSE ADVERTISING

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Dated:  January 10, 2011          ROLL LAW GROUP, P.C.

By:   */s/ Christopher Van Gundy*
          Christopher Van Gundy
          Sophie N. Froelich
          Azadeh Allayee
          Attorneys for Plaintiff
          POM WONDERFUL LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**FIRST AMENDED** COMPLAINT
FOR FALSE ADVERTISING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST AMENDED** COMPLAINT
FOR FALSE ADVERTISING

# Exhibit C

**Allayee, Azadeh**

| | |
|---|---|
| **From:** | Allayee, Azadeh |
| **Sent:** | Tuesday, December 07, 2010 12:20 PM |
| **To:** | 'Horvath, August'; Van Gundy, Christopher |
| **Cc:** | Froelich, Sophie; 'Caley, Steve'; 'Ward Lott' |
| **Subject:** | RE: Ocean Spray - Complaint and Counter-Complaint` |

August/Steve,

Since my email below and our telephone call issue last week, we haven't heard from you on whether Ocean Spray will stipulate to Pom's proposal to amend its complaint.  During our telephone call on December 1, you said that you are still considering our proposal, and we should not assume from Ocean Spray's silence that it will not stipulate.  Please let us know today whether Ocean Spray will agree to the amendment we have proposed.  Otherwise, we will have to move forward with filing our motion to amend. I look forward to hearing from you.

**From:** Allayee, Azadeh
**Sent:** Monday, November 22, 2010 2:30 PM
**To:** 'Horvath, August'; Van Gundy, Christopher
**Cc:** Froelich, Sophie; Caley, Steve; 'Ward Lott'
**Subject:** RE: Ocean Spray - Complaint and Counter-Complaint`

August/Steve,

Per our telephone conference with you today and for the reasons that we explained, we renew our request that Ocean Spray stipulate to Pom amending its complaint to drop paragraphs 15 and 16 (this corrects our statement to you over the phone today that it is paragraphs 16 and 17.  It is actually 15 and 16 that we wish to omit).  Otherwise, we will proceed with filing a motion to amend to drop these 2 paragraphs.  We look forward to hearing from you on this issue.

**From:** Horvath, August [mailto:AHorvath@KelleyDrye.com]
**Sent:** Sunday, October 17, 2010 8:24 AM
**To:** Van Gundy, Christopher
**Cc:** Froelich, Sophie; Allayee, Azadeh; Caley, Steve; 'Ward Lott'
**Subject:** RE: Ocean Spray - Complaint and Counter-Complaint`

Chris,

We would oppose both of these actions/motions.

August

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Friday, October 15, 2010 5:23 PM
**To:** Horvath, August
**Cc:** Froelich, Sophie; Allayee, Azadeh
**Subject:** Ocean Spray - Complaint and Counter-Complaint`

August,

We would like to amend our Complaint to drop paragraphs 15 and 16.  Please let us know whether you object, otherwise we will have to file a motion.

Also, we propose that both sides drop their state-law claims, based on rulings by the judges in Tropicana and Welch's (and I think Minutemaid).  I do not believe these rulings are correct, but they have been dismissed in other cases, and I don't see the point of keeping the state-law claims.  Again, please let us know your position, otherwise we will have to file a motion.

Thanks,

Chris

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise
stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure;
please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be
subject to legal restriction or sanction. If you think that you have received this E-mail message in
error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or
other defect that might affect any computer system into which it is received and opened. However, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley
Drye & Warren LLP for any loss or damage arising in any way from its use.