1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:  310-282-2200

6  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
7  SOPHIE N. FROELICH (SBN 213194)
   sfroelich@roll.com
8  ROLL LAW GROUP P.C.
   11444 W. Olympic Boulevard, 10th Floor
9  Los Angeles, California 90064-1557
   Telephone:  310-966-8400
10 Facsimile:  310-966-8810

11 TODD C. THEODORA (SBN 120426)
   ttheodora@tocounsel.com
12 THEODORA ORINGHER MILLER & RICHMAN PC
   535 Anton Boulevard, 9th Floor
13 Costa Mesa, California  92626
   Telephone:  714-549-6200
14 Facsimile:   714-549-6201
   Attorneys for Plaintiff POM WONDERFUL LLC

15

16             UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18 | POM WONDERFUL LLC, | Case No.  CV09-00565 DDP (RZx)
19 | Plaintiff, | **REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE [PROPOSED] FIRST AMENDED COMPLAINT; DECLARATION OF AZADEH ALLAYEE IN SUPPORT THEREOF**
20 | v. |
21 | OCEAN SPRAY CRANBERRIES, INC., et al., |
22 | Defendants. | Assigned to Hon. Dean D. Pregerson
23 | |
   | AND RELATED COUNTERCLAIMS | Date: February 14, 2011
24 | | Time: 10:00 a.m.
   | | Place: Courtroom 3 – 2nd Floor
25 | |           U.S.D.C. Central District
   | |           312 N. Spring Street
26 | |           Los Angeles, CA  90012

27             [PUBLIC REDACTED VERSION]

28

## I. INTRODUCTION

Despite making conclusory accusations of "undue delay," "prejudice," "pretext," and "bad faith," Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") fails to explain persuasively, much less demonstrate, that any of these purported claims actually exist - and none of them support denial of this motion.

Plaintiff Pom Wonderful LLC ("Pom") has not unduly delayed bringing this motion. This motion is not based on facts already known to Pom two years ago, as Ocean Spray erroneously argues. Rather, this motion is based upon facts recently learned from Ocean Spray ███████████████████████████████████
███████████████████████████████████████████████████████████
███████████

Ocean Spray also fails to demonstrate any bad faith. It erroneously argues that Pom cannot seek to omit these allegations from its complaint simply because it has now obtained "proof" for such allegations. The new facts discovered by Pom are not proof of the allegations it seeks to omit regarding its own creation of the pomegranate juice market. ████████████████████
███████████████████████████████████████████████████ As such, the allegations Pom seeks to omit have become superfluous, thus Pom has good cause for seeking their deletion from its existing complaint.

Nor does Ocean Spray demonstrate that omitting these allegations will somehow impede Ocean Spray's own defenses and counterclaims or obstructs its ability to conduct discovery. Ocean Spray's right to discovery on these allegations remains unchanged, whether they are in Pom's operative complaint or not. Furthermore, if, as Ocean Spray argues, its own defenses and counterclaims contain the same or similar allegations, there is no reason for them to remain in Pom's complaint.

/ / /

{048287.1}  1

DECLARATION OF AZADEH ALLAYEE IN SUPPORT OF PLAINTIFF'S REPLY

1   For the same reasons, Ocean Spray fails to demonstrate any prejudice. Again, the absence of these allegations from Pom's operative complaint does not mean that they cease to exist for discovery or evidentiary purposes. Moreover, if Ocean Spray has indeed made the same contentions in its own defenses and counterclaims as Ocean Spray points out, it does not need them in Pom's complaint.

Based on the foregoing, Pom's motion to amend its complaint should be granted.

## II.   OCEAN SPRAY FAILS TO ARTICULATE ANY UNDUE DELAY.

Ocean Spray's argument regarding undue delay focuses entirely on what Pom knew about its own success in the marketplace prior to filing its complaint. This misses the point. What Pom knew about its own success is irrelevant. █████

█████

Additionally, Pom is not seeking to add allegations to its complaint, such that it has "unduly delayed" bringing a motion to include entirely new contentions. Rather, Pom is asking to omit already existing allegations because they are no longer necessary. Therefore, Ocean Spray's argument that Pom knew of its own success prior to filing its complaint and has thus "unduly delayed" bringing this motion makes no sense.

Obviously, Pom knew of its own success prior to filing its complaint – that is why these allegations were included in its original complaint. Pom now wishes to remove them, however, because they no longer represent a point that Pom seeks to make in this litigation. █████

█████

///

1
2
<!-- redacted -->

3  Notably, both of the cases Ocean Spray cites for undue delay involved
4 motions to add new claims, not motions to omit already existing ones.  See <u>Ruggles
5 v. Wellpoint, Inc.</u>, 687 F. Supp. 2d 30, 31(N.D.N.Y. 2009)("By its Motion to
6 Amend, Plaintiffs seek to add class action claims pursuant to California and Illinois
7 state laws on behalf of several proposed plaintiffs who have opted-in to the
8 lawsuit.); <u>Bellanger v. Health Plan of Nevada, Inc.</u>, 814 F. Supp. 914, 916 (D. Nev.
9 1992) ("Plaintiff's original complaint filed in this Court sought relief in the form of
10 employee's benefits only.  He now moves this Court for leave to amend his original
11 complaint to request that this Court permanently enjoin Defendant from future
12 ERISA violations.").
13  There is a marked difference between an amendment that requires a whole
14 new round of discovery on brand new allegations, and one that simply removes
15 existing allegations because they are no longer necessary for the moving party's
16 case.  Pom should be permitted to omit these allegations because they no longer
17 represent contentions that Pom intends to present at trial.  No "undue delay" has
18 been demonstrated here for simply allowing Pom to remove existing contentions
19 based upon recently learned facts.

20 **III. <u>OCEAN SPRAY FAILS TO SHOW ANY BAD FAITH.</u>**

21  In arguing that Pom is engaging in bad faith, Ocean Spray again misses the
22 point.  Ocean Spray first argues that Pom cannot seek to omit allegations merely
23 because it has obtained "proof" for those allegations.  This again makes no sense.

24
25
26
27
28
<!-- redacted -->

{048287.1}

3

REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO FILE
1ST AMENDED COMPLAINT

1
2
3
4
5

6        Ocean Spray also accuses Pom of seeking a "litigation advantage" with this
7 proposed amendment, but fails to identify what such advantage would be. All that
8 Ocean Spray articulates is that somehow these allegations are related to Ocean
9 Spray's own defenses and counterclaims. If that is the case, however, Ocean Spray
10 fails to explain why it needs these allegations in Pom's complaint. If the
11 contentions stated in paragraphs 15 and 16 of Pom's complaint are already stated in
12 Ocean Spray's own pleadings, there is no reason why these allegations must remain
13 in Pom's complaint.

14        Ocean Spray cannot point to any discovery or evidentiary bad faith since it
15 can continue to conduct discovery on any omitted allegations. Ocean Spray appears
16 to believe that omitting these allegations from Pom's complaint will cause them to
17 disappear altogether. In fact, as Pom pointed out during the meet and confer process
18 (see Allayee Decl. In Support of Reply, ¶ 2), allegations in a complaint – whether
19 they are superseded by a later complaint or not – constitute admissions. See Huey v.
20 Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996)("When a pleading is amended or
21 withdrawn, the superseded portion ceases to be a conclusive judicial admission; but
22 it still remains as a statement once seriously made by an authorized agent, and as
23 such it is competent evidence of the facts stated, though controvertible, like any
24 other extrajudicial admission made by a party or his agent"); Andrews v. Metro
25 North Commuter R.R. Co., 882 F.2d 705, 707 (2nd Cir. 1989); ("The amendment of
26 a pleading does not make it any the less an admission of the party."); White v.
27 ARCO/Polymers, Inc., 720 F.2d 1391, 1396, fn. 5 (5th Cir. 1983) (allegations in
28 superseded pleadings are evidentiary admissions even if not judicial admissions).

1 | Accordingly, Ocean Spray is entitled to make whatever evidentiary use it wishes of these paragraphs of Pom's complaint, whether they are omitted from an amended pleading or not.

Finally, Ocean Spray's accusation that the bases for this motion "were never disclosed to Ocean Spray during the meet-and-confer process" is wrong. <u>See</u> Ocean Spray's Opposition, pg. 6:25-26. Pom repeatedly and specifically told Ocean Spray during the parties' November 22 telephone conference that it sought this amendment because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ <u>See</u> Allayee Decl. In Support of Reply, ¶ 2. In response, Ocean Spray said it would take Pom's request for an amendment under consideration. <u>Id.</u> Pom asked Ocean Spray to stipulate to this amendment, it explained its reasons for same, and it subsequently received no response from Ocean Spray (including any request for more information). <u>Id.</u> Rather, it received only months of silence.

Pom has demonstrated that it has not engaged in bad faith, and further has good cause for seeking to amend its complaint. Pom is not attempting to throw entirely new facts into its complaint that will require further discovery, or to obstruct Ocean Spray's ability to conduct discovery or pursue its own defenses and counterclaims. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

### IV. OCEAN SPRAY FAILS TO IDENTIFY ANY OTHER PREJUDICE WHATSOEVER.

The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice. <u>Bellanger</u>, 814 F. Supp. at 916. Ocean Spray fails to show any prejudice by allowing this amendment, but instead speaks in generalities

and offers the same nonsensical arguments. First, Ocean Spray erroneously concludes that Pom's desire for this amendment "suggests that Pom would use the absence of [these] allegations…to obstruct further discovery and the presentation of evidence…" See Ocean Spray's Opposition, pg. 7:17-19.

Nowhere has Pom ever claimed that the omission of these allegations should prohibit further discovery or the evidentiary use of same. As already demonstrated, allegations omitted from an operative pleading still remain a party's evidentiary admissions, albeit not judicial admissions. See Huey, 82 F.3d at 333; Andrews, 882 F.2d at 707; White, 720 F.2d at 1396, fn. 5. Ocean Spray fails to provide authority demonstrating that the absence of two paragraphs from Pom's operative complaint somehow prejudices its right to conduct discovery on those same allegations or to use those allegations as evidence.

Ocean Spray also argues that omitting these allegations would somehow "prejudice Ocean Spray in its ability to pursue defenses and counterclaims, and are sought for exactly that reason." See Ocean Spray's Opposition, pg. 7:25-26. Again, this argument makes no sense. A party is not prohibited from conducting discovery on allegations that are part of its own pleadings simply because the same or similar allegations have been omitted from the other party's pleadings. Ocean Spray cites no authority showing otherwise.

For these reasons as well, Ocean Spray has failed to show any reason for why this motion should be denied.

## V.  CONCLUSION

For all of the foregoing reasons, Pom respectfully requests that the Court grant Pom's Motion for Leave to File [Proposed] First Amended Complaint.

Dated: January 31, 2011            ROLL LAW GROUP P.C.

By: */s/ Christopher Van Gundy*
Christopher Van Gundy
Attorneys for Plaintiff
POM WONDERFUL LLC

# DECLARATION OF AZADEH ALLAYEE

I, Azadeh Allayee, declare as follows:

1.  I am an attorney with Roll Law Group P.C., counsel to Plaintiff Pom Wonderful LLC ("Plaintiff" or "Pom") in the above-captioned matter. I am a member of the State Bar of California and admitted to practice law before the United States District Court for the Central District of California. I have personal knowledge of the matters set forth herein, and would competently testify thereto under oath if called as a witness. I submit this declaration in support of Plaintiff Pom Wonderful LLC's Reply to Opposition to Plaintiff's Motion for Leave to File [Proposed] First Amended Complaint.

2.  During our telephonic meet and confer with Ocean Spray's counsel regarding this motion on November 22, 2010, myself and Christopher Van Gundy and Sophie Froelich of my firm pointed out that allegations in a complaint – whether they are superseded by a later complaint or not – constitute a party's admissions. Therefore, Ocean Spray's concern that omission of allegations from Pom's complaint would make it impossible for Ocean Spray to make use of such allegations was incorrect. [REDACTED] In response, Ocean Spray's counsel said they would take Pom's request for an amendment under consideration. Thereafter, and after our second attempt to meet and confer with Ocean Spray on December 1, we received no response to our request that Ocean Spray stipulate to this amendment (including any request for more information).

/ / /

/ / /

/ / /

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.  Executed this 31st day of January,
3  2011 in Los Angeles, California.

    /s/ *Azadeh Allayee*
    Azadeh Allayee