**Denise Reigel**

---

**From:**   Ward Lott
**Sent:**   Monday, January 31, 2011 12:08 PM
**To:**   Van Gundy, Christopher; Froelich, Sophie; 'Allayee, Azadeh'; 'newmandk@gtlaw.com'; 'shackelfordr@gtlaw.com'
**Cc:**   'Horvath, August'; 'Caley, Steve'; 'OCE02-01.DB@ds.calljensen.com'
**Subject:**   POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me.  Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order.  Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation.  The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation.  Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates. If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them.  On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now.  Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute.  And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced.  As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue.  Please let me know if you disagree and, if so, the basis for your disagreement.  In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
CALL & JENSEN
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

## Denise Reigel

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Tuesday, February 01, 2011 2:24 PM |
| **To:** | 'Van Gundy, Christopher'; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com |
| **Cc:** | Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com |
| **Subject:** | RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation |

Chris:

I think this is very straight forward. The specific documents we requested from Zeigler are relevant to Ocean Spray's defenses and counterclaims, and there is no burden or unfair prejudice to POM. Thus, they should be produced.

If there are documents in Zeigler's possession that are responsive to the subpoena we issued to Zeigler, we should already have them in the *Ocean Spray* matter. If we do not yet have these documents in the *Ocean Spray* case, we want them produced. If POM has produced no such documents in the *Zeigler* case, then there is nothing for Zeigler to produce in response to the subpoena and the issue is moot. The task of Zeigler making an electronic copy of certain documents already produced to Zeigler is hardly burdensome, and none of the burden would fall on POM. Finally, there is a protective order in place in the *Ocean Spray* matter that would adequately protect POM's privacy interests.

If POM has a good faith basis as to why POM believes Ocean Spray is not entitled to receive these documents, please let us know and we would be happy to discuss it. But thus far I just do not see any basis for reasonable disagreement.

As to your contention that the *Zeigler* case "involved no health benefit claims," we disagree with your contention even though it seems irrelevant to the issue of production. Please review paragraphs 14 and 15 of POM's complaint against Zeigler (set forth below). These allegations appear to make claims about pomegranate research / health benefit issues.

Ward

> 21      14.   When Pom Wonderful began the development and distribution
> 22   of POM WONDERFUL® juice, the company invested, and has committed to
> 23   invest, in excess of $30 million in researching its nutritional qualities. To
> 24   learn as much as possible about pomegranate juice and its nutritional and
> 25   health benefits, Pom Wonderful has consulted with world-renowned
> 26   scientists, including a Nobel laureate, and underwrites major research
> 27   studies, many of which are published in well-known and prestigious peer-
> 28   reviewed scientific and medical journals.

1      15.   The scientists have learned that pomegranate juice has very high

2   levels of unique polyphenols, antioxidants that are particularly effective at

3   neutralizing free radicals, preventing oxidation of LDL cholesterol (the "bad"

4   cholesterol) and plaque build-up in the blood vessels, and preserving nitric

5   oxide, a key chemical in the body for regulating blood flow and maintaining

6   vessel health.

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com
The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** Ward Lott; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but why what we don't understand is why you believe the Zeigler's case would have any relevant documents here.  Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice.  Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc.  Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort.  I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me. Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order. Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation. The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation. Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates. If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them. On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now. Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute. And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced. As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue. Please let me know if you disagree and, if so, the basis for your disagreement. In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward


**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**Denise Reigel**

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Wednesday, February 02, 2011 10:15 AM |
| **To:** | 'Allayee, Azadeh'; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com |
| **Cc:** | AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com |
| **Subject:** | RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation |

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM
**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

**From:** Van Gundy, Christopher

- 13 -

**EXHIBIT 3**

**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here. Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice. Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc. Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort. I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me. Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order. Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation. The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation. Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates. If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them. On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now. Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute. And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced. As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue. Please let me know if you disagree and, if so, the basis for your disagreement. In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward


**Ward Lott**
*Shareholder*

**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@callicnsen.com
www.callicnsen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**Denise Reigel**

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Thursday, February 03, 2011 4:14 PM |
| **To:** | 'Van Gundy, Christopher'; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com |
| **Cc:** | AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com |
| **Subject:** | RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation |

Chris:

Why can't we just get the production directly from Zeigler and have everyone agree that documents marked as confidential in *POM v. Zeigler* will be treated as confidential in *POM v. OS*?  The subpoena was issued to Ziegler, not POM.  POM has already produced these documents to an adversary in a litigation matter so the documents clearly are subject to production.  There is no need to discuss privilege or POM's objections.  POM cannot pick and choose which adversaries it wants to give relevant documents to based on privilege or other objections.  Zeigler can bates the documents or we can bates the documents, and either Zeigler or OS can give POM a copy of what is produced.

We are not looking to drag this out in protracted battle over whether the documents should be produced on a case by case basis.  This would create problems rather than solve them.  There are key depositions upcoming that relate to the issues addressed in the subpoena and we do not want any delays.  Any delay in production is going to require us to move forward with key depositions and then seek to reopen them based on any new documents we get down the road.  This would be an unnecessary waste of time and resources, and cause unfair prejudice to OS.

Ward

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Wednesday, February 02, 2011 11:17 AM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward and all,

After further consideration, I would propose the following solution:

1 – Rick forwards all copies of the production to me;

2 – We search those documents for responsive documents;

**EXHIBIT 4**

3 – We produce responsive, non-objectionable documents, with a privilege log, if there are any such documents, just like any other production (consecutively Bates-labeled, etc).

I do not think your "checking" theory of discovery is appropriate and that we would prevail on a motion.  However, at some point it is just a question of time and money, and I believe my compromise gets you what you want.

If you agree to this, I will arrange things with Mr. Shackelford.

Regards,

Chris

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Wednesday, February 02, 2011 10:15 AM
**To:** Allayee, Azadeh; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM
**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

---

**From:** Van Gundy, Christopher
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here.  Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice.  Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc.  Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort.  I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me.  Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order.  Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation.  The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation.  Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates.  If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them.  On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now.  Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute.  And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced.  As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue.  Please let me know if you disagree and, if so, the basis for your disagreement.  In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

## Denise Reigel

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Friday, February 04, 2011 10:20 AM |
| **To:** | 'Van Gundy, Christopher'; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com |
| **Cc:** | AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com |
| **Subject:** | RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation |

Chris:

Please get your facts straight.  We did not request the entire POM production to Zeigler; rather, only the documents that are relevant to a specific issue in the *Ocean Spray* matter.  We are talking about documents that Ocean Spray is (and has been for quite some time) entitled to receive, there is no burden on POM and there is no unfair prejudice to POM.  Thus, your stated intention of only producing a portion of what is responsive to the subpoena at some unspecified time is not acceptable.  We have a discovery cutoff of 3/14 and key depositions around the corner.  Ocean Spray will not agree to withdraw or modify the subpoena.

Ward


**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Thursday, February 03, 2011 6:03 PM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

You have yet to provide us all with one reason why you are entitled to the entirety of a POM document production in a case with issues and document requests different from this case.  The documents you asked for are not the same as the ones responsive in Zeigler's.  We are not proposing to pick or choose, we are proposing that Zeigler's comply with a court order and return our documents, which we will process as we do any other production.  Your false characterization of "picking and choosing" belies your bad faith in trying to obtain POM files that are not relevant to your case.  You know that Zeigler's didn't involve "health benefit claims," you're trying to get all of those documents regardless of whether they are responsive, this is harassing, and we will let the Court know this.

Moreover, Zeigler's is under a court order to return these documents to us.  If memory serves, the order does not mention an exception for subpoenas issued by attorneys.  My proposal will permit Mr. Shackelford to comply with the Court order, and will provide you with all documents produced in Zeigler's

that are responsive to your requests. This is not "picking and choosing." I believe that if there are any such responsive documents, you have them already, but I am happy to resolve any dispute in this regard by my proposal. Our cumulative and burden objections stand, but we are willing to forego those objections in an effort to resolve this dispute quickly. My proposal is for Rick and his client to comply with the protective order, we obtain the return of our documents, and then we search our documents for responsive, non-privileged documents as we would any request to POM.

Your entire premise of "checking" our document production in another case with different issues is unseemly and I do not think will pass muster with the court. If you want to avoid delay, I suggest you agree to my proposal right away, we'll move quickly and get this done. You have already wasted a day. Your only objection to our proposal is delay, but compared with motions before Judge Anderson and Judge Pregerson, I beg to differ.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Thursday, February 03, 2011 4:14 PM
**To:** Van Gundy, Christopher; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

Why can't we just get the production directly from Zeigler and have everyone agree that documents marked as confidential in *POM v. Zeigler* will be treated as confidential in *POM v. OS*? The subpoena was issued to Ziegler, not POM. POM has already produced these documents to an adversary in a litigation matter so the documents clearly are subject to production. There is no need to discuss privilege or POM's objections. POM cannot pick and choose which adversaries it wants to give relevant documents to based on privilege or other objections. Zeigler can bates the documents or we can bates the documents, and either Zeigler or OS can give POM a copy of what is produced.

We are not looking to drag this out in protracted battle over whether the documents should be produced on a case by case basis. This would create problems rather than solve them. There are key depositions upcoming that relate to the issues addressed in the subpoena and we do not want any delays. Any delay in production is going to require us to move forward with key depositions and then seek to reopen them based on any new documents we get down the road. This would be an unnecessary waste of time and resources, and cause unfair prejudice to OS.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Wednesday, February 02, 2011 11:17 AM

**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward and all,

After further consideration, I would propose the following solution:

1 – Rick forwards all copies of the production to me;

2 – We search those documents for responsive documents;

3 – We produce responsive, non-objectionable documents, with a privilege log, if there are any such documents, just like any other production (consecutively Bates-labeled, etc).

I do not think your "checking" theory of discovery is appropriate and that we would prevail on a motion.  However, at some point it is just a question of time and money, and I believe my compromise gets you what you want.

If you agree to this, I will arrange things with Mr. Shackelford.

Regards,

Chris

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Wednesday, February 02, 2011 10:15 AM
**To:** Allayee, Azadeh; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM

**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

---

**From:** Van Gundy, Christopher
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here. Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice. Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc. Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort. I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me. Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order. Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation. The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation. Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates. If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them. On the other hand, if there were relevant

2/9/2011                                    - 23 -

documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now.  Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute.  And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced.  As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue.  Please let me know if you disagree and, if so, the basis for your disagreement.  In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

## Denise Reigel

**From:**   Ward Lott

**Sent:**   Friday, February 04, 2011 11:03 AM

**To:**   'Van Gundy, Christopher'; shackelfordr@gtlaw.com

**Cc:**   Allayee, Azadeh; Froelich, Sophie

**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ocean Spray is fine with Rick's suggestion. The responsive POM documents in Zeigler's possession are what they are, and have already been produced to another of POM's adversaries in litigation. This is where we differ, Chris. Your view of responsive is not the same as Ocean Spray's, and we do not want to fight over the two differing views while key depositions are being taken and the discovery period runs out. Zeigler (not POM) is under an obligation to determine what is response pursuant to the subpoena. POM's purported concern over confidentiality issues is a red herring. The *Ocean Spray* protective order will adequately protect POM's confidentiality rights. I am baffled that we are actually fighting over this.

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Friday, February 04, 2011 10:47 AM
**To:** shackelfordr@gtlaw.com; Ward Lott
**Cc:** Allayee, Azadeh; Froelich, Sophie
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Rick,

Please see my prior e-mail.

To recap in response to your specific points below, you're saying that you'll do the search. That is unacceptable to us. We can do the search. You're under a court order to return the documents or destroy them, and referring to the subpoena as an "order" in a technical sense is not working for us. We're at the point where we're going into Judge Anderson for an order to show cause. You've stated not one reason why you can't comply with the order and let RLG do the searching.

Implying that you can search faster than we isn't true, and isn't working for us (a key word search may not be appropriate, or it maybe, the point is, these are OUR documents, and you are in violation of an order to return them to us). Your "minute" key word search is a possible method of searching, but not the only one. We can decide that for ourselves, or work it out with Ocean Spray, but thanks for the suggestion.

The only reason you don't want to give us the documents is that your fellow defense counsel trusts you more to run the search than it trusts us. And you're willing to indulge them in that view. I will tell you this as well. I am concerned that you delayed returning the documents to us because you knew the subpoena was coming. We can and will argue about that latter point another day.

If I were in your position, I would immediately return the documents to POM based on the understanding that POM has offered to review and produce all non-responsive documents. In fact, I respectfully demand that you return those documents to us immediately. You told me you had it on a disk, please messenger those over today to avoid further delay.

---

**From:** shackelfordr@gtlaw.com [mailto:shackelfordr@gtlaw.com]
**Sent:** Friday, February 04, 2011 10:39 AM
**To:** Van Gundy, Christopher; wlott@calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

I have reviewed your latest email regarding the subpoena from Ocean Spray. The parties' inability to work out a compromise is putting us, as Zeiglers' counsel and the recipient in the subpoena, in the unenviable position of picking which court order to violate. This is unacceptable. I believe you are correct that the Zeigler protective order does not carve out subpoenas. However, its silence on the subject does not somehow excuse our obligation to comply with another court order, which is exactly what a subpoena is.

I agree with Pom's position that not all of the documents produced to Zeigler would be subject to the subpoena. I don't think anyone believes otherwise. However, as I have told you on the phone, a word search of the collection employing terms like "health benefits" shows that over 6,000 of the 29,000 documents are responsive to such terms. Thus, it is clear that the collection produced to Ziegler's contains a substantial body of documents that would be responsive to Ocean Spray's subpoena. There was never a claw back request or other assertion made by Pom that its production to Zeiglers was inadvertent, or included privileged materials, or that Pom was needlessly dumping non-responsive documents on Zeigler. That being the case, presumably someone at Pom reviewed the documents, determined that they were non-privileged and responsive, and should be produced. Inasmuch as, from our view, the language in the Ocean Spray subpoena conceptually tracks the scope of the Zeigler document requests that netted these more than 6,000 documents in the first place, I am hard pressed to see why any re-review by Pom would be necessary, or would accomplish anything other than delay at best, and, at worst, potentially inappropriate withholding of documents that were already produced in another case. Absent Ocean Spray's consent, we are not willing to allow Pom to decide whether Zeiglers has complied with the subpoena.

It is equally clear that Pom is not in a position to tell Ocean Spray that all of those documents have already been produced to Ocean Spray. In other words, Pom cannot say that production pursuant to the subpoena would yield only duplicative production. Of course, if that were the case, then the could be no possible harm to Pom in any event, as Ocean Spray would merely end up with another copy of things it already had been given.

From our perspective, the fact that you cannot make that representation would seem to make Pom, as the arbiter of Zeigler's compliance with the subpoena from Ocean Spray, an unacceptable proposal. I think a better proposal is for Ocean Spray and Pom to agree on a set of search terms to be run on the Pom production to Zeiglers. Once those terms are agreed, then the search will be run, and whatever documents it yields will be produced to both Ocean Spray and Pom, and the Zeiglers' obligations under the subpoena will be discharged. Of course, this gives Pom the upper hand in the matter, considering it should be able to test the terms by running them on its own set of what it produced to Zeiglers. Surely you can't contend that Pom lacks that ability. Once that process is completed, we will return or destroy all documents produced to Zeiglers, whichever you instruct, and then there can be no argument that we have in any way failed to live up to our obligations under the protective order entered in the Zeiglers case. After that, Pom can battle it out with Ocean Spray as to whether there are things that, notwithstanding their earlier production to Zeiglers, should be clawed back, etc. But at least that gets my client out of the middle of this spat.

This can all be accomplished in a day. It can be accomplished without involving any court.

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless

otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Thursday, February 03, 2011 6:03 PM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; Newman, Daniell (Assoc-LA-LT); Shackelford, Rick L. (Shld-LA-LT)
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

You have yet to provide us all with one reason why you are entitled to the entirety of a POM document production in a case with issues and document requests different from this case. The documents you asked for are not the same as the ones responsive in Zeigler's. We are not proposing to pick or choose, we are proposing that Zeigler's comply with a court order and return our documents, which we will process as we do any other production. Your false characterization of "picking and choosing" belies your bad faith in trying to obtain POM files that are not relevant to your case. You know that Zeigler's didn't involve "health benefit claims," you're trying to get all of those documents regardless of whether they are responsive, this is harassing, and we will let the Court know this.

Moreover, Zeigler's is under a court order to return these documents to us. If memory serves, the order does not mention an exception for subpoenas issued by attorneys. My proposal will permit Mr. Shackelford to comply with the Court order, and will provide you with all documents produced in Zeigler's that are responsive to your requests. This is not "picking and choosing." I believe that if there are any such responsive documents, you have them already, but I am happy to resolve any dispute in this regard by my proposal. Our cumulative and burden objections stand, but we are willing to forego those objections in an effort to resolve this dispute quickly. My proposal is for Rick and his client to comply with the protective order, we obtain the return of our documents, and then we search our documents for responsive, non-privileged documents as we would any request to POM.

Your entire premise of "checking" our document production in another case with different issues is unseemly and I do not think will pass muster with the court. If you want to avoid delay, I suggest you agree to my proposal right away, we'll move quickly and get this done. You have already wasted a day. Your only objection to our proposal is delay, but compared with motions before Judge Anderson and Judge Pregerson, I beg to differ.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Thursday, February 03, 2011 4:14 PM
**To:** Van Gundy, Christopher; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

Why can't we just get the production directly from Zeigler and have everyone agree that documents marked as confidential in *POM v. Zeigler* will be treated as confidential in *POM v. OS*? The subpoena was issued to Ziegler,

not POM.  POM has already produced these documents to an adversary in a litigation matter so the documents clearly are subject to production.  There is no need to discuss privilege or POM's objections.  POM cannot pick and choose which adversaries it wants to give relevant documents to based on privilege or other objections. Zeigler can bates the documents or we can bates the documents, and either Zeigler or OS can give POM a copy of what is produced.

We are not looking to drag this out in protracted battle over whether the documents should be produced on a case by case basis.  This would create problems rather than solve them.  There are key depositions upcoming that relate to the issues addressed in the subpoena and we do not want any delays.  Any delay in production is going to require us to move forward with key depositions and then seek to reopen them based on any new documents we get down the road.  This would be an unnecessary waste of time and resources, and cause unfair prejudice to OS.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Wednesday, February 02, 2011 11:17 AM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward and all,

After further consideration, I would propose the following solution:

1 – Rick forwards all copies of the production to me;

2 – We search those documents for responsive documents;

3 – We produce responsive, non-objectionable documents, with a privilege log, if there are any such documents, just like any other production (consecutively Bates-labeled, etc).

I do not think your "checking" theory of discovery is appropriate and that we would prevail on a motion.  However, at some point it is just a question of time and money, and I believe my compromise gets you what you want.

If you agree to this, I will arrange things with Mr. Shackelford.

Regards,

Chris

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Wednesday, February 02, 2011 10:15 AM
**To:** Allayee, Azadeh; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM
**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

---

**From:** Van Gundy, Christopher
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here. Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice. Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc. Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort. I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me. Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order. Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation. The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation. Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates. If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them. On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now. Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute. And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced. As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue. Please let me know if you disagree and, if so, the basis for your disagreement. In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**Denise Reigel**

---

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Friday, February 04, 2011 11:32 AM |
| **To:** | 'shackelfordr@gtlaw.com'; CVanGundy@Roll.com |
| **Cc:** | AAllayee@Roll.com; SFroelich@Roll.com |

**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

OS would be fine with a neutral third party running the search terms and producing to POM and OS the results.

Ward

**Ward Lott**
*Shareholder*
CALL & JENSEN
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** shackelfordr@gtlaw.com [mailto:shackelfordr@gtlaw.com]
**Sent:** Friday, February 04, 2011 11:27 AM
**To:** CVanGundy@Roll.com; Ward Lott
**Cc:** AAllayee@Roll.com; SFroelich@Roll.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Unless Ocean Spray withdraws the subpoena, I will not return the disk to you. The only reason we are being dragged into this fray is because, despite your protests, you are unable to affirm to Ocean Spray that they have already received all documents from you that would be responsive to the subpoena. I don't blame them for being suspicious.

I am not suggesting we look at the documents in order to determine responsiveness. Indeed, under my proposal, I do not intend to look at the documents. I have no interest in the documents. What I am proposing is purely a mechanical term search, and a computer will make the first cut. What ever it nets, it nets. Both of you get the results, and I get out of the picture, and you can fight it out between yourselves. I see that Ocean Spray is agreeable to that procedure. What are you trying to hide? Short of Ocean Spray withdrawing its subpoena, I am not willing to be put in a position of you determining whether we have complied with a court order. And make no mistake, a subpoena is a court order, whether it "works" for you or not. And unless it withdrawn or quashed, I have an obligation to respond to it.

Perhaps you both could agree to have some neutral third party run whatever queries you agree upon (at your mutual expense, not Zeiglers), and then further agree that whatever the results, Zeiglers has discharged its obligations under the subpoena. Again, this could be resolved in a day, and thereupon we would return or destroy our copy of the disk, whichever you prefer.

If you believe Judge Anderson is going to look kindly on your attempt to use his protective order as a means to frustrate discovery in another litigation matter, I think you're likely to be disappointed. In the event he were to order us to show cause, we would point subpoena, and point out that the subpoena was

issued to us, not you.  That's why RLG cannot do the searching in order for us to comply, unless Ocean Spray agrees.

I want to be very clear.  We are not looking at the documents produced to Zeiglers.  We are not returning them to you, and we are not producing them to Ocean Spray.  As a result, there is absolutely no harm to Pom created by our holding on to the documents while this matter gets worked out.  You can't seriously expect anyone to believe that you produced your only copy of these documents to us.  Unless the subpoena is either withdrawn or quashed, we feel we have no choice but to freeze things where they are and let you all battle it out.  In the meantime, you have a considerable advantage over Ocean Spray, because you can run all the searches you want in order to get a sneak preview of what would be produced.  Once our set is returned to you, then Ocean Spray would have to take your word for it whether you fully complied or not.  For whatever reason, they are unwilling to take that risk.  The fact that you are fighting so hard suggests they have good reason.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Friday, February 04, 2011 10:47 AM
**To:** Shackelford, Rick L. (Shld-LA-LT); wlott@calljensen.com
**Cc:** Allayee, Azadeh; Froelich, Sophie
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Rick,

Please see my prior e-mail.

To recap in response to your specific points below, you're saying that you'll do the search.  That is unacceptable to us.  We can do the search.  You're under a court order to return the documents or destroy them, and referring to the subpoena as an "order" in a technical sense is not working for us.  We're at the point where we're going into Judge Anderson for an order to show cause.  You've stated not one reason why you can't comply with the order and let RLG do the searching.

Implying that you can search faster than we isn't true, and isn't working for us (a key word search may not be appropriate, or it maybe, the point is, these are OUR documents, and you are in violation of an order to return them to us).  Your "minute" key word search is a possible method of searching, but not the only one.  We can decide that for ourselves, or work it out with Ocean Spray, but thanks for the suggestion.

The only reason you don't want to give us the documents is that your fellow defense counsel trusts you more to run the search than it trusts us.  And you're willing to indulge them in that view.  I will tell you this as well.  I am concerned that you delayed returning the documents to us because you knew the subpoena was coming.  We can and will argue about that latter point another day.

If I were in your position, I would immediately return the documents to POM based on the understanding that POM has offered to review and produce all non-responsive documents.  In fact, I respectfully demand that you return those documents to us immediately.  You told me you had it on a disk, please messenger those over today to avoid further delay.

---

**From:** shackelfordr@gtlaw.com [mailto:shackelfordr@gtlaw.com]
**Sent:** Friday, February 04, 2011 10:39 AM
**To:** Van Gundy, Christopher; wlott@calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

I have reviewed your latest email regarding the subpoena from Ocean Spray.  The parties' inability to work out a compromise is putting us, as Zeiglers' counsel and the recipient in the subpoena, in the unenviable position of picking which court order to violate.  This is unacceptable.  I believe you are correct that the Zeigler protective order does not carve out subpoenas.  However, its silence on the subject does not somehow excuse our obligation to comply with another court order, which is exactly what a subpoena is.

I agree with Pom's position that not all of the documents produced to Zeigler would be subject to the subpoena. I don't think anyone believes otherwise. However, as I have told you on the phone, a word search of the collection employing terms like "health benefits" shows that over 6,000 of the 29,000 documents are responsive to such terms. Thus, it is clear that the collection produced to Ziegler's contains a substantial body of documents that would be responsive to Ocean Spray's subpoena. There was never a claw back request or other assertion made by Pom that its production to Zeiglers was inadvertent, or included privileged materials, or that Pom was needlessly dumping non-responsive documents on Zeigler. That being the case, presumably someone at Pom reviewed the documents, determined that they were non-privileged and responsive, and should be produced. Inasmuch as, from our view, the language in the Ocean Spray subpoena conceptually tracks the scope of the Zeigler document requests that netted these more than 6,000 documents in the first place, I am hard pressed to see why any re-review by Pom would be necessary, or would accomplish anything other than delay at best, and, at worst, potentially inappropriate withholding of documents that were already produced in another case. Absent Ocean Spray's consent, we are not willing to allow Pom to decide whether Zeiglers has complied with the subpoena.

It is equally clear that Pom is not in a position to tell Ocean Spray that all of those documents have already been produced to Ocean Spray. In other words, Pom cannot say that production pursuant to the subpoena would yield only duplicative production. Of course, if that were the case, then the could be no possible harm to Pom in any event, as Ocean Spray would merely end up with another copy of things it already had been given.

From our perspective, the fact that you cannot make that representation would seem to make Pom, as the arbiter of Zeigler's compliance with the subpoena from Ocean Spray, an unacceptable proposal. I think a better proposal is for Ocean Spray and Pom to agree on a set of search terms to be run on the Pom production to Zeiglers. Once those terms are agreed, then the search will be run, and whatever documents it yields will be produced to both Ocean Spray and Pom, and the Zeiglers' obligations under the subpoena will be discharged. Of course, this gives Pom the upper hand in the matter, considering it should be able to test the terms by running them on its own set of what it produced to Zeiglers. Surely you can't contend that Pom lacks that ability. Once that process is completed, we will return or destroy all documents produced to Zeiglers, whichever you instruct, and then there can be no argument that we have in any way failed to live up to our obligations under the protective order entered in the Zeiglers case. After that, Pom can battle it out with Ocean Spray as to whether there are things that, notwithstanding their earlier production to Zeiglers, should be clawed back, etc. But at least that gets my client out of the middle of this spat.

This can all be accomplished in a day. It can be accomplished without involving any court.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Thursday, February 03, 2011 6:03 PM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; Newman, Daniell (Assoc-LA-LT); Shackelford, Rick L. (Shld-LA-LT)
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

You have yet to provide us all with one reason why you are entitled to the entirety of a POM document production in a case with issues and document requests different from this case.  The documents you asked for are not the same as the ones responsive in Zeigler's.  We are not proposing to pick or choose, we are proposing that Zeigler's comply with a court order and return our documents, which we will process as we do any other production.  Your false characterization of "picking and choosing" belies your bad faith in trying to obtain POM files that are not relevant to your case.  You know that Zeigler's didn't involve "health benefit claims," you're trying to get all of those documents regardless of whether they are responsive, this is harassing, and we will let the Court know this.

Moreover, Zeigler's is under a court order to return these documents to us.  If memory serves, the order does not mention an exception for subpoenas issued by attorneys.  My proposal will permit Mr. Shackelford to comply with the Court order, and will provide you with all documents produced in Zeigler's that are responsive to your requests.  This is not "picking and choosing."  I believe that if there are any such responsive documents, you have them already, but I am happy to resolve any dispute in this regard by my proposal.  Our cumulative and burden objections stand, but we are willing to forego those objections in an effort to resolve this dispute quickly.  My proposal is for Rick and his client to comply with the protective order, we obtain the return of our documents, and then we search our documents for responsive, non-privileged documents as we would any request to POM.

Your entire premise of "checking" our document production in another case with different issues is unseemly and I do not think will pass muster with the court.  If you want to avoid delay, I suggest you agree to my proposal right away, we'll move quickly and get this done.  You have already wasted a day.  Your only objection to our proposal is delay, but compared with motions before Judge Anderson and Judge Pregerson, I beg to differ.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Thursday, February 03, 2011 4:14 PM
**To:** Van Gundy, Christopher; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

Why can't we just get the production directly from Zeigler and have everyone agree that documents marked as confidential in *POM v. Zeigler* will be treated as confidential in *POM v. OS*?  The subpoena was issued to Ziegler, not POM.  POM has already produced these documents to an adversary in a litigation matter so the documents clearly are subject to production.  There is no need to discuss privilege or POM's objections.  POM cannot pick and choose which adversaries it wants to give relevant documents to based on privilege or other objections.  Zeigler can bates the documents or we can bates the documents, and either Zeigler or OS can give POM a copy of what is produced.

We are not looking to drag this out in protracted battle over whether the documents should be produced on a case by case basis.  This would create problems rather than solve them.  There are key depositions upcoming that relate to the issues addressed in the subpoena and we do not want any delays.  Any delay in production is going to require us to move forward with key depositions and then seek to reopen them based on any new documents we get down the road.  This would be an unnecessary waste of time and resources, and cause unfair prejudice to OS.

Ward

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000

FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Wednesday, February 02, 2011 11:17 AM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward and all,

After further consideration, I would propose the following solution:

1 – Rick forwards all copies of the production to me;

2 – We search those documents for responsive documents;

3 – We produce responsive, non-objectionable documents, with a privilege log, if there are any such documents, just like any other production (consecutively Bates-labeled, etc).

I do not think your "checking" theory of discovery is appropriate and that we would prevail on a motion.  However, at some point it is just a question of time and money, and I believe my compromise gets you what you want.

If you agree to this, I will arrange things with Mr. Shackelford.

Regards,

Chris

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Wednesday, February 02, 2011 10:15 AM
**To:** Allayee, Azadeh; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*

**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000

2/9/2011

Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM
**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

**From:** Van Gundy, Christopher
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here.  Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice.  Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc.  Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort.  I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been

forwarded to me.  Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order.  Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation.  The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation.  Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates.  If we are satisfied that the *Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them.  On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now.  Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute.  And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced.  As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue.  Please let me know if you disagree and, if so, the basis for your disagreement.  In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**Denise Reigel**

| | |
|---|---|
| **From:** | Ward Lott |
| **Sent:** | Monday, February 07, 2011 7:50 PM |
| **To:** | 'Van Gundy, Christopher'; shackelfordr@gtlaw.com |
| **Cc:** | Allayee, Azadeh; Froelich, Sophie |

**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

We simply want the production carried out by the party on which the subpoena was served. To this end, we are happy to have Zeigler produce documents based on search terms that are reasonably calculated to capture the responsive material. We are also happy to treat the documents produced by Zeigler as confidential in accordance with the protective order. We will also pay for the reasonable cost of production. We are not asking POM to undertake any task whatsoever. If this ends up before a magistrate, it is hard to imagine POM demonstrating good cause for any additional relief.

**Ward Lott**
*Shareholder*
**CALL & JENSEN**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 717-3000
FACSIMILE: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Monday, February 07, 2011 1:48 PM
**To:** Ward Lott; shackelfordr@gtlaw.com
**Cc:** Allayee, Azadeh; Froelich, Sophie
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Also, I take umbrage at the allegations that we are "suspicious" because we don't know whether any of the Zeigler's documents responsive to the subpoena were previously produced to Ocean Spray. How could we know that unless we searched the Zeigler's documents, and then went through the pointless and laborious drill of comparing those documents to the thousands of documents we have produced in Ocean Spray? The whole point of my compromise was to avoid this, and to provide Ocean Spray with responsive documents. I don't think Ocean Spray is entitled to these documents, but we're willing to compromise.

The suggestion of Rick or third party doing this without knowing the case, and based just on search term guessing, is not appropropriate. We may end up doing that, but we would first test key search terms to make sure the terms are pulling up responsive documents, and are not too broad or too narrow.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Friday, February 04, 2011 11:32 AM
**To:** shackelfordr@gtlaw.com; Van Gundy, Christopher
**Cc:** Allayee, Azadeh; Froelich, Sophie
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

OS would be fine with a neutral third party running the search terms and producing to POM and OS the

results.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** shackelfordr@gtlaw.com [mailto:shackelfordr@gtlaw.com]
**Sent:** Friday, February 04, 2011 11:27 AM
**To:** CVanGundy@Roll.com; Ward Lott
**Cc:** AAllayee@Roll.com; SFroelich@Roll.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Unless Ocean Spray withdraws the subpoena, I will not return the disk to you. The only reason we are being dragged into this fray is because, despite your protests, you are unable to affirm to Ocean Spray that they have already received all documents from you that would be responsive to the subpoena. I don't blame them for being suspicious.

I am not suggesting we look at the documents in order to determine responsiveness. Indeed, under my proposal, I do not intend to look at the documents. I have no interest in the documents. What I am proposing is purely a mechanical term search, and a computer will make the first cut. What ever it nets, it nets. Both of you get the results, and I get out of the picture, and you can fight it out between yourselves. I see that Ocean Spray is agreeable to that procedure. What are you trying to hide? Short of Ocean Spray withdrawing its subpoena, I am not willing to be put in a position of you determining whether we have complied with a court order. And make no mistake, a subpoena is a court order, whether it "works" for you or not. And unless it withdrawn or quashed, I have an obligation to respond to it.

Perhaps you both could agree to have some neutral third party run whatever queries you agree upon (at your mutual expense, not Zeiglers), and then further agree that whatever the results, Zeiglers has discharged its obligations under the subpoena. Again, this could be resolved in a day, and thereupon we would return or destroy our copy of the disk, whichever you prefer.

If you believe Judge Anderson is going to look kindly on your attempt to use his protective order as a means to frustrate discovery in another litigation matter, I think you're likely to be disappointed. In the event he were to order us to show cause, we would point subpoena, and point out that the subpoena was issued to us, not you. That's why RLG cannot do the searching in order for us to comply, unless Ocean Spray agrees.

I want to be very clear. We are not looking at the documents produced to Zeiglers. We are not returning them to you, and we are not producing them to Ocean Spray. As a result, there is absolutely no harm to Pom created by our holding on to the documents while this matter gets worked out. You can't seriously expect anyone to believe that you produced your only copy of these documents to us. Unless the subpoena is either withdrawn or quashed, we feel we have no choice but to freeze things where they are and let you all battle it out. In the meantime, you have a considerable advantage over Ocean Spray, because you can run all the searches you want in order to get a sneak preview of what would be produced. Once our set is returned to you, then Ocean Spray would have to take your word for it whether you fully complied or not. For whatever reason,

they are unwilling to take that risk.  The fact that you are fighting so hard suggests they have good reason.

---

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Friday, February 04, 2011 10:47 AM
**To:** Shackelford, Rick L. (Shld-LA-LT); wlott@calljensen.com
**Cc:** Allayee, Azadeh; Froelich, Sophie
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Rick,

Please see my prior e-mail.

To recap in response to your specific points below, you're saying that you'll do the search.  That is unacceptable to us.  We can do the search.  You're under a court order to return the documents or destroy them, and referring to the subpoena as an "order" in a technical sense is not working for us.  We're at the point where we're going into Judge Anderson for an order to show cause.  You've stated not one reason why you can't comply with the order and let RLG do the searching.

Implying that you can search faster than we isn't true, and isn't working for us (a key word search may not be appropriate, or it maybe, the point is, these are OUR documents, and you are in violation of an order to return them to us).  Your "minute" key word search is a possible method of searching, but not the only one.  We can decide that for ourselves, or work it out with Ocean Spray, but thanks for the suggestion.

The only reason you don't want to give us the documents is that your fellow defense counsel trusts you more to run the search than it trusts us.  And you're willing to indulge them in that view.  I will tell you this as well.  I am concerned that you delayed returning the documents to us because you knew the subpoena was coming.  We can and will argue about that latter point another day.

If I were in your position, I would immediately return the documents to us based on the understanding that POM has offered to review and produce all non-responsive documents.  In fact, I respectfully demand that you return those documents to us immediately.  You told me you had it on a disk, please messenger those over today to avoid further delay.

---

**From:** shackelfordr@gtlaw.com [mailto:shackelfordr@gtlaw.com]
**Sent:** Friday, February 04, 2011 10:39 AM
**To:** Van Gundy, Christopher; wlott@calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

I have reviewed your latest email regarding the subpoena from Ocean Spray.  The parties' inability to work out a compromise is putting us, as Zeiglers' counsel and the recipient in the subpoena, in the unenviable position of picking which court order to violate.  This is unacceptable.  I believe you are correct that the Zeigler protective order does not carve out subpoenas.  However, its silence on the subject does not somehow excuse our obligation to comply with another court order, which is exactly what a subpoena is.

I agree with Pom's position that not all of the documents produced to Zeigler would be subject to the subpoena.  I don't think anyone believes otherwise.  However, as I have told you on the phone, a word search of the collection employing terms like "health benefits" shows that over 6,000 of the 29,000 documents are responsive to such terms.  Thus, it is clear that the collection produced to Ziegler's contains a substantial body of documents that would be responsive to Ocean Spray's subpoena.  There was never a claw back request or other assertion made by Pom that its production to Zeiglers was inadvertent, or included privileged materials, or that Pom was needlessly dumping non-responsive documents on Zeigler.  That being the case, presumably someone at Pom reviewed the documents, determined that they were non-privileged and responsive, and should be produced.  Inasmuch as, from our view, the language in the Ocean Spray subpoena conceptually tracks the scope of the Zeigler document requests that netted these more than 6,000 documents in the first place, I am hard pressed to see why any re-review by Pom would be necessary, or would accomplish anything other than delay at

best, and, at worst, potentially inappropriate withholding of documents that were already produced in another case. Absent Ocean Spray's consent, we are not willing to allow Pom to decide whether Zeiglers has complied with the subpoena.

It is equally clear that Pom is not in a position to tell Ocean Spray that all of those documents have already been produced to Ocean Spray. In other words, Pom cannot say that production pursuant to the subpoena would yield only duplicative production. Of course, if that were the case, then the could be no possible harm to Pom in any event, as Ocean Spray would merely end up with another copy of things it already had been given.

From our perspective, the fact that you cannot make that representation would seem to make Pom, as the arbiter of Zeigler's compliance with the subpoena from Ocean Spray, an unacceptable proposal. I think a better proposal is for Ocean Spray and Pom to agree on a set of search terms to be run on the Pom production to Zeiglers. Once those terms are agreed, then the search will be run, and whatever documents it yields will be produced to both Ocean Spray and Pom, and the Zeiglers' obligations under the subpoena will be discharged. Of course, this gives Pom the upper hand in the matter, considering it should be able to test the terms by running them on its own set of what it produced to Zeiglers. Surely you can't contend that Pom lacks that ability. Once that process is completed, we will return or destroy all documents produced to Zeiglers, whichever you instruct, and then there can be no argument that we have in any way failed to live up to our obligations under the protective order entered in the Zeiglers case. After that, Pom can battle it out with Ocean Spray as to whether there are things that, notwithstanding their earlier production to Zeiglers, should be clawed back, etc. But at least that gets my client out of the middle of this spat.

This can all be accomplished in a day. It can be accomplished without involving any court.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Thursday, February 03, 2011 6:03 PM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; Newman, Daniell (Assoc-LA-LT); Shackelford, Rick L. (Shld-LA-LT)
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

You have yet to provide us all with one reason why you are entitled to the entirety of a POM document production in a case with issues and document requests different from this case. The documents you asked for are not the same as the ones responsive in Zeigler's. We are not proposing to pick or choose, we are proposing that Zeigler's comply with a court order and return our documents, which we will process as we do any other production. Your false characterization of "picking and choosing" belies your bad faith in trying to obtain POM files that are not relevant to your case. You know that Zeigler's didn't involve "health benefit claims," you're trying to get all of those documents regardless of whether they are responsive, this is harassing, and we will let the Court know this.

Moreover, Zeigler's is under a court order to return these documents to us.  If memory serves, the order does not mention an exception for subpoenas issued by attorneys.  My proposal will permit Mr. Shackelford to comply with the Court order, and will provide you with all documents produced in Zeigler's that are responsive to your requests.  This is not "picking and choosing."  I believe that if there are any such responsive documents, you have them already, but I am happy to resolve any dispute in this regard by my proposal.  Our cumulative and burden objections stand, but we are willing to forego those objections in an effort to resolve this dispute quickly.  My proposal is for Rick and his client to comply with the protective order, we obtain the return of our documents, and then we search our documents for responsive, non-privileged documents as we would any request to POM.

Your entire premise of "checking" our document production in another case with different issues is unseemly and I do not think will pass muster with the court.  If you want to avoid delay, I suggest you agree to my proposal right away, we'll move quickly and get this done.  You have already wasted a day.  Your only objection to our proposal is delay, but compared with motions before Judge Anderson and Judge Pregerson, I beg to differ.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Thursday, February 03, 2011 4:14 PM
**To:** Van Gundy, Christopher; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Chris:

Why can't we just get the production directly from Zeigler and have everyone agree that documents marked as confidential in *POM v. Zeigler* will be treated as confidential in *POM v. OS*?  The subpoena was issued to Ziegler, not POM.  POM has already produced these documents to an adversary in a litigation matter so the documents clearly are subject to production.  There is no need to discuss privilege or POM's objections.  POM cannot pick and choose which adversaries it wants to give relevant documents to based on privilege or other objections.  Zeigler can bates the documents or we can bates the documents, and either Zeigler or OS can give POM a copy of what is produced.

We are not looking to drag this out in protracted battle over whether the documents should be produced on a case by case basis.  This would create problems rather than solve them.  There are key depositions upcoming that relate to the issues addressed in the subpoena and we do not want any delays.  Any delay in production is going to require us to move forward with key depositions and then seek to reopen them based on any new documents we get down the road.  This would be an unnecessary waste of time and resources, and cause unfair prejudice to OS.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

2/9/2011

**From:** Van Gundy, Christopher [mailto:CVanGundy@Roll.com]
**Sent:** Wednesday, February 02, 2011 11:17 AM
**To:** Ward Lott; Allayee, Azadeh; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward and all,

After further consideration, I would propose the following solution:

1 – Rick forwards all copies of the production to me;

2 – We search those documents for responsive documents;

3 – We produce responsive, non-objectionable documents, with a privilege log, if there are any such documents, just like any other production (consecutively Bates-labeled, etc).

I do not think your "checking" theory of discovery is appropriate and that we would prevail on a motion.  However, at some point it is just a question of time and money, and I believe my compromise gets you what you want.

If you agree to this, I will arrange things with Mr. Shackelford.

Regards,

Chris

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Wednesday, February 02, 2011 10:15 AM
**To:** Allayee, Azadeh; Van Gundy, Christopher; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Azadeh:

To follow up on my email to Chris yesterday, if POM has a basis to quash/modify the Zeigler subpoena, please let us know what that basis is and we can talk about it.  Obviously burden is not an issue, as POM is not being required to do any work.  To date, that is the only ground POM has raised.  I don't see the need to fight about this, but if POM moves forward with any *ex parte* based on an undue burden argument, you can inform the Court that we will oppose the *ex parte* based on the grounds set forth in my two emails to Chris.

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Allayee, Azadeh [mailto:AAllayee@Roll.com]
**Sent:** Monday, January 31, 2011 7:25 PM
**To:** Van Gundy, Christopher; Ward Lott; Froelich, Sophie; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** AHorvath@KelleyDrye.com; SCaley@KelleyDrye.com; OCE02-01.DB@ds.calljensen.com
**Subject:** Re: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward,

Please let us know your availability to meet and confer by telephone as soon as possible regarding this subpoena, preferably tomorrow. Given the Feb. 8 deadline for production, if we are unable to resolve all issues Pom will have to bring a motion to quash/modify the subpoena on an ex parte basis. Therefore we need to talk about this very soon.

Please let us know, thanks.

Azadeh

---

**From:** Van Gundy, Christopher
**Sent:** Monday, January 31, 2011 12:13 PM
**To:** 'Ward Lott' <wlott@calljensen.com>; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com <newmandk@gtlaw.com>; shackelfordr@gtlaw.com <shackelfordr@gtlaw.com>
**Cc:** Horvath, August <AHorvath@KelleyDrye.com>; Caley, Steve <SCaley@KelleyDrye.com>; OCE02-01.DB@ds.calljensen.com <OCE02-01.DB@ds.calljensen.com>
**Subject:** RE: POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Ward, this issue may take some picking apart, but what we don't understand is why you believe the Zeigler's case would have any relevant documents here.  Zeigler's involved no health benefit claims, it involved an entirely different product that we alleged was adulterated pomegranate juice.  Before we spend any time on this, would you please let us know why you think there would be relevant documents in Zeigler's?

If there is some overlap (both you and Zeigler's asked for the same document, it was relevant and non-objectionable), what we are concerned you are proposing is some very time consuming process of seeing if there was an overlap, the extent of it, etc.  Even assuming you are entitled to double checking from a case that is wholly different, whatever value there is more than outweighed by the effort.  I am happy to discuss with you on the phone, but I wanted to start a frank discussion now.

---

**From:** Ward Lott [mailto:wlott@calljensen.com]
**Sent:** Monday, January 31, 2011 12:08 PM
**To:** Van Gundy, Christopher; Froelich, Sophie; Allayee, Azadeh; newmandk@gtlaw.com; shackelfordr@gtlaw.com
**Cc:** Horvath, August; Caley, Steve; OCE02-01.DB@ds.calljensen.com
**Subject:** POM v. Ocean Spray; Subpoena Re Zeigler Litigation

Counsel:

POM's email to Greenberg Traurig regarding Ocean Spray's subpoena to M.H. Zeigler & Sons has been forwarded to me.  Please be assured that neither Zeigler nor its counsel has provided Ocean Spray or its counsel with any documents that POM designated as confidential under the *Zeigler* protective order.  Moreover, we are not trying to create any unnecessary protective order issues.

However, Ocean Spray has the right to ensure that POM has produced to Ocean Spray all relevant documents that POM produced in the *Zeigler* litigation.  The documents Ocean Spray subpoenaed from Zeigler (relating to the health benefits of pomegranate juice) would obviously respond to numerous document requests served on POM in the *POM v. Ocean Spray* litigation.  Thus, if POM has complied with its obligations in the *POM v. Ocean Spray* matter to produce the requested documents, Ocean Spray should already have the subpoenaed documents in its possession and we would be receiving duplicates.  If we are satisfied that the

*Zeigler* documents are 100% cumulative of what Ocean Spray already has in its possession, we can destroy them, return them or do whatever it is that POM wants done with them.  On the other hand, if there were relevant documents produced in the *Zeigler* litigation that Ocean Spray does not yet have, Ocean Spray has been entitled to them for quite some time now.  Either way, there is no unfair prejudice to POM.

We would be happy to enter into an appropriate stipulation or informal agreement that would avoid motion practice over an issue that hardly seems subject to reasonable dispute.  And we are open to suggestions, but think the simplest answer is for Zeigler to produce to Ocean Spray the requested documents so that Ocean Spray can confirm for itself that the documents have been produced.  As long as POM is agreeing to have its information produced to Ocean Spray, there is no protective order issue.  Please let me know if you disagree and, if so, the basis for your disagreement.  In the interim, we will not agree to withdraw the subpoena.

Regards,

Ward

**Ward Lott**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
wlott@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

2/9/2011                                   - 46 -