UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE RALPH ZAREFSKY, U.S. MAGISTRATE JUDGE PRESIDING

POM WONDERFUL, LLC, PLAINTIFF,

VS.

OCEAN SPRAY CRANBERRIES, INC., DEFENDANT.

CASE NO.: CV-09-00565-DDP (RZX)

(10:16 A.M.)

PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS TO DISCOVERY REQUESTS PURSUANT TO DOCUMENT REQUESTS, SET NO. FIVE

LOS ANGELES, CALIFORNIA

MAY 16, 2011

DEPUTY CLERK: ILENE BERNAL

TRANSCRIBED BY: HUNTINGTON COURT REPORTERS AND TRANSCRIPTION INC.
1450 W. COLORADO BOULEVARD
SUITE 100
PASADENA, CA 91105
(626) 792-7250

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING; TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

APPEARANCES

FOR PLAINTIFF:

ROLL LAW GROUP PC
BY: AZADEH ALLAYEE
SOPHIE N. FROELICH
11444 WEST OLYMPIC BOULEVARD
LOS ANGELES, CA 90064
(310) 966-8400

FOR DEFENDANT:

KELLEY DRYE AND WARREN LLP
BY: AUGUST T. HORVATH
101 PARK AVENUE
NEW YORK, NY 10178
(212) 808-7528

LOS ANGELES, CALIFORNIA; MONDAY, MAY 16, 2011

THE CLERK: ITEM NO. 3.

CASE NO. CV 09-00565-DDP (RZX). POM WONDERFUL LLC VERSUS OCEAN SPRAY CRANBERRIES, INC.

COUNSEL, PLEASE MAKE YOUR APPEARANCES.

MS. ALLAYEE: GOOD MORNING, YOUR HONOR.

AZADEH ALLAYEE AND SOPHIE FROELICH OF THE ROLL LAW GROUP ON BEHALF OF THE PLAINTIFF, POM WONDERFUL, AND THE MOVING PARTY.

THE COURT: GOOD MORNING.

MR. HORVATH: GOOD MORNING, YOUR HONOR.

AUGUST HORVATH FROM THE FIRM OF KELLEY DRYE AND WARREN REPRESENTING OCEAN SPRAY CRANBERRIES, THE NON-MOVANT.

THE COURT: GOOD MORNING.

ALL RIGHT. I HAVE READ ALL THE PAPERS.

DOES THE MOVING PARTY WISH TO BE HEARD FURTHER?

MS. ALLAYEE: YES. THANK YOU, YOUR HONOR.

OBVIOUSLY, I WILL NOT REPEAT EVERY POINT MADE IN ALL THE PAPERS, BUT --

THE COURT: I HOPE YOU WON'T REPEAT ANY POINTS MADE IN THE PAPERS.

MS. ALLAYEE: I WILL DO MY BEST NOT TO DO THAT, YOUR HONOR.

A FEW POINTS THAT I SIMPLY WANT TO ADD.

THE OVERALL POSITION THAT OCEAN SPRAY HAS EFFECTIVELY TAKEN ON THIS MOTION IS THAT WE'RE ENTITLED TO BASICALLY ZERO, NOTHING, IN ORDER TO PROVE THIS UNCLEAN HANDS DEFENSE. THEY WILL NOT OPEN THE CRANBERRY BOX. THEY WILL NOT LOOK FOR A SINGLE PIECE OF PAPER.

THE POSITION THAT WE'VE TAKEN IS, ONE, CONTRARY TO WHAT THEY'VE CLAIMED, THERE IS ALREADY EVIDENCE OF FALSITY OF THE CLAIMS THAT THEY'VE MADE. WE PROVIDED THAT IN OUR SUPPLEMENTAL BRIEF.

THE POINT IS THAT POM SHOULD NOT HAVE TO, ONE, SCOUR THE INTERNET IN ORDER TO FIND THIS INFORMATION. THEY SHOULD BE -- IT CLEARLY EXISTS. THERE IS INFORMATION THAT EXISTS JUST BASED ON WHAT WE FOUND ON OUR OWN.

SO THERE IS INFORMATION THAT EXISTS AND NOTABLY OCEAN SPRAY HAS NOT TAKEN THE POSITION THAT IT DOES NOT EXIST IN THEIR RESPONSES. THEY HAVE SIMPLY SAID, "THIS IS INAPPROPRIATE" OR "THIS IS IRRELEVANT," ET CETERA, OR "ITS BURDENSOME TO PRODUCE IT." SO THE INFORMATION IS CLEARLY THERE.

IN THE PROPOSED ORDER THAT POM WONDERFUL -- WE SUBMITTED AN AMENDED PROPOSED ORDER ON FRIDAY. DESPITE THE FACT THAT OCEAN SPRAY HAS NOT BEEN WILLING TO ENTERTAIN ANY SORT OF DISCOVERY ON THIS ISSUE AT ALL, WE HAVE ATTEMPTED TO PRESENT TO THE COURT WHAT WE BELIEVE IS

A REASONABLE SOLUTION AND HAVE NARROWED OUR REQUEST VOLUNTARILY TO SIMPLY THE DOCUMENTS THAT RELATE TO JUICE PRODUCTS, AND SPECIFICALLY CRANBERRY JUICE AND CRANBERRY JUICE PRODUCTS.

SO WE HAVE SUBMITTED A REASONABLE SOLUTION TO THIS ISSUE. WE ARE ENTITLED TO THIS INFORMATION BASED ON FACTS THAT WE HAVE ALREADY FOUND ON OUR OWN OR OTHERWISE ESSENTIALLY HAD TO PRY FROM OCEAN SPRAY'S HANDS BECAUSE OF WITNESSES THAT ACTUALLY TESTIFIED THAT CLAIMS HAVE BEEN MADE, SUCH AS A WITNESS WHO TOLD ME IN DEPOSITION THAT AT SOME POINT OCEAN SPRAY HAD AN AD CALLED THE NINJA FRUIT.

POM IS ENTITLED -- WE HAVE ALLEGED A SPECIFIC AND FACTUAL UNCLEAN HANDS DEFENSE WHICH IS NOT A NEW CLAIM, CONTRARY TO WHAT OCEAN SPRAY SAYS, BUT IT SPECIFICALLY SAYS, OUR ALLEGATION, WHICH IS THAT OCEAN SPRAY, OCEAN SPRAY'S MARKETING, LABELING, ADVERTISING AND PROMOTIONS INCLUDE EXAGGERATED, FALSE AND MISLEADING HEALTH CLAIMS REGARDING NOT ONLY A COMPOSITION OF OCEAN SPRAY'S JUICE PRODUCTS, BUT ALSO ALLEGED HEALTH BENEFITS OF AND SCIENTIFIC RESEARCH RELATING TO OCEAN SPRAY'S JUICE PRODUCTS.

THIS IS NOT A NEW DEFENSE AND IT'S NOT A GENERALIZED DEFENSE. IT IS SPECIFIC AS TO WHAT WE ARE CLAIMING. AND WE ALREADY HAVE EVIDENCE SHOWING THAT THEY HAVE MADE SUCH CLAIMS, AND AT LEAST ONE GOVERNMENTAL

 AUTHORITY IN EUROPE HAS FOUND ONE OF THEIR CLAIMS MADE IN THEIR ADVERTISING TO HAVE NOT BEEN SUPPORTED.

SO THE POSITION THAT THEY'RE TAKING THAT THIS IS NOTHING TO DO WITH ANYTHING IN THIS CASE IS SIMPLY NOT CORRECT.

IT'S ALLEGED IN OUR DEFENSE. IT GOES DIRECTLY TO WHAT THEY HAVE ALLEGED AGAINST US, WHICH IS THAT WE HAVE MADE FALSE HEALTH CLAIMS. AND IT'S SIMPLY NOT RELEVANT THAT ONE HAS TO DO WITH A CRANBERRY FRUIT WHILE THE OTHER HAS TO DO WITH A POMEGRANATE.

THE VERY RIGHT THAT THEY ARE ALLEGING AGAINST US, THEY HAVE DIRTIED THEIR HANDS IN MAKING THAT SAME -- IN MAKING THAT CLAIM BECAUSE THEY HAVE MADE HEALTH CLAIMS, AND AT LEAST ONE AUTHORITY THAT WE HAVE FOUND ON OUR OWN, AND NOT BECAUSE OCEAN SPRAY PRODUCED IT TO US, HAS FOUND THAT THOSE CLAIMS WERE NOT SUPPORTED.

THE COURT: ALL RIGHT. THANK YOU.

MS. ALLAYEE: THANK YOU, YOUR HONOR.

THE COURT: MR. HORVATH?

MR. HORVATH: THANK YOU, YOUR HONOR.

I'D LIKE TO START BY MAKING -- BY ADDRESSING AN ARGUMENT THAT POM RAISED FOR THE FIRST TIME IN ITS SUPPLEMENTAL BRIEF IN THIS MATTER AND THAT WE, THEREFORE, HAVE NOT HAD THE OPPORTUNITY TO RESPOND TO EARLIER.

THIS IS POM'S POSITION THAT BECAUSE ITS COUNTER

CLAIMS -- I'M SORRY -- THAT ITS AFFIRMATIVE DEFENSE HAS NEVER BEEN STRICKEN THAT, THEREFORE, NO MATTER HOW VAGUELY OR AMBIGUOUSLY OR CONCLUSORILY IT IS PLED, THEY ARE ENTITLED TO ITS FULL SCOPE IN DISCOVERY. AND THEIR CITATION TO THIS AMOUNTS TO ONE PLATITUDE FROM A 40 YEAR OLD EDITION OF WRIGHT AND MILLER.

THE LAW IS COUNTER TO POM'S POSITION. THE COURTS DO FREQUENTLY HOLD THAT A CONCLUSORY OR VAGUE ALLEGATION IN A PLEADING CANNOT SUPPORT SWEEPING DISCOVERY. AND TO TAKE AN EXAMPLE, WHAT'S RELATIVELY RECENT FROM A SISTER COURT, I WOULD PROFFER THE THERAPEUTIC RESEARCH FACULTY CASE, WHICH THE CITATION IS 2006 WL 3371856. THAT'S FROM THE EASTERN DISTRICT OF CALIFORNIA.

AND FOR THE COURT'S CONVENIENCE, IF YOU WOULD LIKE IT, I HAVE PRINTED OUT THAT CASE AND ATTACHED A LITTLE SHORT BRIEF TO IT WITH A FEW OTHER CASES IN THAT VEIN.

IN THAT CASE THE MAGISTRATE JUDGE SAID THESE VAGUE AND CONCLUSORY ALLEGATIONS SIMPLY CANNOT SUPPORT THE KIND OF SWEEPING DISCOVERY THAT THE PARTY SEEKING THE DISCOVERY WANTS. AND WITHOUT RULING ON THE MERITS OF WHETHER THE ALLEGATIONS SHOULD SURVIVE, THEY'RE JUST NOT ENTITLED TO THAT WITHOUT MORE -- WITHOUT MORE FACTUAL DEVELOPMENT OF THEIR CLAIMS.

NOW WE'VE BEEN LITIGATING THIS CASE FOR TWO YEARS. IT'S BEEN 21 MONTHS SINCE WE PLED OUR AFFIRMATIVE DEFENSE. POM HAS HAD THAT AMOUNT OF TIME TO PUT SOME FLESH ON THE BONES OF ITS TWO-SENTENCE CONCLUSORY UNCLEAN HANDS DEFENSE. IT HAS NOT DONE SO EVEN WHEN WE TRIED TO FORCE IT TO DO SO THROUGH THE BRIEFING OF THIS MOTION.

WHAT POM HAS DONE IS FOUND SOME ADVERTISING BY OCEAN SPRAY REFERRING IN A GENERAL WAY TO THE HEALTH BENEFITS OF CRANBERRIES. NOT A TOPIC THAT WE EVER QUESTIONED AS TO POMEGRANATES.

WE DID NOT QUESTION THE MAJORITY OF POM'S HEALTH ADVERTISING. WE HAVE NOT CHALLENGED AND HAVE NOT SOUGHT DISCOVERY INTO ALL HEALTH BENEFITS OF POMEGRANATES OR INTO MANY SPECIFIC HEALTH BENEFITS THAT WE CONSIDERED BECAUSE WE SAW THAT POM HAD NOT ADVERTISED THEM RECENTLY. IT HAD BEEN WITHDRAWING A NUMBER OF ITS ADVERTISING CLAIMS FOLLOWING THE 2006 ACTION BY THE NAD.

WE FOCUSED ONLY ON SPECIFIC DISEASE-RELATED CLAIMS THAT WE KNEW POM WOULD STILL BE MAKING AND THAT WE HAD A BASIS FOR ARGUING UNDER THE RELEVANT CASE LAW WAS RELATED IN A FACTUAL WAY TO THE CASE POM HAD PLED.

POM HAS NEVER DONE THIS. THEY'RE HEALTH -- THEY HAVE POINTED TO HEALTH BASED ADVERTISING HERE IN THE UNITED STATES AND HAVE NOT EVEN CONTENDED THAT ANYTHING IS FALSE ABOUT IT. INSTEAD WHAT THEIR JOINT STIPULATION SAYS

ON PAGE 10 IS "WE'RE ENTITLED TO EXPLORE WHETHER THERE MIGHT BE SOMETHING FALSE ABOUT THESE ADVERTISEMENTS." THAT'S ANOTHER WORD FOR "FISH," YOUR HONOR.

FINALLY, IN THEIR SUPPLEMENTAL BRIEF WHICH, AGAIN, WE HAVE NOT HAD TIME TO RESPOND TO, THEY POINT TO A COUPLE OF EUROPEAN GOVERNMENT TYPE OF -- THEY'RE NOT INVESTIGATIONS OR INQUIRIES. THAT'S A MISSTATEMENT. IN PARTICULAR, THE ONE THAT MS. ALLAYEE JUST ALLUDED TO, THE EFSA, IT IS NOT RIGHT THAT THAT GOVERNMENT INVESTIGATION HAD ANYTHING TO DO WITH CLAIMS THAT OCEAN SPRAY WAS CURRENTLY MAKING. THE CONTEXT OF THAT IS THAT IN EUROPE YOU'RE ALLOWED TO APPLY IN ADVANCE FOR PERMISSION TO MAKE HEALTH CLAIMS YOU WISH TO MAKE.

WE APPLIED IN EUROPE AND IN FRANCE.

FRANCE SAID, "OH, YES, YOU HAVE SUBSTANTIATION FOR THOSE CLAIMS."

EUROPE SAID, "NO, WE'RE NOT CONVINCED BY YOUR EVIDENCE YET." SO WE NEVER MADE THEM.

IT'S AN EXAMPLE OF POM'S FAILURE TO SIMPLY ESTABLISH A BASIS FOR THE ALLEGATIONS THEY ARE MAKING AND DO EVEN THE MOST BASIC DUE DILIGENCE THAT WOULD JUSTIFY THIS DISCOVERY.

AGAIN, IN THIS ARGUMENT, JUST AS IN THE LAST PAGE OF THEIR SUPPLEMENTAL BRIEF, WE HAVE HEARD THAT POM FEELS IT HAS NO OBLIGATION TO "SCOUR THE INTERNET" BEFORE

PUTTING MY CLIENT THROUGH WHAT COULD AMOUNT TO HUNDREDS OF THOUSANDS OF DOLLARS WORTH OF DISCOVERY.

YOUR HONOR, WE RESPECTFULLY SUBMIT THAT THEY MUST DO MORE EVEN THAN SCOUR THE INTERNET, THAT IS TO SAY, NOT JUST SPEND A FEW HOURS IN FRONT OF THE COMPUTER DIGGING UP ADS, BUT COME UP WITH SPECIFIC CLAIMS THEY CONSIDER ARE FALSE, A BASIS TO SAY THEY ARE FALSE, A THEORY THAT'S VIABLE FOR HOW THOSE COULD THEN BE AN UNCLEAN HANDS DEFENSE.

AS ANOTHER EXAMPLE, OUR COMPANY HAS BEEN MARKETING CRANBERRIES FOR 80 YEARS. POM HAS BEEN IN BUSINESS FOR NINE YEARS. THERE IS NO TIME LIMITATION ON POM'S DISCOVERY REQUESTS. WHAT HAPPENED 60, 40 OR EVEN 20 YEARS AGO IS SIMPLY NOT RELEVANT TO THIS CASE.

AGAIN, POM HAS NOT FOCUSED ITS DISCOVERY REQUEST ON ANYTHING THAT COULD POSSIBLY BE RELEVANT. AND I DON'T KNOW WHETHER IT COULD DO SO. I DON'T KNOW WHETHER WE HAVE TAKEN THE POSITION THAT POM IS ENTITLED TO NO DISCOVERY.

IT IS VERY DIFFICULT FOR ME TO THINK OF ANY DISCOVERY INVOLVING THE HEALTH EFFECTS OF CRANBERRIES THAT COULD POSSIBLY BE RELEVANT TO OUR COUNTER CLAIMS. HOWEVER, POM COULD SURPRISE ME AND COME UP WITH SUCH A THING. BUT FIRST THEY WOULD HAVE TO TARGET THOSE DISCOVERY REQUESTS TO SPECIFIC FACTUAL ALLEGATIONS THAT CAN LAY -- THAT CAN SERVE AS A PREDICATE FOR SUCH

DISCOVERY.

THAT SUBSTANTIALLY IS THE ONLY POINT THAT I WANT TO MAKE TODAY, YOUR HONOR.

THANK YOU.

THE COURT: ALL RIGHT. THANK YOU.

MS. ALLAYEE.

MS. ALLAYEE: THANK YOU, YOUR HONOR.

JUST ONE ADDITIONAL POINT TO ADDRESS SOME OF MR. HORVATH'S COMMENTS.

WITH RESPECT TO US HAVING FURTHER EVIDENCE OR HAVING TO DO FURTHER TO HAVE THE BASIS TO PURSUE THIS DEFENSE, I SHOULD ALSO ADD THAT AT LEAST ONE OCEAN SPRAY WITNESS, AND A VERY HIGH LEVEL PERSON, WHICH IS KENNETH ROMANZI, DID TESTIFY AT HIS DEPOSITION THAT A CERTAIN LEVEL OF CRANBERRY JUICES NECESSARY TO MAKE ANY KIND OF HEALTH CLAIM WITH RESPECT TO A CRANBERRY JUICE PRODUCT, AND WE HAVE EVIDENCE INCLUDING OCEAN SPRAY'S INITIAL LABEL FOR THIS PRODUCT THAT HAD STATEMENTS SUCH AS "LOADED WITH ANTIOXIDANTS." "THIS PRODUCT IS A TRIBUTE TO TWO ANTIOXIDANT SUPER FRUITS, BOTH POMEGRANATE AND CRANBERRY."

THEY ARE MAKING THESE TYPES OF CLAIMS WHEN WE LATER FOUND OUT THAT NOT ONLY DO THEY KNOW THAT YOU HAVE TO HAVE A CERTAIN AMOUNT OF CRANBERRY JUICE IN THE PRODUCT TO MAKE ANY SORT OF HEALTH STATEMENT ABOUT IT, BUT THEIR PRODUCT DID NOT HAVE THAT AMOUNT. AND THIS PRODUCT DOES

NOT HAVE THAT AMOUNT.

SO THAT WAS THE ONLY ADDITIONAL POINT.

WE HAVE BASIS, FACTUAL BASIS, BASED ON DISCOVERY THAT WE'VE ALREADY DONE IN ADDITION TO WHAT WE FOUND ON OUR OWN THAT THEY HAVE MADE CLAIMS WITHOUT HAVING A BASIS WITH RESPECT TO CRANBERRY JUICE.

THAT'S ALL I HAD, YOUR HONOR.

THE COURT: ALL RIGHT. THE MOTION IS DENIED. COURT DOES NOT AGREE WITH THE EXPANSIVE VIEW OF THE EQUITABLE DOCTRINE OF CLEAN HANDS THAT PLAINTIFF ADVANCES.

THE COURTS VIEW IT'S NOT ENOUGH TO SAY THE OPPOSING PARTY HAS ENGAGED IN SIMILAR KINDS OF CONDUCT. AS JUDGE MATZ EXPLAINED IN A SUMMARY LAWSUIT INVOLVING THE PLAINTIFF, THE BAD FAITH MUST RELATE TO THE SUBJECT MATTER OF THE LAWSUIT AND THE ISSUE IS NOT WHETHER THE PARTIES' HANDS ARE "DIRTY", BUT WHETHER THEY ARE "DIRTY" IN CONNECTION WITH THE RIGHT PRESENTLY ASSERTED.

JUDGE MATZ'S CASE IS POM WONDERFUL VERSUS WELCH FOODS, 737 F. SUPP. 2D 1105, CENTRAL DISTRICT OF CALIFORNIA, 2010.

IN MY VIEW THE RIGHTS MAY NOT BE SO ABSTRACTLY STATED SUCH THAT EVERYTHING IS RELATED. FALSE ADVERTISING IS NOT EXCUSED BY ANOTHER PARTY'S FALSE ADVERTISING. GOVERNMENT INQUIRIES INTO ANOTHER COMPANY'S PROJECT -- PRACTICES DO NOT JUSTIFY LOOKING AT GOVERNMENT INQUIRIES

INTO ONE PARTY'S PRACTICES. AND MISSTATEMENTS OF INGREDIENTS DO NOT NECESSARILY JUSTIFY INQUIRY INTO INGREDIENTS IN OTHER PRODUCTS.

I THINK THINGS ARE JUST PUT AT SUCH AN ABSTRACT LEVEL THAT EVERYTHING IS SAID TO BE UNCLEAN HANDS AND THAT'S NOT WHAT THE UNCLEAN HANDS DOCTRINE IS MEANT TO BE.

SO I HAVE DENIED THE MOTION.

ANYTHING FURTHER?

MS. ALLAYEE: NO, YOUR HONOR.

MR. HORVATH: NO, YOUR HONOR. THANK YOU.

THE COURT: ALL RIGHT. THANK YOU VERY MUCH.

(CONCLUSION OF RECORDED PROCEEDINGS.)

-OOO-

CERTIFICATE

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/YVONNE MCLEAN___________ MAY 31, 2011_________
YVONNE MCLEAN, TRANSCRIBER DATE