```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3

 4    HONORABLE RALPH ZAREFSKY, U.S. MAGISTRATE JUDGE PRESIDING

 5

 6   POM WONDERFUL, LLC,                 )
                                         ) CASE NO.
 7               PLAINTIFF,              ) CV 09-00565-DDP
                                         )         (RZX)
 8         VS.                           )
                                         )
 9   OCEAN SPRAY CRANBERRIES, INC.,      )
                                         )  (11:48 A.M.)
10               DEFENDANT.              )
     _____)
11

12

13      DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES AND

14          PRODUCTION OF DOCUMENTS TO DISCOVER REQUESTS

15                   LOS ANGELES, CALIFORNIA

16                       JULY 18, 2011

17

18

19

20   DEPUTY CLERK:              ILENE BERNAL

21   TRANSCRIBED BY:            HUNTINGTON COURT REPORTERS
                                AND TRANSCRIPTION INC.
22                              1450 W. COLORADO BOULEVARD
                                PASADENA, CA 91105
23                              (626) 792-7250

24

25   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
                                                              1
```

```
 1   APPEARANCES

 2


 3   FOR THE PLAINTIFF:

 4           ROLL LAW GROUP P.C.
             BY:  DANIEL BECK
 5                CHRISTA DEMEKE
             11444 WEST OLYMPIC BOULEVARD
 6           5TH FLOOR
             LOS ANGELES, CA   90067
 7           (310) 282-2000

 8


 9


10   FOR THE DEFENDANTS:

11           KELLEY DRYE AND WARREN LLP
             BY:  AUGUST T. HORVATH
12           101 PARK AVENUE
             NEW YORK, NY   10178
13           (212) 808-7528

14


15           GREENBERG TRAURIG LLP
             BY:  ADAM SIEGLER
16           2450 COLORADO AVENUE
             SUITE 400 EAST
17           SANTA MONICA, CA   90404
             (310) 586-7700
18

19

20

21

22

23

24

25
                                                        2
```

```
 1            LOS ANGELES, CALIFORNIA, MONDAY, JULY 18, 2011
 2
 3            THE CLERK:  ITEM NO. 3.
 4            CASE NO. CV 09-00565-DDP (RZX).  POM WONDERFUL,
 5   LLC VERSUS OCEAN SPRAY CRANBERRIES, INC.
 6            COUNSEL, PLEASE MAKE YOUR APPEARANCES.
 7            MR. HORVATH:  GOOD AFTERNOON, YOUR HONOR.
 8   AUGUST HORVATH FROM KELLEY DRYE FOR OCEAN SPRAY.
 9            THE COURT:  MR. HORVATH, KELLEY DRYE CAN'T
10   AFFORD ITS OWN BUSINESS CARDS?
11            MR. HORVATH:  I MISTAKENLY RAN OUT OF THEM ON
12   THE WAY IN, SIR.
13            THE COURT:  ALL RIGHT.  WELCOME.
14            MR. SIEGLER:  YOUR HONOR, GOOD MORNING.  ADAM
15   SIEGLER, GREENBERG TRAURIG, ALSO ON BEHALF OF OCEAN SPRAY.
16            THE COURT:  GOOD MORNING.  OR AFTERNOON.
17            MR. BECK:  GOOD MORNING, YOUR HONOR.  DANIEL
18   BECK OF ROLL LAW GROUP ON BEHALF OF PLAINTIFF AND
19   COUNTER-DEFENDANT, POM WONDERFUL, LLC.
20            THE COURT:  GOOD AFTERNOON.
21            MS. DEMEKE:  CHRISTA DEMEKE FOR POM WONDERFUL,
22   LLC.
23            THE COURT:  ALL RIGHT.  ALL RIGHT.  I'M READY TO
24   PROCEED.
25            DOES THE MOVING PARTY WISH TO BE HEARD?  I'VE
```

3

1  READ THE PAPERS.
2              MR. HORVATH: BRIEFLY, YOUR HONOR. I THINK --
3              THE COURT: EXCUSE ME. IT'S CUSTOMARY HERE TO
4  STAND.
5              MR. HORVATH: EXCUSE ME. I'M SORRY.
6              THE COURT: AND PERHAPS USE THE LECTURN WOULD BE
7  APPROPRIATE.
8              MR. HORVATH: BEG YOUR PARDON, YOUR HONOR.
9              THE COURT: THAT'S ALL RIGHT. I'M SURPRISED
10 THEY'RE LESS FORMAL IN NEW YORK THAN THEY ARE HERE.
11             MR. HORVATH: YOUR HONOR, JUST A BRIEF POINT.
12 AND I'D BE HAPPY TO DEAL WITH ANYTHING THE COURT HAS
13 QUESTIONS ABOUT.
14             I THINK IN THE BRIEFING FOR THIS MATTER, THE
15 CORE REALLY OF THE DOCUMENTS SOUGHT BY THE MOTION --
16 SOUGHT BY THE MOTIONS AND BY THE UNDERLYING DISCOVERY
17 IS -- HAS TO DO WITH WORK THAT POM'S CADRE OF EXPERTS HAVE
18 DONE ON THE SET OF CASES THEY FILED AGAINST DIFFERENT
19 JUICE COMPANIES AND IN THE CASES OTHERS HAVE FILED AGAINST
20 THEM. AND WHERE IS THE MONEY IS REALLY THE KEY ITEM HERE,
21 YOUR HONOR.
22             POM FILED FOUR CASES AGAINST FOUR JUICE
23 COMPANIES OF WHICH WE WERE THE FOURTH IN LINE IN TERMS OF
24 ORDER OF PROCEEDINGS GENERALLY, AFTER WHICH CLASS ACTION
25 PLAINTIFFS SUED POM AND THE FTC SUED POM.

1         IT'S BASICALLY THE SAME EXPERTS IN EACH ONE.
2    IT'S CLEAR FROM WHAT WE HAVE DISCOVERED THUS FAR THAT
3    THESE EXPERTS HAVE ESSENTIALLY TAKEN ON A PACKAGE OF
4    CASES.  THEIR WORK ON THEM HAS BEEN CO-MINGLED.  WE ARE
5    SEEING THE SAME RESEARCH THAT HAS APPEARED IN TRIALS IN
6    THE OTHER CASES.
7         WE KNOW FROM THE TESTIMONY THAT THERE HAS BEEN A
8    GREAT DEAL OF OVERLAP IN THE BILLING AND PAYMENT FOR THESE
9    CASES.  AND THERE'S NO WAY TO REALLY DISENTAGLE THE WORK
10   THEY'VE DONE ON THESE CASES.
11        SO EVEN FOR THE LIMITED PURPOSES OF FINDING OUT
12   WHAT THEY HAVE BEEN PAID FOR OUR CASE, THEY HAVE -- YOU
13   KNOW, THE DOCUMENTS ARE NEEDED.
14        FURTHER, GOING A LITTLE MORE BROADLY, THE CASE
15   LAW, WE BELIEVE, HOLDS THAT IN SITUATIONS LIKE THIS WE'RE
16   ENTITLED TO EXPLORE THE BROADER FINANCIAL INTEREST OF THE
17   EXPERT IN DOING WORK FOR POM AND SATISFYING POM AS TO THE
18   CONTENT OF HIS OR HER OPINIONS.
19        AND THAT, AND IN ADDITION, THE SUBSTANTIVE
20   REPORTS THAT WERE GIVEN AND WHETHER THEY CONTRADICT OR
21   SUPPORT THE CURRENTLY PRESENTED EXPERT OPINIONS IN THIS
22   CASE ARE OF OBVIOUS RELEVANCE, WE THINK.
23        SO THAT'S REALLY ALL I HAVE TO SAY UNLESS YOUR
24   HONOR HAS QUESTIONS.
25             THE COURT:  ALL RIGHT.  THANK YOU.

1    WHO IS GOING TO APPEAR FOR THE PLAINTIFF?
2    MS. DEMEKE:  I AM, YOUR HONOR.  CHRISTA DEMEKE.
3    THE COURT:  GO AHEAD.
4    MS. DEMEKE:  THANK YOU.
5    TWO BRIEF POINTS, YOUR HONOR, THAT WERE NOT
6    INCLUDED IN OUR PAPERS BUT I WOULD LIKE TO RAISE WHICH
7    FURTHER SUPPORT THE DENIAL OF THIS MOTION.  ONE ON
8    MR. HORVATH'S POINT THAT THERE'S NO WAY TO DISENTANGLE THE
9    PAYMENTS TO EXPERT WITNESSES IN DIFFERENT MATTERS.
10   FIRST, DR. REIBSTEIN'S INVOICES IN THE FTC
11   ACTION HAVE NOT EVEN BEEN PRODUCED TO THE FTC IN THAT
12   ACTION ITSELF.
13   POM AND THE FTC REACHED AN AGREEMENT,
14   AUTHORITATIVE AGREEMENT REACHED IN THE PARTIES IN THIS
15   CASE, TO CONFINE DISCOVERY CONCERNING EXPERTS TO ONLY
16   COMMUNICATIONS THAT FORM THE BASIS OF THE EXPERT'S
17   OPINION.
18   FURTHER, THERE IS A SCHEDULING ORDER IN THE FTC
19   ACTION WHICH STATES THAT COMMUNICATIONS BETWEEN EXPERTS
20   WITH COUNSEL OR CONSULTANTS NEED NOT BE PRODUCED UNLESS
21   RELIED UPON BY THE EXPERT IN FORMULATING AN OPINION IN
22   THAT CASE.
23   PURSUANT TO THIS -- THE AGREEMENT BETWEEN THE
24   FTC AND POM, AND PURSUANT TO THE FTC SCHEDULING ORDER, POM
25   HAS NOT PRODUCED DR. REIBSTEIN'S INVOICES TO THE FTC.

6

1        SO HERE OCEAN SPRAY IS SEEKING INVOICES FROM THE
2  FTC ACTION THAT HAVE NOT EVEN BEEN PRODUCED TO THE FTC
3  ITSELF.
4        SECOND, DR. REIBSTEIN'S DEPOSITION WAS TAKEN IN
5  THIS MATTER ON JULY 12TH.  ALTHOUGH POM INFORMED OCEAN
6  SPRAY CLEARLY IN THE JOINT STIPULATION REGARDING THIS
7  MOTION THAT IT WOULD NOT PRECLUDE OCEAN SPRAY FROM
8  QUESTIONING DR. REIBSTEIN AT HIS DEPOSITION ON THE TOTAL
9  HOURS HE HAS BILLED AND HIS HOURLY RATE FOR THE WORK HE
10  HAS BILLED POM IN THE FTC ACTION, OCEAN SPRAY ELECTED NOT
11  TO QUESTION DR. REIBSTEIN ON EITHER OF THESE TOPICS.
12        POM MAINTAINS THAT OCEAN SPRAY HAS SUFFICIENT
13  INFORMATION THROUGH THE INVOICES FOR BOTH DR. REIBSTEIN
14  AND MR. BRADSHAW FOR THEIR WORK IN THIS MATTER AND THEIR
15  RETENTION LETTERS IN THIS MATTER TO SUFFICIENTLY PROBE FOR
16  ANY POTENTIAL BIAS.
17        POM, DR. REIBSTEIN AND MR. BRADSHAW HAVE
18  COMPLIED WITH THEIR OBLIGATIONS UNDER RULE 26(A)(2)(B) BY
19  PRODUCING SUCH DOCUMENTS, AND THIS IS IN COMPLIANCE WITH
20  THE AGREEMENT THAT THE PARTIES REACHED AT THE OUTSIDE OF
21  DISCOVERY.
22        THE COURT:  TELL ME ABOUT THAT AGREEMENT.  IT'S
23  DESCRIBED DIFFERENTLY BY THE TWO PARTIES.
24        IS IT IN WRITING?
25        MS. DEMEKE:  NOT THAT I KNOW OF, YOUR HONOR.  MY

```
 1   COLLEAGUE, SOPHIE FROELICH, PROVIDED THE INFORMATION
 2   CONCERNING THAT AGREEMENT, AND SHE DID RELAY THAT THE
 3   AGREEMENT WAS IN ORDER TO FACILITATE COMMUNICATIONS
 4   BETWEEN THE EXPERTS AND THE PARTIES AND TO AVOID -- TO
 5   AVOID DISCOVERY DISPUTES.
 6              THE COURT:  AT THE TIME THE AGREEMENT WAS
 7   REACHED --
 8              AND WE'VE BEEN TALKING ABOUT RULE 26(A)(2)(B);
 9   RIGHT?
10              MS. DEMEKE:  YES, YOUR HONOR.
11              THE COURT:  THAT HAD NOT BECOME EFFECTIVE;
12   RIGHT?
13              MS. DEMEKE:  THE 2010 AMENDMENT?
14              THE COURT:  RIGHT.
15              MS. DEMEKE:  CORRECT.
16              THE PARTIES --
17              THE COURT:  THERE WAS ANTICIPATION OF THE FACT
18   THAT IT WOULD BECOME EFFECTIVE.
19              MS. DEMEKE:  YES, YOUR HONOR.
20              THE COURT:  ALL RIGHT.  GO AHEAD.
21              MS. DEMEKE:  JUST ALSO FOCUSING ON THE LANGUAGE,
22   SPECIFICALLY THAT BOTH OCEAN SPRAY AND POM HAVE CITED IN
23   THE JOINT STIPULATION REGARDING THE 2010 AMENDMENT AND THE
24   ADVISORY COMMITTEE NOTE CONCERNING COMPENSATION, THE
25   ADVISORY COMMITTEE STATES THAT COMMUNICATION -- DISCOVERY
```

8

```
 1   MAY BE -- MAY EXTEND TO ALL COMPENSATION FOR THE STUDY AND
 2   TESTIMONY PROVIDED IN RELATION TO THE ACTION.  ANY
 3   COMMUNICATION ABOUT ADDITIONAL BENEFITS TO THE EXPERT SUCH
 4   AS WORK AND FURTHER -- SUCH AS FURTHER WORK IN THE EVENT
 5   OF A SUCCESSFUL RESULT IN THE PRESENT CASE WOULD BE
 6   INCLUDED.
 7            YOUR HONOR, WE BELIEVE THIS LANGUAGE FOCUSES ON
 8   THE ACTION AT HAND, WHICH WE HAVE PRODUCED THE INVOICES
 9   RELATED TO THIS ACTION AS WELL AS THE RETENTION LETTERS.
10            THE COURT:  ALL RIGHT.  THANK YOU.
11            MS. DEMEKE:  THANK YOU, YOUR HONOR.
12            THE COURT:  MR. HORVATH, ANYTHING FURTHER?
13            MR. HORVATH:  YES, YOUR HONOR.
14            JUST A BRIEF POINT OF CLARIFICATION, YOUR HONOR,
15   WITH RESPECT TO THE AGREEMENT.  IT IS IN WRITING.  IT WAS
16   SOME TIME AGO, BUT I BELIEVE I AUTHORED THE WRITING
17   BETWEEN THE PARTIES.
18            AND WHAT IT HELD, IN ESSENCE, IS THAT THE
19   PARTIES -- THIS WAS BEFORE THE PASSAGE OF THE AMENDMENTS
20   TO RULE 26 -- WOULD BEHAVE WITH RESPECT TO EXPERT
21   DISCOVERY AS IF THOSE AMENDMENTS HAS BEEN DRAFTED, AND
22   THAT WAS IDENTICAL TO THEIR ULTIMATE FINAL FORM, WOULD
23   ALREADY HAD BEEN IN EFFECT.
24            SO IN TERMS OF UNDERSTANDING WHAT THE PARTIES
25   HAD AGREED, OCEAN SPRAY'S POSITION IS THAT YOUR HONOR DID
```

9

```
 1   NOT GO BEYOND RULE 26 TO UNDERSTAND ANY AGREEMENT IN PLACE
 2   BETWEEN US.
 3             THE COURT:  IS THAT --
 4             THAT WASN'T ATTACHED TO THE JOINT STIPULATION,
 5   WAS IT?
 6             MR. HORVATH:  I DON'T BELIEVE THAT IT WAS, YOUR
 7   HONOR.  NO.
 8             THE COURT:  ALL RIGHT.  ALL RIGHT.  SO THIS IS
 9   THE DEFENDANT'S MOTION TO COMPEL DOCUMENTS.  I'M GOING TO
10   START WITH DR. REIBSTEIN.
11             DO I CORRECTLY PRONOUNCE HIS NAME?
12             ALL RIGHT.  I TAKE THAT TO BE YES.
13             AND THERE ARE TWO REQUESTS AT ISSUE, NO. 3 AND
14   NO. 4.  AND THE FOLLOWING SEEM TO BE THE OBJECTIONS THAT
15   ARE PURSUED IN THE JOINT STIPULATION, WHICH IS REALLY ALL
16   THAT THE COURT CAN GO ON BECAUSE THAT'S THE DOCUMENT THAT
17   FRAMES THE ISSUES FOR THE COURT.
18             ALL RIGHT.  POM SAYS THAT THE PARTIES AGREED TO
19   CONFINE EXPERT DISCOVERY TO THAT PROVIDED FOR BY RULE
20   26(A)(2)(B).  AND AS I'VE INDICATED, THAT AGREEMENT IS NOT
21   IN THE RECORD BEFORE THE COURT, AND OCEAN SPRAY DOESN'T
22   DESCRIBE IT IN THOSE TERMS, SAYING THAT INSTEAD THE
23   PARTIES AGREED EVEN BEFORE THE RULE TOOK EFFECT THAT THE
24   RULE WOULD APPLY IN THIS CASE.  AND THAT'S BEEN THE
25   DESCRIPTION THAT OCEAN SPRAY HAS GIVEN HERE IN OPEN COURT,
```

10

1  TOO.
2          THAT SEEMS TO ME THE MORE REASONABLE
3  INTERPRETATION OF THE AGREEMENT IN THE ABSENCE OF HAVING
4  SEEN THE WRITING MYSELF.
5          SECOND, POM SAYS THAT THE MATERIALS INSOFAR AS
6  THEY PERTAIN TO THE AFFILIATES ARE NOT RELEVANT.  THE
7  COURT AGREES THAT THE AFFILIATES ARE SEPARATE ENTITIES AND
8  THAT ON THIS RECORD, RELEVANCE AND MATERIAL CONCERNING THE
9  AFFILIATES IS TOO STRAINED TO JUSTIFY THE DISCOVERY AS TO
10 THE AFFILIATES.
11         THIRD, POM SAYS THAT THE MATERIAL FROM THE FTC
12 INVESTIGATION SHOULD NOT BE PRODUCED BECAUSE THE FTC
13 INVESTIGATION IS AN ENTIRELY SEPARATE MATTER.  AND IT MAY
14 WELL BE SEPARATE, BUT THAT DOES NOT GAINSAY THE FACT THAT
15 THIS EXPERT'S CONTRIBUTION TO THAT MATTER MAY YIELD
16 INFORMATION RELEVANT TO THIS CASE.
17         POM ALSO SAYS THAT DR. REIBSTEIN'S TESTIMONY IN
18 THE FTC MATTER WILL BE PUBLIC.  THAT IS NOT A BASIS FOR
19 PROHIBITING THE DISCOVERY OF DOCUMENTS.
20         THE FACT THAT INVOICES HAVE NOT YET BEEN
21 PRODUCED IN THE FTC MATTER AS INDICATED HERE IN OPEN COURT
22 DOESN'T SEEM TO ME TO BE GERMANE TO THE ISSUE.
23         SO AS TO DR. REIBSTEIN, THE MOTION IS GRANTED,
24 EXCEPT AS TO MATTERS CONCERNING THE AFFILIATES.
25         NOW AS TO MR. BRADSHAW, THERE ARE THREE DOCUMENT

1   REQUESTS AT ISSUE, NO. 3, 4 AND 5.  AS BEST I UNDERSTAND
2   THE OBJECTIONS THAT ARE PURSUED IN THE JOINT STIPULATION,
3   THERE ARE THREE OF THEM.
4           AGAIN, THE CLAIM IS MADE THAT THE PARTIES AGREED
5   TO CONFINE THEIR DISCOVERY IN ACCORDANCE WITH RULE
6   26(A)(2)(B).  AS I'VE INDICATED ALREADY, I DON'T SEE THAT
7   AS THE AGREEMENT OF THE PARTIES, SO I DON'T AGREE WITH
8   THAT.
9           SECOND, THERE APPEARS TO BE A CLAIM THAT THE
10  WORK PRODUCT DOCTRINE PROTECTS AGAINST DISCOVERY HERE, BUT
11  THE CLAIM IS NOT MADE VERY EXPLICITLY AND CERTAINLY IS NOT
12  DEVELOPED AT ALL ON THE RECORD.  IT WAS POM'S OR THE
13  SUBPOENAED PARTY'S OBLIGATION TO DO SO, AND THE COURT
14  CANNOT ASSUME THE EXISTENCE OF THE APPLICABILITY OF THE
15  WORK PRODUCT DOCTRINE.
16          THIRD, THE OBJECTION, AGAIN, IS MADE THAT THE
17  AFFILIATES ARE SEPARATE ENTITIES.  AND AS I'VE INDICATED,
18  I AGREE WITH THAT PRINCIPLE, AT LEAST ON THIS RECORD, BUT
19  MR. BRADSHAW IS SAID TO HAVE BEEN DESIGNATED AS AN EXPERT
20  "ON THE (INAUDIBLE) SIGNIFICANCE OF VARIOUS ACTIONS BY THE
21  FOOD AND DRUG ADMINISTRATION," AND THUS IF HE HAS RENDERED
22  ANY OPINIONS ON THOSE SUBJECTS, EVEN TO AFFILIATES, THEN
23  THE FACT THAT OTHER THAN POM RECEIVED THEM IS OF LESS
24  SIGNIFICANCE.
25          ACCORDINGLY, ANY OPINIONS, LETTERS, REPORTS OR

```
 1   ANALYSES ON THE SAME MATTER AS THAT WHICH HE APPEARS AS AN
 2   EXPERT HERE ARE DISCOVERABLE.
 3           THOSE ARE THE ONLY OBJECTIONS THAT THE COURT
 4   SEES DEVELOPED IN THE JOINT STIPULATION SUBMITTED TO THE
 5   COURT.  THE PURPOSE OF THE JOINT STIPULATION IS TO FRAME
 6   THE ISSUES FOR THE COURT, AND THE COURT CAN'T REALLY GO
 7   BEYOND THE JOINT STIPULATION AND DEVELOP OTHER ISSUES THAT
 8   MIGHT BE LATENT.
 9           SO BASED UPON WHAT THE PARTIES HAVE SUBMITTED,
10   THE MOTION IS GRANTED, EXCEPT THE MATERIAL WITH RESPECT TO
11   THE AFFILIATES IS RESTRICTED IN THE WAY THAT I HAVE
12   DESCRIBED.
13           ALL RIGHT.  THANK YOU VERY MUCH.
14           WISH YOU A SAFE TRIP BACK TO NEW YORK,
15   MR. HORVATH.
16           MR. HORVATH:  THANK YOU, YOUR HONOR.
17           THE COURT:  WE'LL BE IN RECESS.
18           MR. BECK:  THANK YOU, YOUR HONOR.
19              (CONCLUSION OF RECORDED PROCEEDINGS.)
20                           -OOO-
21
22
23
24
25
                                                             13
```

```
 1
 2
 3                         CERTIFICATE
 4         I CERTIFY THAT THE FOREGOING IS A CORRECT
 5   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE
 6   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 7
 8   /S/YVONNE MCLEAN_____    AUGUST 1, 2011_____
     YVONNE MCLEAN, TRANSCRIBER     DATE
 9
10
11
...
25
```

14