ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067-4120
Telephone:   310-282-2000
Facsimile:   310-282-2200

CHRISTOPHER VAN GUNDY(SBN 152359)
cvangundy@roll.com
SOPHIE N. FROELICH (SBN 213194)
sfroelich@roll.com
ROLL LAW GROUP P.C.
11444 W. Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone:   310-966-8400
Facsimile:   310-966-8810

TODD C. THEODORA (SBN 120426)
ttheodora@tocounsel.com
THEODORA ORINGHER MILLER
     & RICHMAN PC
535 Anton Boulevard, 9th Floor
Costa Mesa, California  92626
Telephone:  (714) 549-6200
Facsimile:     (714) 549-6201

Attorneys for Plaintiff
POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No.  CV09-00565 DDP (RZx) <br><br> **PLAINTIFF POM WONDERFUL LLC'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT OCEAN SPRAY CRANBERRIES, INC.'S ANSWER AND COUNTERCLAIMS; MEMORANUDM OF POINTS AND AUTHORITIES** <br><br> Hon. Dean D. Pregerson <br><br> **Date:        September 19, 2011** <br> **Time:       10:00 a.m.** <br> **Place:      Courtroom 3** |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that Plaintiff Pom Wonderful LLC ("Pom") will

3   and hereby does, pursuant to Federal Rules of Civil Procedure 12(f) and 15(a),

4   move this Court for an order striking the Answer and Counterclaims asserted by

5   Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") to Pom's First

6   Amended Complaint and filed with this Court on August 3, 2011.

7       This Motion is made on the grounds that Ocean Spray filed its Answer and

8   Counterclaims late, in violation of the Local Rules of this Court and Federal Rule

9   of Civil Procedure 15.  Accordingly, the Answer and Counterclaims should be

10  stricken in their entirety.  If not stricken entirely, Ocean Spray's Answer and

11  Counterclaims should be partially stricken because Ocean Spray has improperly

12  added new factual allegations in support of its unclean hands defense and its

13  counterclaims without seeking leave of court.  These new allegations are wholly

14  unrelated to the limited amendment of Pom's original complaint that resulted in its

15  First Amended Complaint, which simply omitted two paragraphs of allegations but

16  added none, and which was filed pursuant to this Court's granting of leave to

17  amend on July 1, 2011.  At this stage in the litigation, Ocean Spray's new

18  allegations are improper and highly prejudicial, and should be stricken.

19      This Motion is based upon the attached Memorandum of Points and

20  Authorities, the Declaration of Azadeh Allayee in support thereof, and on such

21  further evidence and arguments as may be presented in connection with this

22  Motion.

23      This motion is made following the conference of counsel pursuant to L.R. 7-

24  3 which took place on August 9, 2011.

25  Dated:  August 17, 2011          ROLL LAW GROUP, P.C.

26

27                           By:   */s/ Azadeh Allayee*

28                              AZADEH ALLAYEE
                            Attorneys for Plaintiff
                            POM WONDERFUL LLC

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................2

II.   FACTUAL BACKGROUND .............................................................3

III.  ARGUMENT .....................................................................................5

    A.   Legal Standard ..........................................................................5

    B.   Ocean Spray's Answer And Counterclaims Were Untimely Filed And
         Should Therefore Be Stricken ...................................................6

    C.   Ocean Spray Also Failed To Obtain Leave Of Court To Assert Its New
         Allegations In Its Answer And Counterclaims .........................7

    D.   Ocean Spray Did Not Have Good Cause For Its Amended Pleading .....10

    E.   Allowing Ocean Spray's New Allegations To Stand Would Be
         To Pom's Prejudice ...................................................................13

IV.   CONCLUSION .................................................................................13

# TABLE OF AUTHORITIES

CASES

Cobell v. Norton
    213 F.R.D. 42, 42 (D. D.C. 2003) ....................................................5

Coleman v. Quaker Oats Co.
    232 F.3d 1271, 1294 (9th Cir. 2000) ......................................10, 13

Elite Entertainment, Inc. v. Khela Bros. Entertainment
    227 F.R.D. 444 (E.D. Va. 2005).....................................................7

Johnson v. Mammoth Recreations, Inc.
    975 F.2d 604, 609 (9th Cir. 1992) ...............................................10

Lockheed Martin Corp. v. Network Solutions, Inc.
    194 F.3d 980, 986 (9th Cir.1999) ................................................13

Pom Wonderful LLC v. Welch Foods, Inc.
    737 F. Supp. 2d 1105, 1109 (C.D. Cal. 2010) .........................10, 11

Regent Nat'l Bank
    1998 WL 961377, *4 (E.D. Pa. 1998) .........................................13

Uniroyal Chemical Co., Inc. v. Syngenta Crop Protection, Inc.
    2005 WL 677806, *1 (D.Conn. 2005)........................................6, 7

Tralon Corp. v. Cedarapids, Inc.
    966 F. Supp. 812, 832 (N.D. Iowa 1997) ......................................7

**STATUTES**

Federal Rules of Civil Procedure
    15(a)(2)........................................................................................3
    15(a)(3)........................................................................................6
    16(b)(4).....................................................................................3, 10

Lanham Act § 42(a) ...................................................................3, 4, 12

California's Business and Professions Code

§ 17200 ..................................................................................................3, 4
§ 17500 ..................................................................................................3, 4

1   **I.   <u>INTRODUCTION</u>**

2       Plaintiff Pom Wonderful LLC ("Pom") moves to strike Defendant Ocean

3   Spray Cranberries, Inc.'s ("Ocean Spray") new Answer and Counterclaims filed in

4   response to Pom's First Amended Complaint because not only did Ocean Spray

5   file its Answer and Counterclaims late, but Ocean Spray also added brand new

6   factual allegations without leave of Court and which go far beyond the scope of

7   Pom's First Amended Complaint to which Ocean Spray's Answer and

8   Counterclaims respond.

9       This Court granted Pom's previous motion to amend its complaint on July 1,

10  2011.  That motion was filed purely to omit two paragraphs of superfluous

11  allegations from Pom's existing complaint.  In response, Ocean Spray took the

12  liberty of improperly adding new factual allegations that broaden the scope of this

13  case beyond the discovery the parties have done, and indeed, beyond the scope of

14  discovery this Court has even allowed.  The Court has denied Pom discovery

15  relating to any Ocean Spray product other than Ocean Spray's 100% Juice

16  Cranberry & Pomegranate product that is the subject of Pom's Complaint.  And

17  yet, Ocean Spray's new allegations now add not only Pom's 100% pomegranate

18  juice product, but <u>all</u> of Pom's "beverage products" as well as its "Lite Pom"

19  product.  Ocean Spray has improperly added new facts, products, defenses and

20  legal theories to this case regarding which the parties have not conducted

21  discovery.  Moreover, it has done so <u>after</u> the discovery cutoff, such that Pom

22  cannot question Ocean Spray regarding the facts upon which it bases these new

23  allegations.

24      Thus, Pom's arguments on this motion are twofold.  First, Ocean Spray's

25  Answer and Counterclaims were untimely filed and served.  Ocean Spray's

26  response to Pom's First Amended Complaint was due July 15, 2011, pursuant to

27  Local Rule 15-3 and Federal Rule of Civil Procedure 15.  However, they were not

28  / / /

1    filed or served until August 3, 2011.  Thus, the Answer and Counterclaims are

2    clearly untimely and should be stricken in their entirety.

3         Second, even if not stricken altogether, Ocean Spray has improperly – and

4    without calling its new Answer and Counterclaims an "amended" pleading – added

5    several paragraphs of entirely new factual allegations in support of its unclean

6    hands affirmative defense and its counterclaims.  Specifically, Ocean Spray has

7    asserted new unclean hands allegations accusing Pom of: i) failing to disclose

8    water and other juices on the ingredient statements of its products; and ii)

9    misleading the public in various forms of advertising about its juice products being

10   made from concentrate.  It has also broadened the scope of its unclean hands

11   defense to now include all Pom "beverage products," and not just Pom's 100%

12   pomegranate juice product as previously alleged.  Ocean Spray has also added two

13   substantial paragraphs of new factual allegations to its Counterclaims, adding

14   Pom's "Lite Pom" products, which are non-100% juice products, and accusing

15   Pom of misleading the public with respect to the health benefits of this product by

16   virtue of its specific labels and advertising.  Ocean Spray failed to obtain leave to

17   amend before adding these new allegations, in violation of Rule 15(a)(2) and to

18   Pom's prejudice.  Ocean Spray further did so without good cause, in violation of

19   Rule 16(b)(4).  Accordingly, these new allegations should be stricken.

20        For all of the foregoing reasons, this motion to strike should be granted.

21   **II.    FACTUAL BACKGROUND**

22        On January 23, 2009, Pom filed its Complaint (see Docket No. 1), asserting

23   false advertising claims against Ocean Spray pursuant to the Lanham Act § 42(a)

24   and unfair competition and false advertising claims under California's Business

25   and Professions Code § 17200, et seq. and § 17500, et seq.  Pom alleges that Ocean

26   Spray falsely and misleadingly advertises its 100% Juice Cranberry &

27   Pomegranate Product (the "Juice") as a juice that contains substantial amounts of

28   pomegranate juice in it, when in fact it does not.  The Juice's name, "100% Juice

Cranberry & Pomegranate," together with its label that includes a prominent, realistic depiction of cranberries and pomegranates, and its past advertising as a juice made from "two anti-oxidant powerhouse fruits," i.e., cranberry and pomegranate, belie the truth: that its primary ingredients are not cranberry and pomegranate juice but actually grape and apple juice.  See Complaint at ¶¶ 19-24.

On July 30, 2009, Ocean Spray filed its Answer to Pom's Complaint, along with several counterclaims.  See Docket No. 35; Declaration of Azadeh Allayee ("Allayee Decl."), ¶ 5, Exh. 6.  Ocean Spray asserted three causes of action against Pom: (1) false advertising under § 43(a) of the Lanham Act; (2) unfair competition under California Business and Profession Code § 17200; and (3) false advertising under California Business and Profession Code § 17500.  Ocean Spray alleged that Pom violated these statutes by purportedly making statements and representations regarding the nature, quality, characteristics and health benefits associated with Pom's products that are false and misleading.  See Answer and Counterclaims, ¶¶ 57-83).  Ocean Spray's counterclaims allege that Pom, through its advertising, has made several false or misleading claims with respect to the health benefits of Pom's products.

In January 2011, Pom filed a motion for leave to amend its complaint for the purpose of omitting two paragraphs of allegations that related to Pom's role in helping to create an increasing consumer market for pomegranate juice.  See Docket No. 110; Allayee Decl., ¶ 2, Exh. 1.  That motion was granted by the Court on July 1, 2011; that date triggered the fourteen day period for Ocean Spray to file its responsive pleading, including an answer and any counterclaims.  See Docket No. 180; Allayee Decl., ¶ 2, Exh. 2.  Accordingly, Pom manually filed its First Amended Complaint on July 12, 2011.  See Allayee Decl., ¶ 2, Exh. 3.

On July 18, 2011, Pom brought before the Court its motion for review of Magistrate Judge Zarefsky's rulings of May 16 and May 23, 2011, which denied Pom any discovery on Ocean Spray's advertising, marketing, and research with

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1  respect to the health benefits of cranberries and Ocean Spray's cranberry juice

2  products. See Docket No. 182. Pom's motion for review was denied. Id. Further,

3  on a previously discovery motion before Magistrate Judge Zarefsky in November

4  2010, Pom was denied any discovery on any Ocean Spray product aside from its

5  100% Juice Cranberry & Pomegranate product that is the subject of Pom's

6  complaint. See Docket No. 104.

7       On July 29, 2011, Ocean Spray improperly filed its Answer and

8  Counterclaims to Plaintiff's First Amended Complaint by filing its pleading

9  electronically (and untimely). See Docket No. 186. After receiving a notice of

10  deficiency from the Court, Ocean Spray manually filed its Answer and

11  Counterclaims on August 3, 2011. Id., ¶ 3, Exh. 4.

12       Ocean Spray's new Answer and Counterclaims are not titled an "amended"

13  pleading, and Ocean Spray did not obtain leave of Court to file same.

14  Nevertheless, the Answer and Counterclaims are an amended pleading, containing

15  significant, new factual allegations in its unclean hands defense regarding Pom

16  allegedly misleading the public on whether or not its products contain water as an

17  ingredient or are made from concentrate (id., pgs. 4-6, ¶ 50), and containing new

18  allegations regarding Lite Pom, a non-100% juice Pom product, as purportedly

19  misleading the public with respect to its health benefits pursuant to its labels and

20  advertising. Id., Exh. 4, pgs. 20-22, ¶¶ 57-58.

21  **III.   ARGUMENT**

22      **A.   Legal Standard**

23       Federal Rule of Civil Procedure 12(f) provides that the Court "may strike

24  from a pleading an insufficient defense or any redundant, immaterial, impertinent,

25  or scandalous matter."

26       Further, an answer or other pleading filed beyond the time permitted may be

27  stricken under Rule 12(f) as untimely if the pleader failed to obtain from the court

28  an extension of time or leave to late-file the pleading. See Cobell v. Norton, 213

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1  F.R.D. 42, 42 (D. D.C. 2003) (plaintiff's responsive briefs stricken as untimely; "it
2  is only fair to require all parties to the present case to comply with the Federal
3  Rules of Civil Procedure and Local Rules.").

4      The Court may also strike amendments to a pleading that were filed without
5  leave of court and after the time for amending as a matter of right.  See Uniroyal
6  Chemical Co., Inc. v. Syngenta Crop Protection, Inc., 2005 WL 677806, *1
7  (D.Conn. 2005) ("Uniroyal has now moved to strike, or in the alternative, dismiss
8  the counterclaims pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6).
9  Uniroyal asserts that Syngenta improperly filed the counterclaims without
10  receiving permission from the court…[.]").

11      **B.      Ocean Spray's Answer And Counterclaims Were Untimely Filed**
12                **And Should Therefore Be Stricken.**

13      Pom moved for leave to amend its original complaint in January 2011,
14  seeking only to omit two paragraphs of allegations from its complaint but not to
15  add any new allegations or otherwise amend its pleading.  See Docket No. 110;
16  Allayee Decl., ¶ 2, Exh. 1.  That motion was granted on July 1, 2011.  See Docket
17  No. 180; Allayee Decl., ¶ 2, Exh. 2.

18      Local Rule 15-3 of this Court provides that an amended complaint is deemed
19  served on the date leave to amend is granted.  In this case, that date was July 1,
20  2011.  Id.  Federal Rule of Civil Procedure 15(a)(3) provides that, "Unless the
21  court orders otherwise, any required response to an amended pleading must be
22  made within the time remaining to respond to the original pleading or within 14
23  days after service of the amended pleading, whichever is later."

24      No other order was ever made by the Court with respect to Ocean Spray's
25  time to respond to Pom's First Amended Complaint.  Accordingly, under Rule 15
26  Ocean Spray had fourteen days, or until July 15, to file its responsive pleading.
27  The Court's docket will reflect that Ocean Spray failed to meet that deadline.
28  / / /

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1    Here, Ocean Spray erroneously filed its Answer and Counterclaims

2    electronically, on July 29, 2011.  See Docket No. 186.  After receiving a notice of

3    deficiency from the Court, Ocean Spray correctly manually filed its Answer and

4    Counterclaims on August 3, 2011.  See Allayee Decl., ¶ 3, Exh. 4.  Both of these

5    filings were clearly late.

6    Because Ocean Spray indisputably failed to timely file its Answer and

7    Counterclaims in accordance with Rule 15, its Answer and Counterclaims should

8    be stricken in their entirety.

9    **C.    Ocean Spray Also Failed To Obtain Leave Of Court To Assert Its**

10   **New Allegations In Its Answer And Counterclaims.**

11   Even if not stricken entirely, Ocean Spray's Answer and Counterclaims are

12   still improper and should be partially stricken to the extent that they contain brand

13   new allegations for which Ocean Spray never obtained leave of court to allege.

14   Courts have repeatedly held that a response to an amended complaint must

15   relate specifically to changes in the amended complaint.  "Where [ ] the amended

16   complaint does not change the scope of the action, a defendant should obtain leave

17   of court before adding a new counterclaim that would change the scope of the

18   case."  Uniroyal, 2005 WL 677806 at *2; see also Tralon Corp. v. Cedarapids, Inc.,

19   966 F. Supp. 812, 832 (N.D. Iowa 1997) ("When a plaintiff files an amended

20   complaint which changes the theory or scope of the case, the defendant is allowed

21   to plead anew as though it were the original complaint filed by the Plaintiff ... The

22   obvious corollary is that if an amended complaint does not change the theory or

23   scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a)

24   before it amends its answer to assert a counterclaim").

25   In Elite Entertainment, Inc. v. Khela Bros. Entertainment, 227 F.R.D. 444

26   (E.D. Va. 2005), the court similarly struck the defendant's amended counterclaims

27   that were filed without leave of court, reasoning that:

28   / / /

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

Plaintiffs' fourth amended complaint did not add any new claims nor did it expand the scope or theory of the case; to the contrary, plaintiffs eliminated most of the claims alleged in the third amended complaint, re-alleging only the breach of contract and unjust enrichment claims they had included in every version of their complaint, and streamlined their factual allegations.  In contrast, defendants seek to add six new claims under four new theories of liability and two new claims for relief, including punitive damages.  To be sure, defendants are entitled to file an amended counterclaim "in response to" plaintiffs' amended complaint if they wish to clarify and simplify the factual allegations contained therein or to remove claims previously alleged.  What they may not do as of right, however, is amend their counterclaim to bring new claims never previously alleged. ***Because the fourth amended complaint did not expand the scope or theory of the case, defendants are not entitled to raise without cause additional claims they failed to raise previously or to expand the scope of the case***.  Id. at 447 (emphasis added).

Similarly here, there is nothing "new" about Pom's First Amended Complaint to warrant <u>any</u> new factual allegations by Ocean Spray in its Answer and Counterclaims, or to justify any expansion of the scope of this case to include new facts, new theories of liability, or new Pom products.  Plaintiff's First Amended Complaint simply omitted two paragraphs of superfluous allegations from Pom's original complaint.  Not a single word more, legal theory, or fact, was added.

Indeed, Ocean Spray's new allegations broaden the scope of this case beyond what Pom has even been permitted to do in discovery.  The Court has already denied Pom all discovery regarding any Ocean Spray product other than its 100% Juice Cranberry and Pomegranate product.  <u>See</u> Docket No. 104.  It has also denied Pom any discovery on Ocean Spray's advertising, marketing, and research with respect to the health benefits of cranberries and Ocean Spray's cranberry juice products.  <u>See</u> Docket No. 182.  Ocean Spray, however, has now added not just "Lite Pom" to its counterclaims (<u>see</u> Allayee Decl., Exh. 4, pgs. 20-22, ¶¶ 57-58), but has expanded its unclean hands defense to include <u>all</u> of Pom's "beverage

1   products" and not just its 100% juice product as previously alleged. <u>Id.</u>, pgs. 4-6, ¶
2   50.
3       Ocean Spray has no legitimate basis for expanding the scope of its own case
4   in this manner, when Pom has expressly not been permitted to do the same.
5   Nevertheless, Ocean Spray quietly -- and indisputably <u>without</u> leave of Court --
6   inserted brand new factual allegations in its Answer and Counterclaims relating to
7   other Pom products never involved in this case and purported misrepresentations
8   and misleading statements unique to those products.  This should not be permitted.
9   These are significant differences from Ocean Spray's prior pleading, and they
10  constitute new defenses and legal theories regarding which Pom had no prior
11  notice.
12      During the meet and confer process, Ocean Spray contended that it has not
13  added new claims but has merely "enhanced" and elaborated its existing claims
14  with additional facts.  This argument has no merit.  These additional facts are not
15  mere elaborations.  Rather, they add new, specific factual allegations of which Pom
16  was not aware, and therefore did not question Ocean Spray in discovery with
17  respect to the basis of its claims regarding Lite Pom, or the basis of its claims that
18  Pom's products are mislabeled with respect to water as an ingredient or being from
19  concentrate.  The scope of Ocean Spray's existing allegations, prior to this
20  unauthorized amendment, determined the manner in which Pom challenged Ocean
21  Spray's defenses and claims through discovery and expert witness designation,
22  among other things.
23      Further, the authority cited herein demonstrates that a party responding to an
24  amended complaint may not go beyond the scope of the amendment by adding
25  claims and allegations that are totally unrelated to same.  Given that the scope of
26  Pom's amended complaint was no different than its original complaint, there was
27  nothing "new" to which Ocean Spray was entitled to respond with brand new
28  allegations.

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1    Accordingly, Ocean Spray's new allegations should be stricken.

2    **D.    Ocean Spray Did Not Have Good Cause For Its Amended**

3           **Pleading.**

4           As Ocean Spray itself argued in opposition to Pom's motion to amend its

5    complaint in January 2011, the Court's February 2010 Scheduling Order provides

6    that the last day to "amend the pleadings" was February 1, 2010.  See Docket No.

7    67; Allayee Decl., ¶ 4, Exh. 5.  In its same opposition, Ocean Spray pointed out

8    that where a case management scheduling order under Federal Rule of Civil

9    Procedure 16(b) sets a deadline for amending pleadings and that deadline has

10   passed, the scheduling order must be modified to allow any amendment, and such

11   modification requires leave of court and a showing of "good cause."  See Fed. R.

12   Civ. Proc. 16(b)(4)("A schedule may be modified only for good cause and with the

13   judge's consent"); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.

14   2000), citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.

15   1992) ("Under Rule 16(b), [plaintiffs] must show good cause for not having

16   amended their complaints before the time specified in the scheduling order

17   expired. [citation omitted]. This standard 'primarily considers the diligence of the

18   party seeking the amendment.'").

19          Ocean Spray itself has not met the standard of "good cause" for its amended

20   pleading.  First, there is no reason why Ocean Spray could not have sought leave

21   earlier to include its new allegations in its unclean hands defense.  Indeed, Ocean

22   Spray's counsel made the exact same arguments in support of Defendant Welch

23   Foods, Inc.'s unclean hands defense against Pom in *Pom Wonderful LLC v. Welch*

24   *Foods, Inc.*, Case No. CV-09-00567 AHM (AGRx) (the "Welch's Action").  As a

25   published decision from a year ago in the Welch's Action makes clear, Ocean

26   Spray's counsel, Greenberg Traurig, made the same arguments in support of

27   Welch's unclean hands defense as Ocean Spray now alleges against Pom:

28   / / /

---

10    PLAINTIFF'S MOTION TO STRIKE
      DEFENDANT'S ANSWER AND COUNTERCLAIMS

"The wrongful conduct of Pom that Welch alleges in support of its unclean hands defense is:

- Pom's failure to disclose that its 100% pomegranate juice product at one point contained elderberry:

- Pom's sale of juice blends that, at one point, contained juices other than those identified in the product name;

- Pom's failure to list 'water' as an ingredient in its 100% pomegranate juice and juice blends, which contain approximately three-fourths water;

- Pom's obscuring of the term 'from concentrate' on its bottles and in its advertisements;

- Pom's use of an advertisement that purports to show Pom's juice going straight from whole fruit into bottles (from 'Tree to Bottle'), when in fact the juice goes through many more steps prior to being bottled." See Pom Wonderful LLC v. Welch Foods, Inc., 737 F. Supp. 2d 1105, 1109 (C.D. Cal. 2010).

Ocean Spray's amended unclean hands defense now includes these same allegations. See Docket No. 186; Allayee Decl., ¶ 3, Exh. 4, pg. 5:15-6:8. It has no good cause for why it has delayed a year in including the above new allegations in its unclean hands defense, and more so, for doing so without leave of Court.

As stated above, Ocean Spray has also expanded the scope of its unclean hands defense by alleging that all of Pom's "brand beverage products" are now the subject of its defense. Id., pg. 5:4, 8, and 10-11. As in the Welch's Action, Ocean Spray's original unclean hands defense was expressly limited to one Pom product, its "100% pomegranate juice beverage product." See Docket No. 35; Allayee Decl., ¶ 5, Exh. 6, pg. 6:8,12-13, and 15. Ocean Spray again has no good cause for waiting until now, until the very end of discovery, to include every single Pom "beverage product" as part of its unclean hands defense.

1    By the same token, Ocean Spray has no good cause for its delay in adding

2    one and a half pages of new factual allegations in its Counterclaims that broaden

3    the scope of Ocean Spray's claims to include yet another Pom product – Lite Pom.

4    Including Lite Pom adds a new factual element, and potential arguments and

5    counterarguments, that were not addressed in discovery.  Lite Pom is not a 100%

6    juice product.  Now that discovery is closed, however, Pom has had no chance to

7    conduct discovery on Ocean Spray's basis for including this product in its

8    counterclaims, or for example the propriety of Ocean Spray's allegations that

9    Pom's use of the phrases "daily dosage" or "dosages" on the Lite Pom products are

10   "misleading the public" with respect to the products' health benefits.  See Allayee

11   Decl., ¶ 3, Exh. 4, pgs. 20-21, ¶¶ 57-58.[1]

12   Indeed, given that the survey evidence produced by Ocean Spray experts

13   thus far in this matter is limited to Pom's 100% juice products, not Lite Pom, it is

14   even more perplexing as to why Ocean Spray would add this product to its claims

15   now when the parties have never conducted discovery on whether any Lite Pom

16   labels or advertising purportedly "mislead the public."  Nor have the parties had

17   their expert witnesses conducted an analysis of whatever "disgorgement" of Pom's

18   profits, as a remedy under the Lanham Act, Ocean Spray claims it is entitled to

19   based upon sales of Lite Pom.

20   Lite Pom was launched by Pom in June 2011.  Therefore, Ocean Spray had

21   long before the very last minute, right at the discovery cutoff, to seek leave to

22   amend its counterclaims to include this product.  Ocean Spray took no such action,

23   and instead, waited until after discovery was already over.  This does not

24

25   [1]That Ocean Spray has even inserted new allegations that would require further
26   discovery is very likely motivated by Ocean Spray's improper request for a Rule
     16 conference so that it can delay every date remaining in this case including the
27   trial date.  This type of conduct should not be rewarded with either permission to
     include new allegations, or with any further delays of this matter.  The time to
28   broaden the scope of this case is over.

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1  demonstrate "good cause."   Accordingly, Ocean Spray's new allegations should

2  be stricken.

3      **E.      Allowing Ocean Spray's New Allegations To Stand Would Be To**

4              **Pom's Prejudice.**

5          Addition of these new allegations at this juncture would also prejudice Pom.

6  As discussed above, there has been no discovery on these new factual allegations.

7  Allowing these allegations to stand would require the parties to engage in further

8  discovery and motion practice.  See Coleman, 232 F.3d at 1295, citing Lockheed

9  Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir.1999)("A

10 need to reopen discovery and therefore delay the proceedings supports a district

11 court's finding of prejudice from a delayed motion to amend the complaint.");

12 Regent Nat'l Bank, 1998 WL 961377, *4 (E.D. Pa. 1998)("[T]he amended answer

13 will cause prejudice to the Plaintiff by necessitating additional discovery, expense,

14 and time.  The amended answer will delay the trial or eventual resolution of this

15 matter by several months, if not years.").

16         This action has been pending for two and a half years.  Trial is set for

17 November 15, 2011.  Discovery is now closed.  Adding new factual allegations at

18 this late date, particular without leave of court, is entirely unjustified.  It not only

19 constitutes a failure to comply with the rules of this Court, it will cause Pom

20 serious prejudice because Pom has conducted no discovery on these new

21 allegations and had no notice that such discovery was necessary.  Ocean Spray

22 waited until discovery was over to notify Pom that it intended to make these new

23 allegations a part of its case.  For this reason as well, Ocean Spray's new

24 allegations should be stricken.

25 **IV.   CONCLUSION**

26         Ocean Spray indisputable failed to timely file its Answer and Counterclaims.

27 For this reason alone, its Answer and Counterclaims should be stricken in their

28 entirety.  If not stricken altogether, Ocean Spray's new allegations should certainly

---

13

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S ANSWER AND COUNTERCLAIMS

1  be stricken.  Ocean Spray was not authorized to insert new allegations into its

2  pleading without leave of Court.  Nor can Ocean Spray claim that its Answer and

3  Counterclaims were merely amended in light of the allegations of Pom's amended

4  complaint.  In fact, Pom's amended complaint contained no new allegations at all;

5  it merely omitted two paragraphs of allegations from Pom's original complaint.

6        For the foregoing reasons, Pom respectfully requests that the Court issue an

7  Order striking Ocean Spray's Answer and Counterclaims to Plaintiffs' First

8  Amended Complaint, or alternatively, striking all of the new factual allegations

9  that were inserted into the Answer and Counterclaims without leave of court,

10  without good cause, and to Pom's prejudice.

11

12  Dated:  August 17, 2011            ROLL LAW GROUP, P.C.

13

14                                     By:   /s/ Azadeh Allayee
15                                        AZADEH ALLAYEE
                                          Attorneys for Plaintiff
16                                        POM WONDERFUL LLC

17

18

19

20

21

22

23

24

25

26

27

28