RICK L. SHACKELFORD (SBN 151262)
ADAM SIEGLER (SBN 116233)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Tel: (310) 586-7700; Fax: (310) 586-7800
E-mail: *ShackelfordR@gtlaw.com*
        *SieglerA@gtlaw.com*

August T. Horvath, Pro Hac Vice
Steven P. Caley, Pro Hac Vice
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178-0002
Tel: (212) 808-7528; Fax: (212) 808-7897
E-mail: *AHorvath@kelleydrye.com*

Attorneys for Defendant and Counterclaimaint,
Ocean Spray Cranberries, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>              Plaintiff,<br><br>vs.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV09-00565 DDP (RZx)<br><br>**SUMMARY JUDGMENT MOTION #3**<br><br>**[PUBLIC REDACTED]**<br><br>**OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MSJ AS TO PREEMPTION AND PRECLUSION**<br><br>Date:         October 3, 2011<br>Time:         10:00 am<br>Ctrm:         3<br>Judge:        Dean D. Pregerson<br><br>Complaint Filed:   January 23, 2009<br>Trial Date:        November 15, 2011 |

1

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56-1 and 56-2, Defendant and Counterclaimant Ocean Spray Cranberries, Inc. ("Ocean Spray") hereby submits this Reply Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment as to Preemption.  Unless otherwise noted, references to Exhibits refer to the concurrently filed Supplemental Declaration of August Horvath

## I.    STATEMENT OF UNCONTROVERTED FACTS, RESPONSES, AND REPLIES

| UNCONTROVERTED MATERIAL FACT | POM'S RESPONSE | OCEAN SPRAY'S REPLY |
|---|---|---|
| 1.   The only  product at issue in Pom's Complaint is Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend. | Undisputed that Ocean Spray's 100% Juice Cranberry & Pomegranate product is the only specific Ocean Spray product addressed by Pom's complaint. Disputed, however, that this product alone and its advertising are the only evidentiary bases for Pom's claims. Ocean Spray's other pomegranate juice products were advertised in a manner which evidences Ocean Spray's knowledge of | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute."  Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original).

For the purpose of |

1

LA 129,856,527

consumer interest in pomegranate juice, and Ocean Spray's conscious exploitation of that interest by, in part, trading off and copying Pom's advertising. *See* Allayee Decl., Exh G at p. 28 (



Allayee Decl., Exh. G at p. 32.

Also disputed that the

preclusion and preemption, there is no genuine disputed about the Ocean Spray product that is at issue. Pom's reference to

[See Supp. Horvath Decl., Exh. 3 (Romanzi Depo. Tr.) at 266:3-268:8

.]

**Response to Evidentiary Objections:** Finally, advertising materials related to other Ocean Spray's other products is inadmissible. [*See* Evidentiary Objections at ¶ 2.]

2

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| | product's name is "Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend." As its label shows, the product was actually named "100% Juice Cranberry & Pomegranate." See Additional Material Facts ("AMF") 9-17, below. **Evidentiary objections**: Vague and ambiguous as to the meaning of the phrase "at issue." | |
| 2. The characterizing flavors for Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend are cranberry and pomegranate. | Disputed. Ocean Spray's  | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute." Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, |

3

LA 129,856,527

*See* Allayee Decl, Exh. H at pp. 39-4 1 (OSPOM00026477-79) (                              ); *id.*, Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (Supervisor in Consumer Affairs Department at Ocean Spray, authenticating document).

Malcolm Knight, Pom's Vice President of Product Development & Quality,

2008) (emphasis in original).

"Characterizing flavor" is a legal term of art used by the FDA, not a subjective statement of what a juice product tastes like. *See, e.g.*, 21 C.F.R. § 102.33(d)(1).

Moreover, Malcolm Knight's opinion on the flavors of an Ocean Spray product is inadmissible as irrelevant and improper expert opinion. [*See* Evidentiary Objections at ¶¶ 12-14.] Hand picked excerpts from consumer logs are likewise insufficient to create a triable issue of fact on the topic. Pom has conducted no survey and has presented no expert opinion on the characterizing flavors of

4

1 

Ocean Spray's product.



As its evidentiary

support, Ocean Spray's

separate statement cites to

deposition testimony

5



Ocean Spray's other citation consists of deposition testimony Khan Decl., Exh. K at p. K-123. Again, *See* Allayee Decl., Exh. L at pp.

6

LA 129,856,527

| | |
|---|---|
| 1 | 56-57 (Levine Depo. at |
| 2 | 12:19-13:21). |



**Evidentiary objections**:

vague and ambiguous as to

"characterizing flavors";

improper opinion evidence;

lack of foundation; hearsay.

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

*LA 129,856,527*

| | | |
|---|---|---|
| 3. The ingredient list for Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend identifies all of the juices in the product in descending order based on their relative percentage in the product. | Disputed. The ingredient list for Ocean Spray's 100% Juice Cranberry & Pomegranate indicates that the order of the juices contained in the product is grape juice, apple juice, plum juice, cranberry juice and pomegranate juice. Ocean Spray's ██████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ *See* Allayee Decl., Exh. M at p. 61 (Ocean Spray's Response to Pom's interrogatory no. 1). As its attempted evidentiary support for this disputed point, Ocean Spray cites only to the deposition testimony of | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute."  Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original). There is obviously no disagreement between the cited ingredient list and the discovery response, |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| | Lawrence J. Martin.  *See* Allayee Decl., Exh. N at p. 66 (Martin Depo. Tr. at 23:24-24:13). **Evidentiary objections:** Improper opinion evidence; lack of foundation; hearsay. | Misstates the document; irrelevant.  [*See* Evidentiary Objections at ¶ 4.] |
| 4.   Pom's expert opinions | Disputed. In addition to expressing the opinion , Dr. Liu expresses many opinions regarding | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a |

9



dispute." Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original).

Khan Decl., Exh. C. at p. C-74 (Liu Report at p. 6.) Dr. Liu relies on

Pom has not cited or quoted any of its experts for the opinion or conclusion

Neither the quoted portions of Dr. Liu's report

Khan Decl., Exh. C. at p. C-74 (Liu Report at p. 6, quoting text from OSPOM00004838-48).

Furthermore, another of Pom's experts, Tom Bernthal, found

Pom's reference to the Bernthal Declaration is unavailing. Pom states that

10

LA 129,856,527



*Id.*

Thus the failure of Ocean Spray to communicate the percentage of pomegranate juice in its product to consumers is misleading.

Finally, Pom's expert Dr. Deborah Jay

Pom's reliance on the Jay report is dishonest.  The Jay declaration itself states

Dr. Jay's actual report confirms that:

11

LA 129,856,527



. *See* Jay Decl., ¶¶ 7-16.

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion. Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]  Bernthal's declaration is inadmissible as improper expert opinion and irrelevant. [*See* Evidentiary Objections at ¶¶ 23-24.]

**Evidentiary objections**:
Vague and ambiguous as to what it means to

12



| | | |
|---|---|---|
| | ■■■■■■■ | |
| 5.  The opinion of Wendy Liu, Ph.D., addresses the label for Cranberry & Pomegranate Flavored Juice Blend. | Disputed. In addition to expressing the opinion that ■■■■■■■■■■■■, Dr. Liu expresses many opinions regarding ■■■■■■■■■■■■ Khan Decl., Exh. C. at p. C-74 (Liu Report at p. 6.) Dr. Liu relies on ■■■■■■■■■■■ | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute."  Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original). Pom does not dispute or deny that Dr. Liu's opinion addresses the label for Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend |

13



|  |  |  |
|---|---|---|
| ███ | ███ Khan Decl., Exh. C. at p. C-74 (Liu Report at p. 6, quoting text from OSPOM0000483 8-48). **Evidentiary objections**: Vague and ambiguous as to the term "addresses." |  |
| 6.  Dr. Liu's opinion ███ | Disputed. Dr. Liu's report and opinions ███ | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute."  Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original).  Pom does not dispute, deny or even address the statesmen. |

14



| | | |
|---|---|---|
| | *See* Khan Decl., Exh. C at p. C-74 (Liu Report, at p. 6); Allayee Decl., Exh. O at pp. 73-74 (Liu Depo. Tr. at 89:25- 91:24). However, Dr. Liu considered | |
| | *See* Khan Decl., Exh. C. at p. C-77 (Liu Report at p. 9). | |
| 7.   The survey by Dr. Deborah Jay | Disputed. Dr. Jay's survey | Pom has not demonstrated a material dispute of fact. Party opposing summary judgment "must . . . specify[] what facts are controverted and state[e] the *evidence* showing such a dispute."  Weil & Brown, |

15



Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶14:102, p. 14-32 (rev. #1, 2008) (emphasis in original).

*See* Jay Decl., ¶¶ 7-16. It is undisputed, however, that Dr. Jay's survey

Regardless of how Dr. Jay's survey results are characterized

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]

*Id.*, ¶¶ 9, 16.

| 8.   Stewart Resnick, testified that | Undisputed. | N/A |

16

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

*LA 129,856,527*

## II. RESPONSES TO POM'S STATEMENT OF ADDITIONAL MATERIAL FACTS

| POM'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE | OCEAN SPRAY'S REPLY |
|---|---|---|
| 9. Ocean Spray used a front label for its 100% Juice Cranberry & Pomegranate product that stated "100% Juice" in the largest font size on the label. | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Undisputed, but irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 10. Below "100% Juice," the front label stated "Cranberry & Pomegranate" | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Undisputed, but irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 11. To the right of the words "Cranberry & Pomegranate" appeared a circle of text stating "100% Vitamin C", which appeared around an image of a cranberry and a pomegranate. | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Undisputed, but irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 12. Below the words | Allayee Decl., Exh. A at p. | Undisputed, but irrelevant |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| "Cranberry & Pomegranate" appeared a picture of a pomegranate and cranberry. | 5 (photograph of a front and back label for Ocean Spray's product). | (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 13.   The top of the product's back panel displayed the name "100% Juice Cranberry & Pomegranate," without the word "flavor" or "flavoring," and without any reference to the product being a blend of juices other than pomegranate or cranberry. | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Disputed and misrepresents the document. Front label, as depicted by Pom, states "CRANBERRY & POMEGRANATE FLAVORED JUICE BLENDED WITH THREE JUICES FROM CONCENTRATE WITH ADDED INGREDIENTS." Irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 14.   Below the name "100% Juice Cranberry & Pomegranate," the back label stated that "If you're a cranberry or pomegranate lover this juice should make you | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Undisputed, but irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| 100% happy!" | | |
| 15.   Further down, the back label called Ocean Spray's product a "100% cranberry pomegranate juice blend," without qualifying that description by stating that it just meant the product was *flavored* like cranberry and pomegranate juice, or that it contained other juices besides cranberry and pomegranate. | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Disputed and misrepresents the document. Front label, as depicted by Pom, states "CRANBERRY & POMEGRANATE FLAVORED JUICE BLENDED WITH THREE JUICES FROM CONCENTRATE WITH ADDED INGREDIENTS." Irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 16.   The back label of Ocean Spray's product stated that the product was "loaded with antioxidants" and constituted "our tribute to two antioxidant powerhouse fruits – the cranberry and the pomegranate!" | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product). | Undisputed, but irrelevant (label complies with FDCA), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 17.   The label of Ocean Spray's product nowhere | Allayee Decl., Exh. A at pp. 5-6 (photograph of front, | Ocean Spray's label speaks for itself. |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| states the name that Ocean Spray's interrogatory responses contend is supposedly the product's real name: "Cranberry & Pomegranate Flavored 100% Juice Blend." | back, and side labels for Ocean Spray's product, including ingredient list); *id.*, Exh. M at p. 61 (Ocean Spray's response to Pom's interrogatory no. 1, calling the product "Cranberry & Pomegranate Flavored 100% Juice Blend"). | |
| 18.    Ocean Spray's product provides 100% of the R.D.A. for Vitamin C ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮ | Allayee Decl., Exh. A at p. 5 (photograph of a front and back label for Ocean Spray's product, including ingredient list); *id.*, Exh. P at pp. 75-76 (formula for Ocean Spray's product, ▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮); *id.*, Exh. Q at p. 82 (deposition transcript of Kathryn Kaufman at 128:8-25, authenticating formula). | Undisputed, but irrelevant for preclusion/preemption analysis.  Label complies with FDCA, not supported by admissible evidence, and no indication by Pom of when this version of label was used.  Irrelevant.  [*See* Evidentiary Objections at ¶ 5.] |
| 19.    The current formulation of Ocean Spray's 100% Juice Cranberry & Pomegranate | Allayee Decl., Exh. M at p. 61 (Ocean Spray's response to Pom's interrogatory no. 1). | Disputed and mischaracterizes the document.  Pom's statement excludes ▮ Red Grape juice |

LA 129,856,527

| | | |
|---|---|---|
| product contains ███ ████████ ████████ █████████ █████████ ████████ | | from the formula. |
| 20.    Ocean Spray's 100% Juice Cranberry & Pomegranate product has never contained more than ███ pomegranate juice. | Allayee Decl., Exh. M at p. 61 (Ocean Spray's response to Pom's interrogatory no. 1). | Undisputed. |
| 21.    Nowhere did or does Ocean Spray's label identify the numerical percentage of each juice it contains. | Allayee Decl., Exh. A at pp. 5-6 (photograph of front, back, and side labels for Ocean Spray's product). | Undisputed, but irrelevant (FDCA does not require product to identify percentage of each juice), not supported by admissible evidence, and no indication by Pom of when this version of label was used. |
| 22.    Ocean Spray's 100% Juice Cranberry & Pomegranate product contains added natural flavors. | Allayee Decl., Exh. P at p. 75 (formula for Ocean Spray's product); id., Exh. Q at p. 82 (deposition transcript of Kathryn Kaufman at 128:8-25, authenticating formula). | Undisputed, but irrelevant for preclusion/preemption analysis.  [*See* Evidentiary Objections at ¶ 5.] |
| 23.    Ocean Spray's 100% Juice Cranberry & | Allayee Decl., Exh. P at p. 75 (formula for Ocean | Undisputed, but irrelevant for preclusion/preemption |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| Pomegranate product ███████████ ████████. | Spray's product); *id.*, Exh. Q at p. 82 (deposition transcript of Kathryn Kaufman at 128:8-25, authenticating formula). | analysis. [*See* Evidentiary Objections at ¶ 5.] |
| 24.    The document produced by Ocean Spray entitled "████████ ███████████ █████████████ ██████████ ██████████████ ██████████████ ██████████ ████████████ ███████████ █████████████ ██████████████ ██████████ ██████ █████████████ ███████████████ ██████████ | Khan Decl., Exh. I at p. I-110 (the Declaration of Adhil Khan was filed by Ocean Spray in support of its motion for summary judgment). | Undisputed, but irrelevant. Pom has adduced no evidence that Exh. I nor any other statement in the press was ever even seen by a single consumer, much less was somehow material to the decision to buy Ocean Spray's product instead of Pom's.  In fact, it was directed at media, and there is no evidence that this press release was distributed to the public. |
| 25.    The document produced by Ocean Spray entitled "Ocean Spray | Khan Decl., Exh. I at p. I-110. | Undisputed, but irrelevant. Pom has adduced no evidence that Exh. I nor any other |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

*LA 129,856,527*

| | | |
|---|---|---|
| Premium 100% Juice Cranberry & Pomegranate Q&A" stated that "Cranberries & Pomegranates – two of the highest anti-oxidant fruits – come together to make this 100% juice blend that helps to cleanse and purify the body." | | statement in the press was ever even seen by a single consumer, much less was somehow material to the decision to buy Ocean Spray's product instead of Pom's.  In fact, it was directed at media, and there is no evidence that this press release was distributed to the public. |
| 26.    The document produced by Ocean Spray entitled ▉▉▉▉▉ ▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉ ▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉ ▉▉▉▉▉ | Khan Decl., Exh. I at I-110. | Undisputed, but irrelevant. Pom has adduced no evidence that Exh. I nor any other statement in the press was ever even seen by a single consumer, much less was somehow material to the decision to buy Ocean Spray's product instead of Pom's.  In fact, it was directed at media, and there is no evidence that this press release was distributed to the public. |
| 27.    An Ocean Spray internal document ▉▉▉▉ | Allayee Decl., Exh. R at p. 95 (OSPM00005746, at | Undisputed, but mischaracterizes the |

24

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | |
|---|---|---|
| ██████ 5758). | | document, which reads: ███████ |
| 28.   An Ocean Spray internal document ████ ██████ | Allayee Decl., Exh. R at p. 86 (OSPM00005746, at 5749). | Undisputed.  Irrelevant for preemption/preclusion analysis.  [*See* Evidentiary Objections at ¶ 6.] |
| 29.   An Ocean Spray internal document ████ | Allayee Decl., Exh. R at p. 86 (OSPM00005746, at | Undisputed.  Irrelevant for preemption/preclusion |

[*See* Evidentiary Objections at ¶ 6.]

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| ██████████ | 5749). | analysis. [*See* Evidentiary Objections at ¶ 6.] |
| 30.    Ocean Spray announced its new 100% Juice Cranberry & Pomegranate product with a press release ████ ████████████ | Khan Decl. at p. I-113. | Undisputed, but irrelevant. Pom has adduced no evidence that Exh. I nor any other statement in the press was ever even seen by a single consumer, much less was somehow material to the decision to buy Ocean Spray's product instead of Pom's. In fact, it was directed at media, and there is no evidence that this press release was distributed to the public. |
| 31.    The press release stated ██████████ | Khan Decl. at p. I-113. | Undisputed, but irrelevant. Pom has adduced no evidence that Exh. I nor any other |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| 1 ▬▬▬▬ | | statement in the press was |
| 2 ▬▬ | | ever even seen by a single |
| 3 ▬▬ | | consumer, much less was |
| 4 ▬▬▬ | | somehow material to the |
| 5 ▬▬▬▬ | | decision to buy Ocean |
| 6 ▬▬▬ | | Spray's product instead of |
| 7 | | Pom's.  In fact, it was |
| 8 | | directed at media, and there is |
| 9 | | no evidence that this press |
| 10 | | release was distributed to the |
| 11 | | public. |
| 12  32.    The press release | Khan Decl. at p. I-113. | Undisputed, but irrelevant. |
| 13 stated ▬▬▬ | | Pom has adduced no evidence |
| 14 ▬▬ | | that Exh. I nor any other |
| 15 ▬▬▬ | | statement in the press was |
| 16 ▬ | | ever even seen by a single |
| 17 ▬▬ | | consumer, much less was |
| 18 ▬▬▬ | | somehow material to the |
| 19 ▬▬▬ | | decision to buy Ocean |
| 20 ▬▬▬ | | Spray's product instead of |
| 21 | | Pom's.  In fact, it was |
| 22 | | directed at media, and there is |
| 23 | | no evidence that this press |
| 24 | | release was distributed to the |
| 25 | | public. |
| 26  33.    The press release | Khan Decl. at p. I-113. | Undisputed, but irrelevant. |
| 27 stated ▬▬▬ | | Pom has adduced no evidence |
| 28 | | |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

*LA 129,856,527*

| | | |
|---|---|---|
| 1 ████████ | | that Exh. I nor any other |
| 2 ██████ | | statement in the press was |
| 3 ████████ | | ever even seen by a single |
| 4 | | consumer, much less was |
| 5 | | somehow material to the |
| 6 | | decision to buy Ocean |
| 7 | | Spray's product instead of |
| 8 | | Pom's.  In fact, it was |
| 9 | | directed at media, and there is |
| 10 | | no evidence that this press |
| 11 | | release was distributed to the |
| 12 | | public. |
| 13  34.    Ocean Spray sent e-<br>14 mails to its customers<br>15 stating that "we are<br>16 thrilled to welcome our<br>17 newest addition to our<br>18 100% juice line up, the<br>19 new anti-oxidant<br>20 powerhouse Ocean Spray<br>21 100% Juice Cranberry &<br>22 Pomegranate." | Allayee Decl., Exh. S at p.<br>102. | Undisputed.<br><br>Inadmissible and irrelevant.<br>[*See* Evidentiary Objections<br>at ¶ 7.] |
| 23  35.    Ocean Spray's<br>24 webpage currently<br>25 promotes the product as<br>26 "100% Juice Cranberry<br>27 Pomegranate Blend," with | Allayee Decl., Exh. B at p. 7<br>(current webpage for 100%<br>Juice Cranberry &<br>Pomegranate product). | Disputed. Referenced exhibit<br>depicts the product name as<br>follows:<br><br>"100% Juice Cranberry |

28

28

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

| | | |
|---|---|---|
| separate text below stating "flavored blend of five juices." | | Pomegranate Blend<br>*Flavored Blend of 5 Juices*" |
| 36.   The webpage states that "It's 100% juice made with the sweet taste of pomegranates and crisp, clean taste of real cranberries straight from the bog." | Allayee Decl., Exh. B at p. 7 (current webpage for 100% Juice Cranberry & Pomegranate product). | Undisputed, but irrelevant to preemption/preclusion analysis. |
| 37.   Although the webpage has a link for viewing "nutrition info," that link does not disclose the product's ingredient list, which Ocean Spray does not disclose anywhere on the webpage. | Allayee Decl., Exh. B at p. 7 (current webpage for 100% Juice Cranberry & Pomegranate product). | Undisputed, but irrelevant. No legal requirement to include ingredient list on website.  Ingredient list available on product label. |
| 38.   Nowhere does Ocean Spray's webpage disclose any of the other ingredient juices that actually compose the great majority of its 100% Juice Cranberry & Pomegranate product. | Allayee Decl., Exh. B at p. 7 (current webpage for 100% Juice Cranberry & Pomegranate product). | Undisputed, but irrelevant. No legal requirement to include ingredient list on website.  Ingredient list available on product label. |
| 39.   Ocean Spray's | Allayee Decl., Exh. T at p. | Undisputed.  Inadmissible |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| Chief Operating Officer, Kenneth Romanzi, stated in a February 21, 2008 e-mail ▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮ | 103; *id.*, Exh. U at pp. 109-110 (Romanzi Depo. Tr. at 260:21-263:11) (authenticating e-mail, and confirming that his comment referred to Ocean Spray's Cranberry Pomegranate juice blend product). | and irrelevant. [*See* Evidentiary Objections at ¶ 8.] |
| 40.    Ocean Spray's Chief Officer, Kenneth Romanzi, testified at his deposition as follows regarding the sales of its Cranberry Pomegranate juice: ▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮ ▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮ | Allayee Decl., Exh. U at p. 110 (Romanzi Depo. Tr. at 262:4-263:11). | Undisputed, except as to mischaracterization of Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend. |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| 41. Under the subject header ▮▮▮▮▮▮▮▮▮▮ | Allayee Decl., Exh. V at p. 119 (OSPOM00008059). | Undisputed, except as to mischaracterization of Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend.<br><br>Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ .] |
| 42. Ocean Spray ran television advertising that ▮▮▮▮▮▮▮▮ | Allayee Decl., Exh. G at p. 28 (OSPOM00024421); *id.* Exh. N at pp. 67-70 (Martin Depo. Tr. at 92:1-94:2; 260:14-263:9) (testimony | Disputed. There is no evidence that these advertising *scripts* were ever used.  Pom's own highlighted excerpts of Mr. Martin's |



31

| | | |
|---|---|---|
| 1 | regarding Ocean Spray's television advertisements). | deposition transcript state: |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | [Allayee Decl., Exh. N (Martin Depo. Tr.) at 262:21-263:2.]  Mr. Romanzi likewise testified that |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | [*See* Supp. Horvath Decl., Exh. 3 (Romanzi Depo. Tr.) at 266:3-268:8.]  Thus, Pom's statement that Ocean Spray "ran" this ad is untrue and unsupported. |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | Misstates the document; irrelevant.  [*See* Evidentiary Objections at ¶ 4.] |
| 25 | | |
| 26 | | |
| 27 | 43.    Ocean Spray ran | Allayee Decl., Exh. G at p. | Disputed. There is no |
| 28 | | | |

32

television advertising that said:

██████████
████████████
██████████████████
██████████████████
███████████████████
██████████████
██████████████
████████████████
████████████████
█████████
██████████████
██████████████
████████

32 (OSPOM00024421); *id.* Exh. N at pp. 67-70 (Martin Depo. Tr. at 92:1-94:2; 260:14-263:9) (testimony regarding Ocean Spray's television advertisements).

evidence that these advertising **scripts** were ever used. Pom's own highlighted excerpts of Mr. Martin's deposition transcript state: ██

██████████████
██████████████
█████████████
███████████████████
███████████████
████████████

[Allayee Decl., Exh. N (Martin Depo. Tr.) at 262:21-263:2.] Mr. Romanzi likewise testified that ████

███████████████
██████████████████
████████████
█████████████████

██████████ [*See* Supp. Horvath Decl., Exh. 3 (Romanzi Depo. Tr.) at 266:3-268:8.] Thus, Pom's statement that Ocean Spray "ran" this ad is untrue and unsupported.

---

33

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| | | Misstates the document; irrelevant. [*See* Evidentiary Objections at ¶ 4.] |
| 44. ███████ ███████████ ███████████ █████ ███████████ ███████████ ███████████ █████ | Allayee Decl., Exh. W at pp. 131-32 (Exh. 1049); *id.*, Exh. J at p. 49 (Bieg Depo. Tr. at 55:17-56:25) (authenticating Exh. 1049 report). | Undisputed, but ████████ ████████████████ ████████████████ ████████████████ ██. Irrelevant for preclusion/preemption analysis. [*See* Evidentiary Objections at ¶ 10.] |
| 45.  An internal summary of the comments that Ocean Spray had received ████████ ███████████ █████████ ███████████ | Allayee Decl., Exh. W at p. 132 (Exh. 1049); *id.*, Exh. J at p. 49 (Bieg Depo. Tr. at 55:17-56:25 ) (authenticating Exh. 1049 report). | Undisputed, but conflates ████████████ ████████████████ ████████████████ ██  Irrelevant for preclusion/preemption analysis. [*See* Evidentiary Objections at ¶ 10.] |
| 46.  An internal summary of the comments that Ocean Spray had received ████████ █████ ███████████ ███████████ | Allayee Decl., Exh. W at p. 131 (Exh. 1049); *id.*, Exh. J at p. 49 (Bieg Depo. Tr. at 55:17-56:25 ) (authenticating Exh. 1049 report). | Undisputed, but conflates ████████████████ ████████████████ ████████████████ ██  Irrelevant for preclusion/preemption analysis. [*See* Evidentiary |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| ████████████ | | Objections at ¶ 10.] |
| ████████████ | | |
| 47.   Ocean Spray recorded the following consumer contact that it received: ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ | Allayee Decl., Exh. I at p. 45 (OSPOM00027958). | Undisputed. However, the consumer comment ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| 48. ▮▮▮▮▮ | Allayee Decl., Exh. H at p. 39 (OSPOM00026477) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▮▮▮▮▮▮ |
| ▮▮▮▮▮ Ocean Spray recorded the following consumer contact that it received: | | |
| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

*LA 129,856,527*



| | | |
|---|---|---|
| 49. ▇ | Allayee Decl., Exh. H at p. 39 (OSPOM00026477) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▇<br><br>Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 50. ▇ | Allayee Decl., Exh. H at p. 39 (OSPOM00026477) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▇ |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3 |
|---|---|---|
| 51. ████████ | Allayee Decl., Exh. H at p. 40 (OSPOM00026478) (data for the month from 3/1/09-4/4/09); *id.*, Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment |
| ████████ Ocean Spray recorded the following consumer contact that it received: | | ████████ |



| | | |
|---|---|---|
| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 52. | Allayee Decl., Exh. H at p. 40 (OSPOM00026478) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment |
| Ocean Spray recorded the following consumer contact that it received: | | |
| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | |
|---|---|---|
| 53. ▇▇▇▇ | Allayee Decl., Exh. H at p. 40 (OSPOM00026478) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▇▇▇▇▇▇▇▇ |
| ▇▇▇▇ Ocean Spray recorded the following consumer contact that it received: | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| 54. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮ ▮▮▮▮ Ocean Spray recorded the following consumer contact that it received: ▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮ | Allayee Decl., Exh. H at p. 40 (OSPOM00026478) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮▮ ▮▮▮ <br><br> Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 55. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮ Ocean Spray recorded the following consumer contact that it received: ▮▮▮▮ ▮▮▮ | Allayee Decl., Exh. H at p. 41 (OSPOM00026479) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮▮ ▮▮▮ |

41

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| ▇▇▇▇▇ | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 56. ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇ ▇▇▇ Ocean Spray recorded the following consumer contact that it received: ▇▇▇▇ ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇ ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇. | Allayee Decl., Exh. H at p. 41 (OSPOM00026479) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇ ▇▇▇▇ ▇▇▇▇▇ ▇▇▇ <br><br> Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 57. ▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇ | Allayee Decl., Exh. H at p. 41 (OSPOM00026479) (data for the month from 3/1/09-4/4/09); id., Exh. J at | Undisputed. However, the consumer comment demonstrates ▇▇▇ ▇▇▇▇▇ |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | |
|---|---|---|
| Ocean Spray recorded the following consumer contact that it received: | p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | |
| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |
| 58. Ocean Spray recorded the following consumer contact that it received: | Allayee Decl., Exh. H at p. 41 (OSPOM00026479) (data for the month from 3/1/09-4/4/09); id., Exh. J at p. 50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report) | Undisputed. However, the consumer comment |
| | | Irrelevant to preemption/preclusion analysis. [*See* Evidentiary Objections at ¶ 3.] |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | |
|---|---|---|
| 59.          ██████ | Allayee Decl., Exh. H at p. 41 (OSPOM00026479) (data for the month from 3/1/09-4/4/09); id., Exh. J at p.50 (Bieg Depo. Tr. at 158:11-159:9) (discussing report). | Undisputed. However, the consumer comment ██████ |
| █████████ Ocean Spray recorded the following consumer contact that it received: | | |
| | | Irrelevant to preemption/preclusion analysis.  [*See* Evidentiary Objections at ¶ 3 |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| 1 | ▮▮▮▮▮▮▮ | |
| 2 | ▮▮▮▮▮▮▮ | |
| 3 | 60.    ▮▮▮▮▮ | Allayee Decl., Exh. H at p. | Undisputed. However, the |
| 4 | ▮▮▮▮▮▮▮▮ | 41 (OSPOM00026479) | consumer comment |
| 5 | ▮▮▮▮▮▮ | (data for the month from | |
| 6 | ▮▮▮▮▮ | 3/1/09-4/4/09); id., Exh. J at | ▮▮▮▮▮▮▮ |
| 7 | ▮▮▮▮ Ocean Spray | p. 50 (Bieg Depo. Tr. at | ▮▮▮▮▮▮▮ |
| 8 | recorded the following | 158:11-159:9) (discussing | ▮▮▮▮▮ |
| 9 | consumer contact that it | report). | ▮▮▮▮▮▮ |
| 10 | received: | | ▮▮▮▮▮ |
| 11 | ▮▮▮▮ | | ▮▮▮▮▮▮▮ |
| 12 | ▮▮▮▮▮▮ | | ▮▮▮▮ |
| 13 | ▮▮▮▮▮ | | |
| 14 | ▮▮▮▮▮ | | Irrelevant to |
| 15 | ▮▮▮▮▮ | | preemption/preclusion |
| 16 | ▮▮▮▮▮▮ | | analysis.  [*See* Evidentiary |
| 17 | ▮▮▮▮ | | Objections at ¶ 3.] |
| 18 | ▮▮ | | |
| 19 | 61.    ▮▮▮▮▮ | Allayee Decl., Exh. H at p. | Undisputed. However, the |
| 20 | ▮▮▮▮▮▮▮ | 41 (OSPOM00026479) | consumer comment |
| 21 | ▮▮▮▮▮ | (data for the month from | |
| 22 | ▮▮▮▮ | 3/1/09-4/4/09); id., Exh. J at | ▮▮▮▮▮ |
| 23 | ▮▮▮▮ Ocean Spray | p. 50 (Bieg Depo. Tr. at | ▮▮▮▮▮▮ |
| 24 | recorded the following | 158:11-159:9) (discussing | ▮▮▮▮▮ |
| 25 | consumer contact that it | report). | ▮▮▮▮ |
| 26 | received: | | ▮▮▮▮▮▮ |
| 27 | ▮▮▮▮▮ | | ▮▮▮▮▮ |
| 28 | | | ▮▮▮▮▮ |

45

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

| | | |
|---|---|---|
| 1 | ███████████ | █████████ |
| 2 | ████████████ | |
| 3 | ████████████ | Irrelevant to |
| 4 | ████████████ | preemption/preclusion |
| 5 | ████████████ | analysis.  [*See* Evidentiary |
| 6 | ████████████ | Objections at ¶ 3.] |
| 7 | ████████████ | |
| 8 | ██████████ | |
| 9 | ██████████ | |
| 10 | ██████████ | |
| 11 | ████████████ | |
| 12 | ██████████ | |
| 13 | █████████ | |
| 14 | ████████████ | |
| 15 | ██████████ | |
| 16 | ██████████ | |
| 17 | ████████ | |
| 18 | ██████████ | |
| 19 | 62.    Dr. E. Deborah Jay | Jay Decl., ¶¶ 1-2. | Disputed. Statements are |
| 20 | is President and Chief | | purportedly supported only |
| 21 | Executive Officer of Field | | by Dr. Jay's own testimony |
| 22 | Research Corporation, a | | and contain many subjective |
| 23 | San Francisco-based | | elements. |
| 24 | research firm specializing | | |
| 25 | in marketing and public | | |
| 26 | opinion surveys.  Dr. Jay | | |
| 27 | has more than 30 years of | | |
| 28 | | | |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| experience conducting large-scale surveys of all types (e.g., mail, telephone and in-person), including surveys for public agencies, nonprofit organizations, private companies and law firms. Dr. Jay has conducted numerous surveys on behalf of both plaintiffs and defendants in trademark and advertising disputes. Dr. Jay has testified in state and federal courts and has been qualified by many courts as an expert in survey methodology. | | |
| 63.     Dr. Jay conducted a consumer survey (the "Field Survey") ██████ ██████████████ ██████████ ██████████████ ██████████ ██████ | Jay Decl., ¶¶ 7-8. | Disputed. Statement is purportedly supported only by Dr. Jay's own testimony. ██████████████ ██████████████. Ocean Spray has no basis to confirm that ████████ ████ |

47

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| ████████ ███████ | | Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion. Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.] |
| 64. Half the qualifying respondents for the Field Survey ████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ | Jay Decl., ¶ 9. | Disputed. ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527



| | | | |
|---|---|---|---|
| 1 | | | preclusion.  Inadmissible and |
| 2 | | | irrelevant. [*See* Evidentiary |
| 3 | | | Objections at ¶ 16.] |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | 65. | Jay Decl., ¶ 12. | Disputed. |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

49

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF
UNCONTROVERTED FACTS



[See Supp. Horvath Decl. Exh. 4.]

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]

66.     Jay Decl., ¶ 13.     Disputed.

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS



[See Supp. Horvath Decl. Exh. 4.]

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]

67.     Jay Decl., ¶ 14.     Disputed.

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS



. [See Supp. Horvath Decl. Exh. 4.]

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]

68.                Jay Decl., ¶ 15.            Disputed.

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS



[See Supp. Horvath Decl. Exh. 4.]

Notably, Pom admits that surveys responses

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.]

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

*LA 129,856,527*

| | | |
|---|---|---|
| 69.    It is Dr. Jay's opinion, based on her analysis of the Field Survey, her professional experience, and her education, that █████ ████████ ████ ███████████ ████████████ ██████████ ████████ ███████ █████ ████████ ████ █████ ████████ ████ ███████ █████████ █████████ █████████ ████████ ██████████ ██████████ █████████ | Jay Decl., ¶ 16. | Disputed.  While conclusions stated in an expert report might be a proper statement of fact, a person's opinions are not.

Notably, confirms that Dr. Jay's expert opinion █████ ███████████ ██████████ ██████████ ███████████ █████████ ████

Jay declaration is inadmissible because it is methodologically flawed, and irrelevant to preemption or preclusion.  Inadmissible and irrelevant. [*See* Evidentiary Objections at ¶ 16.] |

54

| | | |
|---|---|---|
| ██████ ██████ ██████ █████ █████ | | |
| 70.    Tom Bernthal is a Founding Partner in the Market Research and Consumer Insights Firm, Kelton Research. | Bernthal Decl., ¶ 1. | Undisputed but irrelevant.<br><br>Bernthal declaration is inadmissible as improper expert opinion and irrelevant. [*See* Evidentiary Objections at ¶¶ 23-24.] |
| 71.    Tom Bernthal conducted a survey (the "Kelton Survey██████ ████ ██████ ██████ ████████ █████ Pomegranate product. | Bernthal Decl., ¶ 2. | Disputed. No basis to know if this accurately describes who took the survey. Irrelevant.<br><br>Bernthal declaration is inadmissible as improper expert opinion and irrelevant. [*See* Evidentiary Objections at ¶¶ 23-24.] |
| 72.    ████ █████ ██████ ██████ ██████ | Bernthal Decl., ¶ 2. | Bernthal declaration is inadmissible as improper expert opinion and irrelevant. [*See* Evidentiary Objections at ¶¶ 23-24.] |

55

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

| | | |
|---|---|---|
| | | |
| 73.   When told, hypothetically, ▮▮▮▮▮▮▮▮ | Bernthal Decl., ¶ 3. | Bernthal declaration is inadmissible as improper expert opinion and irrelevant. [*See* Evidentiary Objections at ¶¶ 23-24.] |
| 74.   Ocean Spray changed the label of its 100% Juice Cranberry & Pomegranate product in | Allayee Decl., Exh. X at pp. 142-43 (Laich Depo. Tr. at 96:22-98:22). | Disputed.  Deposition excerpts presented by Pom demonstrate that witness has no personal knowledge |

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS

LA 129,856,527

| | | |
|---|---|---|
| response to Pom's lawsuit. | | regarding change of Ocean Spray label and reasons for supposed change. [Allayee Decl., Exh. X at pp. 142-43 (Laich Depo. Tr. at 96:22-98:22).]<br><br>Inadmissible; hearsay; now foundation; irrelevant. [*See* Evidentiary Objections at ¶ 11.] |

DATED:  September 19, 2011          GREENBERG TRAURIG, LLP


By:    *//s//:  Rick L. Shackelford*
           Rick L. Shackelford
           Attorneys for Defendant & Counterclaimant,
           Ocean Spray Cranberries, Inc.

[PUBLIC REDACTED] MSJ: #3: OCEAN SPRAY'S REPLY STATEMENT OF UNCONTROVERTED FACTS