RICK L. SHACKELFORD (SBN 151262)
ADAM SIEGLER (SBN 116233)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Tel: (310) 586-7700; Fax: (310) 586-7800
E-mail: *ShackelfordR@gtlaw.com*
*SieglerA@gtlaw.com*

AUGUST T. HORVATH, Pro Hac Vice
STEVEN P. CALEY, Pro Hac Vice
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178-0002
Tel: (212) 808-7528; Fax: (212) 808-7897
E-mail: *AHorvath@kelleydrye.com*

Attorneys for Defendant and Counterclaimant,
Ocean Spray Cranberries, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POM WONDERFUL LLC, a Delaware limited liability company,

Plaintiff,

vs.

OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendant.

AND RELATED COUNTERCLAIM

Case No. CV09-00565 DDP (RZx)

**MOTION IN LIMINE NO. 4**

**[PUBLIC REDACTED]**

**NOTICE OF MOTION AND MOTION IN LIMINE, OF DEFENDANT OCEAN SPRAY TO EXCLUDE THE EXPERT OPINION OF SHELDON BRADSHAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: October 31, 2011
Time: 10:00 am
Ctrm: 3
Judge: Dean D. Pregerson

Complaint Filed: January 23, 2009
Trial Date: November 15, 2011

**PLEASE TAKE NOTICE** that Defendant and Counterclaimant Ocean Spray Cranberries, Inc. will make a Motion in Limine on October 31, 2011 at 10:00 a.m., in Courtroom 3 of the above entitled Court, located 312 N. Spring Street, Los Angeles, California, before the Honorable Dean D. Pregerson, to exclude at trial any reference to the expert opinion of Sheldon Bradshaw, Esq.

This Motion should be granted because Sheldon Bradshaw is not a qualified expert in any scientific or technical field, but instead is merely one of POM's lawyers. Holding himself out as an expert on food and drug law and regulation, Bradshaw proffers an expert legal opinion on the significance of FDA warning letters and various advertising self-regulatory decisions adverse to his client, POM. In this, Bradshaw is no different from any other lawyer, and his expert report is simply a legal brief. His opinion is therefore inappropriate and inadmissible as that of an expert witness because it is the province of the judge, not a party's expert, to instruct the jury on the law.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of August Horvath, the pleadings and papers on file in this action, and on such further evidence and argument as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: October 11, 2011

GREENBERG TRAURIG, LLP

By: *//s//: Rick L. Shackelford*
Rick L. Shackelford
Attorneys for Defendant & Counterclaimant,
Ocean Spray Cranberries, Inc.

## I. STATEMENT OF FACTS

POM served the purported expert report of Sheldon T. Bradshaw, J.D., on November 12, 2010. Bradshaw is an attorney and partner and the law firm of Hunton & Williams LLP. [Declaration of August T. Horvath ("Horvath Decl."), ¶3, Exh. 1 at 2.] He has no medical or other relevant educational qualifications beyond his law degree. His relevant experience consists of having worked at the Food & Drug Administration (FDA) and in counseling clients and lecturing on FDA enforcement topics. [*See id.* at 2-5.] This experience is typical of many lawyers practicing in the food and drug regulatory field.

In his expert report, Bradshaw stated [redacted] Self-evidently, all of these opinions concern areas of law and regulation, and not any scientific or technical field outside of law.

## II. ARGUMENT

### A. <u>**Federal Rule of Evidence 702 Does Not Permit Lawyers to Promote Themselves to Expert Witnesses.**</u>

It is well established that expert testimony consisting only of legal conclusions is improper. In *CFM Communications, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005), the court excluded the testimony of a proposed expert as to the meaning and application of the FCC's regulations, holding that "[t]hough expert testimony is appropriate where scientific, technical, or other specialized knowledge will assist the trier of fact, expert testimony consisting of legal conclusions is generally inappropriate." *Id.*

"It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge. As Professor Wigmore has observed, expert testimony on law is excluded because 'the tribunal does not need the witness' judgment. . . . [T]he judge (or the jury as instructed by the judge) can determine [the law] equally well.' The special legal knowledge of the judge makes the witness' testimony superfluous." *Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 508-509 (2nd Cir. 1977), quoting VII Wigmore on Evidence § 1952, at 81. "[I]t is not for witnesses to instruct the jury [on the law], but for the court." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1258 (2nd Cir. 1987).

**B. Bradshaw Is Merely a POM Lawyer and His Expert Report Is Merely a Brief.**

**1.** [redacted]

As Bradshaw testified in his deposition [redacted]

Bradshaw subsequently was retained to serve as an expert witness for POM [redacted]



Bradshaw's status as "[A]n expert witness 'is expected to give his own honest, independent opinion,' such that '[h]e is not the sponsoring party's agent at any time merely because he is retained as its expert witness.'" *Durham v. County of Maui*, No. 08-00342, 2011 WL 3053043 at *2 (D. Haw. July 25, 2011), citing *Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997). Courts have "the inherent power to disqualify expert witnesses to protect the integrity of the adversary process." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004).

These requirements of an expert witness contradict the requirements of the D.C. Rules of Professional Conduct, Rule 1.3 of the D.C. Rules ("Diligence and Zeal") provides that "A lawyer shall represent a client zealously and diligently within the bounds of the law" and that a lawyer shall not intentionally "prejudice or damage a client during the course of the professional relationship." [Horvath Decl., ¶ 5, Exh. 3.] Under this rule, Even without reference to these formal



ethical rules, it is a foregone conclusion that

**2. Bradshaw's Expert Report Is Merely A Legal Brief.**

Bradshaw's first and most important opinion is

Bradshaw then discusses

In closing, Bradshaw concludes, [redacted]

**3. Bradshaw's Similar Expert Opinion Was Excluded in the *Welch's* Case.**

In *POM Wonderful LLC v. Welch Foods, Inc.*, CV-09-00567 AHM (AGRx), POM sought to introduce an expert report and testimony by Bradshaw similar to what is proffered here. Welch's moved *in limine* to exclude Bradshaw's expert opinion on the same grounds as here, and its motion was granted by Judge Matz on August 31, 2010. [*See* Horvath Decl., ¶ 6, Exh. 4.] Judge Matz ruled that it would be "utterly inappropriate and irrelevant to permit Bradshaw to testify. He's a lawyer. He's giving legal opinions about things that don't even require legal rulings and that no lawyer can purport to explain to a jury." [*Id.*] Judge Matz concluded that to the extent there might be an issue on the legal significance [redacted]

Judge Matz's reasoning was sound, and should be followed in this case.

## III. CONCLUSION

For the foregoing reasons, the expert opinion and proposed testimony of Sheldon Bradshaw should be excluded from the trial of this matter.

Dated: October 11, 2011

GREENBERG TRAURIG, LLP

By: *//s//: Rick L. Shackelford*
Rick L. Shackelford
Attorneys for Defendant & Counterclaimant,
Ocean Spray Cranberries, Inc.