O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation,<br><br>　　　　　Defendant. | ) Case No. CV 09-00565 DDP (RZx)<br>)<br>)<br>) **ORDER GRANTING PLAINTIFF'S MOTION**<br>) **FOR SUMMARY JUDGMENT RE:**<br>) **COUNTERCLAIMS**<br>)<br>)<br>)<br>)<br>) [Dkt. Nos. 213, 238]<br>)<br>) |

　　Presently before the court is Plaintiff Pom Wonderful LLC ("Pom")'s Motion for Summary Judgment Re: Ocean Spray's Counterclaims. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.　Background**

　　As described in this court's earlier orders, Plaintiff Pom Wonderful LLC ("Pom") filed a complaint against defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") alleging false advertising and unfair competition claims related to Ocean Spray's marketing of

its "100% Juice Cranberry and Pomegranate" product (the "Juice"). (First Amended Complaint ("FAC" ¶18.) The complaint alleges that Ocean Spray misled consumers to believe that the Juice contains significant quantities of cranberry and pomegranate juice, despite the fact that the Juice is comprised largely of apple and grape juice. (FAC ¶¶ 19-22.)

Ocean Spray filed an Answer and counterclaims, including claims for false advertising and unfair competition. (Counterclaim ¶¶ 59-85.) The counterclaim alleges that Pom falsely advertises that Pom's pomegranate juice has health-related benefits. (Counterclaim pp. 11-22.) Ocean Spray further alleges that Pom's false statements have deceived the public and caused injury to Ocean Spray. (Counterclaim ¶¶ 61, 64-65.) Pom now seeks summary judgment on the Counterclaim.

**II. Legal Standard**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

2

party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 242.

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

As an initial matter, the court observes that Ocean Spray has conceded that it competes with Pom. (Opposition to Pom's Motion for Summary Judgment at 6.) Pom moves for summary judgment on the ground that Ocean Spray has failed to show any evidence that it has suffered actual injury.

A. Money damages

Ocean Spray acknowledges that it has no evidence that Pom's false advertising "had any measurable impact on [Ocean Spray's]

3

sales or profits." (Opp. at 7.) In a similar vein, Ocean Spray recognizes that "there are so few dollars in real damages at stake" that Ocean Spray cannot quantify them. (Opp. at 8.)

Ocean Spray argues, however, that it need not show actual injury to prevail on its false advertising claims for damages. Generally, in a false advertising suit for money damages, "actual evidence of some injury <u>resulting from the deception</u> is an essential element of the plaintiff's case." <u>Harper House, Inc. v. Thomas Nelson, Inc.</u>, 889 F.2d 197, 210 (9th Cir. 1989).[1] Nevertheless, Ocean Spray is correct that, in the absence of actual damages, this court has the discretion to permit monetary relief based on the totality of the circumstances. <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134, 1146 (9th Cir. 1997).

Ocean Spray has not provided any explanation, however, why the totality of the circumstances support money damages here. To the contrary, it appears that Ocean Spray benefitted from Pom's allegedly deceptive conduct. Ocean Spray's Chief Operating Officer testified that strong sales of Ocean Spray's pomegranate-flavored product were attributable, at least in part, to the popularity of pomegranate juice resulting from Pom's advertising efforts. Absent any indication that monetary damages would be compensatory, this court sees no reason to depart from the general principle that "an award of profits with no proof of harm is an uncommon remedy in a false advertising suit." <u>TrafficSchool.com, Inc. v. Edriver, Inc.</u>, 2011 WL 3198226 *7 (9th Cir. July 28, 2011).

---

[1] Ocean Spray's state law counterclaims also require a showing of injury in fact and loss of money or property. Cal. Bus. & Prof. Code §§ 17204, 17535.

4

An award of profits without proof of harm <u>is</u> "appropriate in false <u>comparative</u> advertising cases, where it's reasonable to presume that every dollar defendant makes has come directly out of plaintiff's pocket." <u>Id.</u>  In such cases, injury can be presumed because "a misleading comparison to a specific competing product necessarily diminishes that product's value in the minds of the consumer." <u>McNeilab Inc. v. Am. Home Products Corp.</u>, 848 F.2d 34, 38 (2nd Cir. 1988); <u>Mutual Pharmaceutical Co. v. Ivax Pharmaceuticals, Inc.</u>, 459 F.Supp.2d 925, 944-945 (C.D. Cal. 2006). ("Outside the context of comparative advertisements (that is, those that make no direct reference to a competitor's product), a presumption of irreparable injury to a party is unwarranted."). Cognizant of this principle, Ocean Spray argues that this case is a comparative advertising case.  (Opp. at 14.)

The court disagrees.  Ocean Spray points to no evidence, nor even alleges, that any of Pom's false or misleading advertisements specifically refer to Ocean Spray's Juice by name.  Ocean Spray points to Pom's comparison of Pom products to "other drinks, including red wine, green tea, blueberry juice and cranberry juice cocktail."  (Exhibit 43 to Declaration of August Horvath.) Regardless whether, as Ocean Spray asserts, cranberry juice cocktail is Ocean Spray's "primary product" or "is readily associated in the minds of consumers with Ocean Spray," Pom's reference to a generic product or class of products does not exhibit the specificity required of a comparative advertisement.

Nor does Pom's "Pomegranate Truth" website constitute a false comparative advertisement.  The website features images of three non-Pom beverages, including Ocean Spray's Juice (referred to as

5

Cranberry & Pomegranate Juice). (Horvath Dec., Ex. 53.) Below the image of each competing product, the website lists each product's respective ingredients. Ocean Spray does not allege, let alone show, that any of the statements on the website are false or misleading. Had Pom made some false comparative statement regarding Ocean Spray's Juice, the use of an image of the Juice's bottle would likely be sufficiently specific to constitute a comparative advertisement. The website, however, makes no misleading statement of the type described in Ocean Spray's counterclaim. Rather, the website accurately lists the Juice's ingredients. Because neither the website nor any other Pom statement constitutes a false comparative advertisement, an award of profits is not appropriate in this case absent proof of some harm.

B. Injunctive Relief

A "competitor need not prove injury when suing to enjoin conduct . . . ." Harper House, 889 F.2d at 210. A plaintiff seeking injunctive relief need only show that it is likely to be injured as a result of a false statement. Southland Sod, 108 F,3d at 1139; Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186, 191 (2d. Cir. 1980). Here, however, Ocean Spray has not shown even a likelihood that it will be harmed by Pom's allegedly false statements. As discussed above, Ocean Spray has, if anything, benefitted from Pom's misleading statements regarding the healthful properties of pomegranate juice, as evinced by the strong sales of Ocean Spray's pomegranate-flavored Juice. Thus, because no reasonable jury could find that Ocean Spray is likely to suffer future harm, summary judgment is warranted.

**IV. Conclusion**

For the reasons stated above, Pom's Motion for Summary Judgment Re: Ocean Spray's Counterclaims is GRANTED.

IT IS SO ORDERED.

Dated: October 12, 2011

DEAN D. PREGERSON
United States District Judge

7