O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, | ) ) ) | Case No. CV 09-00565 DDP (RZx) |
| | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| Plaintiff, | ) ) | **TO STRIKE ANSWER** |
| v. | ) ) | |
| OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation, | ) ) ) | [Dkt. No. 200] |
| Defendant. | ) ) ) | |

Presently before the court is Plaintiff Pom Wonderful LLC
("Pom")'s Motion to Strike Answer and Counterclaims.  Having
considered the submissions of the parties and heard oral argument,
the court denies the motion and adopts the following order.

**I.   Background**

In January 2009, Pom filed a complaint against defendant Ocean
Spray Cranberries, Inc. ("Ocean Spray") alleging false advertising
and unfair competition claims related to Ocean Spray's marketing of
its "100% Juice Cranberry and Pomegranate" product ("the Juice").
(Complaint ¶ 18.)  The complaint alleged that Ocean Spray misled

consumers to believe that the Juice contains significant quantities of cranberry and pomegranate juice, despite the fact that the Juice is comprised largely of apple and grape juice.  (Compl. ¶¶ 19-22.) Ocean Spray filed an answer and counterclaims, including claims for false advertising and unfair competition, in July 2009.  (Dkt. No. 35.) Ocean Spray's answer included an affirmative defense of unclean hands, based on 1) Pom's failure to list ingredients in order of predominance and 2) Pom's promotion of the health benefits of its 100% pomegranate juice product.  (Id. at ¶ 52.)

On July 1, 2011, this court granted Pom leave to amend its complaint and required Pom to file the amended complaint within twenty days.  (Dkt. No. 180.)  Pom filed its First Amended Complaint ("FAC") on July 12, 2011.  (Dkt. No. 181.)  The FAC deleted two paragraphs regarding Pom's role in the establishment of the market for pomegranate juice from the original complaint, which otherwise remained unchanged.  Ocean Spray attempted to file an Amended Answer and Counterclaims on July 29, 2011, but filed the document incorrectly.  (Dkt. No. 192.)  Ocean Spray properly filed the Amended Answer and Counterclaims (hereinafter "Answer") on August 3, 2011.

The Answer included new factual allegations not present in Ocean Spray's answer to the original complaint.  The Answer expanded Ocean Spray's affirmative defenses by alleging, for the first time that Pom mislead consumers by (1) failing to disclose that water is a primary ingredient of "POM Wonderful brand beverage products," (2) failing to disclose that Pom's product is made from concentrate, and (3) misrepresenting that Pom products are fresh squeezed into bottles, when in fact Pom makes its juice from

concentrate.  (Answer pp. 4-5, ¶ 50.)  Pom now moves to strike Ocean Spray's Answer and counterclaims.[1]

## II.  Discussion

As an initial matter, the court will consider the Answer as timely filed.  The FAC was filed on July 12, and Ocean Spray filed (albeit incorrectly) the Answer within the prescribed time period. See Fed. R. Civ. P. 6(d), 15(a)(3).

In filing its FAC, Pom deleted information from its original complaint, and did not add any new allegations or expand the scope of its claims.  The parties dispute whether Ocean Spray was required under Federal Rule of Civil Procedure 15 to obtain leave from this court before filing its new allegations.  Prior to the 2009 amendments to the Federal Rules of Civil Procedure, courts had held that an amended response may be filed as a matter of right "only when the amended complaint changes the theory or scope of the case." Elite Entertainment, Inc. v. Kela Bros. Entm't, 244 F.R.D. 444, 446 (E.D. Va. 2005).  Following the 2009 amendments, only Rule 15 governs the amendment of a pleading to amend a counterclaim. Adv. Comm. Notes to 2009 Amendments to Fed.R.Civ.P. 15.  Rule 15, however, does not address the question whether a defendant may amend an answer as a matter of right in response to an amended complaint.  No appellate court reached the issue.

Some courts, applying a "permissive approach", have cited Rule 15's liberal pleading standards and allowed defendants to amend as a matter of right regardless of the scope of an amended complaint.

---

[1] This order only addresses Pom's contentions regarding Ocean Spray's new factual allegations with respect to unclean hands. Ocean Spray's counterclaims are address in a separate order of this court.

3

1   See Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC, 2011 WL

2   2261298 *3 (D.Minn. March 21, 2011); Southern New England Tel. Co.

3   V. Global NAPS, Inc., 2007 WL 521162 *2 (D.Conn. February 14,

4   2007).  Rule 15's liberal pleading standard counsels that courts

5   "should freely give leave [to amend] when justice so requires."

6   Fed. R. Civ. P. 15(a)(2).  This policy of favoring amendments must

7   be applied with "extreme liberality."  United States v. Webb, 655

8   F.2d 977, 979 (9th Cir. 1981).

9       This court need not address whether Ocean Spray was required

10  to seek leave to amend its Answer to include new factual

11  allegations regarding its unclean hands defense because even if

12  leave were required, the court would grant leave to amend at this

13  stage.  See Childress v. Liberty Mut. Fire Ins. Co., 2011 WL

14  2071200 *2 (W.D. Wash. May 25, 2011) (Addressing leave to amend

15  because "[i]t would unduly waste time and resources to strike the

16  new claims and require [defendant] to file a motion raising the

17  same issues already before the Court.")  Leave to amend should be

18  granted with "extreme liberality" in order "to facilitate decision

19  on the merits, rather than on the pleadings or technicalities."

20  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981); See In re

21  Korean Air Lines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011)

22  (listing factors relevant to amendment analysis).  Pom, by its own

23  admission, was not surprised by these new allegations.  Because Pom

24  will not be prejudiced by the inclusion of the new allegations, the

25  court grants Ocean Spray leave to amend its answer.

26  ///

27  ///

28  ///

**III.   Conclusion**

        For the reasons stated above, Pom's Motion to Strike is DENIED
with respect to Ocean Spray's answer.

IT IS SO ORDERED.


Dated: October 12, 2011

                                        DEAN D. PREGERSON
                                        United States District Judge