1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Ste. 2200
3  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
4  Facsimile:  310-282-2200

5  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
6  SOPHIE N. FROELICH (SBN 213194)
   sfroelich@roll.com
7  Roll Law Group P.C.
   11444 West Olympic Blvd, 7th Floor
8  Los Angeles, California 90064-1557
   Telephone:  310-966-8400
9  Facsimile:  310-966-8810

10 BERTRAM FIELDS (SBN 24199)
   bfields@ggfirm.com
11 GREENBERG GLUSKER FIELDS
        CLAMAN & MACHTINGER LLP
12 1900 Avenue of the Stars, 21st Floor
   Los Angeles, CA  90067
13 Telephone:  310-553-3610
   Facsimile:  310-553-0687

14
   Attorneys for Plaintiff
15 POM WONDERFUL LLC

16                    UNITED STATES DISTRICT COURT

17                    CENTRAL DISTRICT OF CALIFORNIA

18 POM WONDERFUL LLC,                    ) Case No. CV-09-00565 DDP (RZx)
                                          )
19        Plaintiff,                      ) **PLAINTIFF POM WONDERFUL**
                                          ) **LLC'S OPPOSITION TO MOTION**
20        vs.                             ) ***IN LIMINE* NO. 4 OF DEFENDANT**
                                          ) **OCEAN SPRAY TO EXCLUDE**
21                                        ) **EXPERT OPINION OF SHELDON**
   OCEAN SPRAY CRANBERRIES,              ) **BRADSHAW**
22 INC., et al.,                          )
                                          ) Hon. Dean D. Pregerson
23        Defendants.                     )
                                          ) **Date:      October 31, 2011**
24                                        ) **Time:      11:00 a.m.**
                                          ) **Place:     Courtroom 3**
25                                        )
                                          )
26 ─────────────────────────────

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Ocean Spray's Motion *in Limine* No. 4 to Exclude the Expert Opinion of Sheldon Bradshaw attempts to hamstring Pom from defending against Ocean Spray's effort to improperly argue various legal and regulatory matters to the jury: That Pom failed to comply with federal Food and Drug Administration ("FDA") regulations, that Pom engaged in "fraudulent and illegal" advertising activities, and that agencies including the "FDA, FTC, NAD and ASA" issued "decisions" adverse to Pom with respect to these matters. As long as Ocean Spray is permitted to introduce such evidence and argument in an attempt to establish Pom's alleged wrongdoing – which Ocean Spray should not be permitted to do, as set forth in Pom's own motions *in limine*, then Pom has a perfect right to rebut that evidence and argument with testimony from Mr. Bradshaw, who is unquestionably an expert of the highest caliber in these areas. Accordingly, Ocean Spray's motion should be denied.

## II.   FACTUAL BACKGROUND

On October 11, 2011, Ocean Spray filed its Memorandum of Contentions of Fact and Law in this case. (Docket No. 350.) This Memorandum laid bare Ocean Spray's strategy in this case—launch as many *ad hominem* attacks on Pom as possible, irrespective of whether there is proper support for the attacks, and then hope the jurors view the case as a "circular firing squad" where neither party would be granted the relief it seeks.

Specifically, Ocean Spray stated that it intends to defeat Pom's Lanham Act claim by offering evidence of, in pertinent part:

> "4. Evidence of non-compliance by Pom with FDA labeling regulations and lack of FDA approval for marketing Pom products as drugs.
>
> * * * * * * * * * * *

      7. Documents, testimony and expert opinions as to the fraudulent and illegal nature of Pom's advertising and marketing activities.

      8. FDA, FTC, NAD and ASA (in England) notices and decisions."

(Ocean Spray's Memorandum of Contentions of Fact and Law, Docket No. 350, 2:1-8.)

Ocean Spray also intends to offer identical evidence to defeat Pom's Business & Professions Code §17500 claim (Id., 3:13-20) and its Business & Professions Code §17200 claim. (Id., 5:7-14.) Finally, Ocean Spray intends to offer the identical evidence to establish its affirmative defense of unclean hands. (Id., 12:23-13:3.)

In its Memorandum of Contentions, Ocean Spray omits mention of *how* it intends to introduce its so-called evidence regarding these claims and defenses. It omits mention of the fact that it retained Jeffrey Blumberg, a *food scientist*, to opine improperly on Pom's *advertising* of the health benefits associated with its pomegranate juice (presumably to establish "the fraudulent and illegal nature of Pom's advertising and marketing activities"). Similarly, it omits mention of the fact that Blumberg plans to (mis)interpret the NAD, ASA and FDA documents in front of the jury, and to opine that these hearsay documents support his own opinion of the misleading nature of Pom's advertising and marketing. (Blumberg Report, pp. 35-36.) Mr. Bradshaw, the former Chief Legal Counsel for the FDA, who in contrast to Blumberg *is* an expert qualified in the relevant fields, was retained by Pom as a *rebuttal* expert to counter the improper claims Blumberg intends to assert, and the documents Blumberg intends to improperly discuss.

### III. LEGAL DISCUSSION

    **A.   Lawyers are Permitted to be Expert Witnesses in Appropriate Circumstances, Such as Those Present Here**

Ocean Spray's motion cites <u>CFM Communications LLC v. Mitts Telecasting Co.</u>, 424 F.Supp.2d 1229 (E.D. Cal. 2005) for the proposition that "expert testimony consisting *only* of legal conclusions is improper". (OS MIL, 1:21-22.) Pom does

not quarrel with this proposition. However, Mr. Bradshaw's testimony is *not* "legal conclusion". Rather, its purpose is to supply relevant information, in rebuttal, regarding agency *processes, practices and procedures*. <u>CFM Communications</u> recognizes that these are proper areas for expert testimony by lawyers. <u>Id.</u> at 1240. In fact, in <u>CFM Communications</u>, the Court excluded only the specific portions of the witness' anticipated testimony that were pure "legal conclusion" but *denied* the moving party's general motions to exclude the testimony as a whole, to strike the designation as an expert, and to strike the expert report of the attorney. <u>Id.</u> at 1241. There is good reason for the Court to rule similarly here.

### 1. Attorneys with Specialized Knowledge Frequently Testify in Matters Where the Judge Sits as Trier of Fact

In its Memorandum of Contentions, Ocean Spray takes the disingenuous position that evidence concerning Pom's alleged conduct is relevant to defeat Plaintiff's claims in its case-in-chief—this position is clearly contrary to established law. Now that Ocean Spray's counterclaims have been dismissed, Mr. Bradshaw will testify only in connection with the "unclean hands" portion of the case, for which there is no right to a jury trial. And in such judge-tried matters, expert testimony from attorneys with specialized knowledge is far more common than in jury matters. "The concerns about admitting expert legal opinion may be lessened where, as here, a court sits as trier of fact." <u>CFM Communications</u>, at 1233. <u>See also</u> <u>Martin v. Ind. Mich. Power Co.</u>, 292 F.Supp.2d 947, 959 (W.D. Mich.2002) (concluding that dangers that legal expert testimony presents are "minimal if not nonexistent" where a court is the trier of fact).

In this case in particular, the Court has already been candid with the parties that because of the complexities of FTC and FDA regulations, it would be receptive to "being educated" in the subject area as the trial unfolded. In fact, during the MSJ hearing, the Court engaged in an extended back and forth with Ms. Kristina Diaz,

counsel for Pom, about the propriety or rather lack thereof, of the Court allowing "lack of substantiation" and alleged "violations of FDA law" into the case.

Here, Mr. Bradshaw has unique insight into the regulations, agency processes and procedures at issue (if allowed in by the Court), based on his former position as FDA Chief Legal Counsel. Given that his testimony could only be relevant to the judge-tried affirmative defense of unclean hands, the Court would be perfectly justified in taking advantage of Mr. Bradshaw's relevant expertise by permitting his testimony in this case.

### 2. Attorneys Often Give Testimony Regarding Agency Processes, Practices and Procedures

"Where complex administrative processes are at issue, expert testimony can be helpful to explain them to the trier of fact." CFM Communications at 1240.

"Testimony about the process of obtaining FCC approval may prove relevant to a decision about whether to award specific performance. Though the Court is capable of applying FCC law to any relevant facts, [the attorney] may give relevant expert testimony regarding the nature of FCC procedures and practices apart from the law that underlies them." Id.

Mr. Bradshaw's proposed testimony will explain "complex administrative procedures" to the trier of fact. It will provide relevant information "regarding the nature of [FDA and FTC] practices apart from the law that underlies them". Id. For example, a primary purpose of Mr. Bradshaw's testimony is to rebut Ocean Spray's argument (and Mr. Blumberg's opinion) that the FDA warning letter contained "findings" that Pom violated the Food, Drug and Cosmetics Act. Mr. Bradshaw draws upon his years of experience as FDA chief counsel to explain *FDA practices, processes and procedures* regarding warning letters—that they are "informal and advisory", that they typically initiate a dialogue between the FDA and the regulated firm, and that in recent practice, they are not even reviewed by the FDA's Office of the Chief Counsel. (Bradshaw Report at p. 9.)

Thus, under the established case law, Mr. Bradshaw's anticipated rebuttal testimony is entirely proper. Ocean Spray's cynical motion—which would leave Pom without a viable means to rebut Ocean Spray's charges of wrongdoing—should be denied.

### B. Hunton & Williams' Past Representation of a Different Company in an Unrelated Matter Does Not Preclude Mr. Bradshaw from Rendering His Expert Opinions in this Case

Ocean Spray devotes substantial effort to making the entirely unsupported argument that Mr. Bradshaw should be "disqualified" as an expert in this case because his law firm (Hunton & Williams) was previously retained by a different company (Paramount Farms) in connection with an entirely unrelated legal matter (a recall of pistachio nuts).

Simply put, there is no law or logic whatsoever behind Ocean Spray's argument. There is no connection between the past role as an advocate for a pistachio company, and the present one as an expert on behalf of a juice company. Ocean Spray in essence is arguing that Mr. Bradshaw, out of loyalty to his previous pistachio representation, will or has perjured himself in his role as an expert on FDA procedures and processes. The Court should give this argument short shrift.

### C. The Decision Regarding Mr. Bradshaw in *Welch's* is Not Helpful Because *Welch's* was Not a Trial About Health Claims

Ocean Spray also attempts to taint this Court by dredging up the fact that Mr. Bradshaw was excluded as an expert in the *Welch's* case (as was *Welch's* expert). A critical difference, however, between the two cases, is that the issue of "health claims" or Pom allegedly making "unapproved drug claims" was never part of the *Welch's* case that went to trial. Here, Ocean's Spray's primary unclean hands defense (and previously its counterclaims) focuses on Pom's alleged "health claims" and "unapproved drug claims" in violation of the FDCA. Should these arguments be allowed to go forward, Mr. Bradshaw's testimony and expertise will be very much relevant and necessary.

### D. Mr. Bradshaw's Testimony is Necessary to Combat Ocean Spray's Improper Trial Strategy

As set forth in the Factual Background, infra, Ocean Spray has already revealed that it intends to try this case through "evidence of non-compliance by Pom with FDA labeling regulations", "lack of FDA approval for marketing Pom products as drugs", "documents, testimony and expert opinions as to the fraudulent and illegal nature of Pom's advertising and marketing activities", and "FDA, FTC, NAD and ASA… notices and decisions". This "evidence" is slated to be provided largely through testimony of Jeffrey Blumberg, who is a food scientist unqualified to opine on compliance, illegality, or the effect of agency "notices and decisions".

Pom needs to be able to rebut Ocean Spray's improper testimony, and quite naturally, the individual most qualified to provide such rebuttal testimony is an attorney who *is* experienced in the procedures of the agencies involved (and who in fact formerly was Chief Counsel for the FDA). Out of fairness, this Court should not preclude Mr. Bradshaw from providing rebuttal testimony in his proper field of expertise.

## IV. CONCLUSION

For the reasons set forth above, Ocean Spray's Motion *In Limine* No. 4, to exclude the expert opinion of Sheldon Bradshaw, should be denied.

Dated: October 19, 2011                ROLL LAW GROUP P.C.


By: /s/*Christopher Van Gundy*
Christopher Van Gundy
Attorneys for Plaintiff
POM WONDERFUL LLC

{057286.1}