O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation, <br><br>　　　　Defendant. | Case No. CV 09-00565 DDP (RZx) <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RETAX COSTS IN PART** <br><br>[Dkt. No. 615] |

　　This court may allow costs to Defendant as the prevailing party. Fed. R. Civ. P. 54(d). Having considered Defendant's Motion to Retax Costs and heard oral argument, the court grants the motion in part.

　　"Deposition costs are taxable if they are reasonably necessary for trial." Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998); cf. C.D. Cal. L. R. 54-4.6(a). Contrary to Plaintiff's assertion, Defendant was not required to obtain the court's approval prior to incurring these costs. Little Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441. 448 (9th Cir. 1988) ("When

the costs incurred . . . are significant or unusual, a court <u>may</u> properly conclude, in its sound discretion, that . . . the party controlling expenditures should seek the court's approval prior to incurring the expenses." (emphasis added)).  The video deposition costs at issue were reasonably necessary for trial, at which Defendant faced potential liability upward of $30 million. Accordingly, the court allows Defendant $50,076.01 in video deposition costs.

Local Rule 54-4.13 allows taxation of costs for "[s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  C.D. Cal. L.R. 54-4.13(a).  Defendant seeks $144,496.94 in costs for electronic trial presentation services, including work related to a mock trial, provided by FTI Consulting.  Though Defendant contends that work product from the mock trial was ultimately used before the jury (Reply at 3 n.2), the record before the court does not clearly indicate which of those services, if any, were necessary to aid the jury.  Furthermore, FTI's invoices appear to include some duplicative effort among at least nine separate FTI employees, as well as costs such as meals and parking fees.  Accordingly, the court allows half the trial presentation costs sought, in the amount of $72,248.47.  <u>See</u> <u>Shum v. Intel Corp.</u>, 682 F.Supp.2d 992, 1001 (N.D. Cal. 2009) (reducing costs attributable to FTI by half where invoices lacked clarity).

Lastly, Defendant seeks $49,505.04 in discovery costs incurred by Defendant's advertising agency, Arnold Worldwide, in response to Plaintiff's subpoena, and ultimately paid by Defendant.  The court

Case 2:09-cv-00565-DDP -RZ   Document 626   Filed 10/17/12   Page 3 of 3   Page ID
                                     #:17538


may tax costs including "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  As an initial matter, the court is not persuaded that Plaintiff may avoid such costs merely because the costs were incurred by a third party. Arnold Worldwide was only involved in this case by dint of its relationship with Defendant, to whom Arnold likely would have passed the costs at issue in any event.  Furthermore, the incurred expenses were largely the result of Pom's overbroad subpoena to Arnold, which was ultimately quashed by the District of Massachusetts, and Pom's unsuccessful attempt to have Arnold found in contempt.  (Declaration of Adhil Khan, Ex. 3.)  Accordingly, the court allows Defendant these discovery costs.

To summarize, Defendant's motion is granted in part.  The court allows Defendant the video deposition and discovery costs it seeks in the amounts of $50,076.01 and $49,505.04, respectively, but allows only half of the trial presentation expenses requested, in the amount of $72,248.47.  Defendant is entitled to recover $171,829.52 in additional costs described herein.

IT IS SO ORDERED.

Dated: October 17, 2012

DEAN D. PREGERSON
United States District Judge